**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY WILSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, AND JILL WOODWORTH,<br><br>Defendants. | **CASE No.: 1:21-cv-02369-CBA-PK**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GEORGE VAYNER TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |
| LEIGH DRORI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, and JILL WOODWORTH,<br><br>Defendants. | **CASE No.: 1:21-cv-02925-KAM-CLP**<br><br>**<u>CLASS ACTION</u>** |

1

Movant George Vayner ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the above-captioned actions;

(b)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Peloton Interactive, Inc. ("Peloton" or the "Company") securities between September 11, 2020 and May 5, 2021, both dates inclusive (the "Class Period"); and

(c)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On April 29, 2021, the first-filed action was commenced, styled as *Wilson v. Peloton Interactive, Inc., et al.,* case no. 1:21-cv-02369-CBA-PK, against the Company and certain of its current and former officers, for violations under the Exchange Act by Rosen Law. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. Following additional information, Rosen Law filed an amended complaint on May 6, 2021, extending the Class Period to May 5, 2021.

The related action was filed on May 24, 2021, styled as *Drori v. Peloton Interactive, Inc., et al.*, case no. 1:21-cv-02925-KAM-CLP, alleging the same Exchange Act allegations against the same defendants covering the same Class Period.

Defendant Peloton purports to provide interactive fitness products such as the Peloton Bike and the Peloton Tread+ and Tread, which include touchscreens that stream live and on-

2

demand classes. Peloton also provides connected fitness subscriptions and access to live and on-demand classes.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) in addition to the tragic death of a child, Peloton's Tread+ had caused a serious safety threat to children and pets as there were multiple incidents of injury to both; (2) safety was not a priority to Peloton as Defendants were aware of serious injuries and death resulting from the Tread+ yet did not recall or suggest a halt of the use of the Tread+; (3) as a result of the safety concerns, the U.S. Consumer Product Safety Commission ("CPSC") declared the Tread+ posed a serious risk to public health and safety resulting in its urgent recommendation for consumers with small children to cease using the Tread+; (4) the CPSC also found a safety threat to Tread+ users if they lost their balance; (5) Tread featured similar safety concerns; (6) merely reinforcing safety warnings would be insufficient; (7) the CPSC and Peloton would issue a recall of the Tread+ and Tread; (8) issues with the Tread+ and Tread were not patchable via software updates; (9) Defendants were not fully cooperating with the CPSC; (10) as opposed to Defendants' statements, CPSC statements were not misleading nor inaccurate; and (11) as a result of the foregoing, Defendants' statements about Peloton's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then on April 17, 2021, a day the market was closed, the CPSC issued a press release entitled "CPSC Warns Consumers: Stop Using the Peloton Tread+" alerting the public to dangers, including death, associated with the Peloton Tread+. That same day, Peloton issued a press release entitled "PELOTON REFUTES CONSUMER PRODUCT SAFETY COMMISSION CLAIMS: CPSC PUBLISHES MISLEADING, INACCURATE BULLETIN ON TREAD+ PRODUCT SAFETY" which stated, in pertinent part: "The company is troubled

by the Consumer Product Safety Commission's (CPSC) unilateral press release about the Peloton Tread+ because it is inaccurate and misleading. There is no reason to stop using the Tread+, as long as all warnings and safety instructions are followed."

On April 18, 2021, a day the market was closed, in response to the CPSC press release, Defendant Foley published a letter on Peloton's website which stated, amongst other things, that: "You may also have read news reports suggesting that CPSC believes that we should stop selling or recall the Tread+. I want to assure you that we have no intention of doing so. The Tread+ is safe when our warnings and safety instructions are followed[.]"

On this news, Peloton's stock price fell $16.28 per share, or 14%, over the next three trading days to close at $99.93 per share on April 21, 2021, damaging investors.

Then on May 5, 2021, during market hours, the CPSC issued a statement entitled "Statement of Acting Chairman Robert Adler on the Recall of the Peloton Tread + and Tread" which stated the following, in pertinent part: "The agreement, which the Commission voted this morning to accept, requires Peloton to immediately stop selling and distributing both the Tread+ and Tread products in the United States and refund the full purchase price to consumers who wish to return their treadmills." That same day, Peloton posted an article entitled "CPSC and Peloton Announce: Recall of Tread+ Treadmills After One Child Death and 70 Incidents; Recall of Tread Treadmills Due to Risk of Injury" which, among other things, quoted Defendant Foley stating that: "I want to be clear, Peloton made a mistake in our initial response to the Consumer Product Safety Commission's request that we recall the Tread+. We should have engaged more productively with them from the outset. For that, I apologize."

On this news, Peloton's stock price fell $14.08 per share, or 14%, to close at $82.62 per share on May 5, 2021, further damaging investors. As a result of Defendants' wrongful acts and

4

omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

5

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005). To calculate financial loss, the last-in-first-out ("LIFO") methodology is the preferred method. *Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the overwhelming trend both in this district and nationwide has been to use LIFO to calculate such losses."); *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010) ("courts in this district and others have stated a preference for LIFO over FIFO in assessing loss for purposes of the appointment of lead plaintiff.").

Movant lost approximately $35,574 in connection with his transactions in Peloton securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Peloton securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

7

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.      Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.      Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained financial losses from investments in Peloton securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

Movant is currently a realtor and contractor. Previously, he was a telecommunications software engineer for over 20 years. Movant holds a college degree in a computer-related field.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

### III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only

interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and the Class' claims including commencing the first-filed action as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: June 28, 2021              Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Phillip Kim
                                         Phillip Kim, Esq. (PK 9384)
                                         Laurence M. Rosen, Esq. (LR 5733)
                                         275 Madison Avenue, 40th Floor
                                         New York, New York 10016
                                         Telephone: (212) 686-1060
                                         Fax: (212) 202-3827
                                         Email: pkim@rosenlegal.com
                                         Email: lrosen@rosenlegal.com

                                         *[Proposed] Lead Counsel for Movant and Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim