**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASHLEY WILSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, and JILL WOODWORTH,<br><br>Defendants. | Case No. 1:21-cv-02369-CBA-PK<br><br>CLASS ACTION |
| LEIGH DRORI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, and JILL WOODWORTH,<br><br>Defendants. | Case No. 1:21-cv-02925-KAM-CLP<br><br>CLASS ACTION |

**RICHARD NESWICK'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD AND LOCAL COUNSEL**

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT IN SUPPORT OF NESWICK'S MOTION........................ 1

ARGUMENT ...................................................................................................................... 3

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES..................... 3

II.     NESWICK'S MOTION TO BE APPOINTED LEAD PLAINTIFF IS UNOPPOSED
        AND SHOULD BE GRANTED ..................................................................................... 4

        A.      Neswick Is The Presumptive Lead Plaintiff And No Other Movant Has
                Opposed His Appointment.................................................................................. 4

        B.      Neswick Filed a Timely Motion ........................................................................ 5

        C.      Neswick Has the Largest Financial Interest in the Relief Sought by the Class...... 5

        D.      Neswick Meets Rule 23's Typicality and Adequacy Requirements..................... 5

III.    NESWICK'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL ALSO IS
        UNOPPOSED AND SHOULD BE APPROVED............................................................ 7

CONCLUSION.................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................4, 6, 7

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ..........................................................................................6

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...............................4, 7

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ..........................................................................................2

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)....................................2

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...........................................................................................4

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)..........................7

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)...................................................................................................4

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ...........................................................................................7

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
   No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010)........................6

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) ....................................6

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ...........................................................................................4

**Statutes**

15 U.S.C. § 78u-4(a)(3) ................................................................................................3, 4, 5, 7

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)...................................................................................................................6

Richard Neswick ("Neswick") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in further support of his motion for the entry of an order: (1) consolidating the above-captioned actions ("Actions"); (2) appointing Neswick as Lead Plaintiff; and (3) approving Neswick's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel ("Neswick Motion").[1]

**SUMMARY OF THE ARGUMENT IN SUPPORT OF NESWICK'S MOTION**

Neswick has demonstrated in his opening motion papers that consolidation is appropriate and that he meets all the requirements to be appointed lead plaintiff under the PSLRA, including that he has the largest financial interest in the litigation and otherwise meets the requirements of Rule 23. *See* ECF Nos. 25 through 27-4). Neswick's Motion is now unopposed and he respectfully asks the Court to grant his motion to consolidate and appoint him as Lead Plaintiff and his counsel as Lead Counsel.

On June 28, 2021, five motions by shareholders of Peloton Interactive, Inc. ("Peloton" or the "Company") were timely filed with this Court in *Wilson v. Peloton Interactive, Inc.*, No. 1:21-cv-02369-CBA-PK (the "*Wilson* Action)[2] to consolidate the above-captioned actions and to

---

[1]    Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; (3) all capitalized terms shall have the same meaning as in Richard Neswick's Memorandum of Law in Support of His Motion for: (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel (ECF No. 26) (the "Neswick MOL") and (4) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. in Support of Richard Neswick's Motion for: (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel (ECF No. 27).

[2]    The *Wilson* Action was filed on April 29, 2021 and was the first-filed action against Peloton Interactive, Inc. ("Peloton"). The *Wilson* Action asserts claims under Section 10(b) and 20(a) of the Exchange Act with a class period of September 11, 2020 and April 16, 2021. *Wilson*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 (the

be appointed lead plaintiff (and for the appointment of their counsel as lead counsel) under the

PSLRA. The movants argued that consolidation of the *Wilson* Action and *Drori* Action under

Rule 42(a)(2) of the Federal Rules of Civil Procedure was appropriate and that they should be

appointed lead plaintiff on the grounds that each movant had the largest losses and otherwise met

the adequacy and typicality requirements of Fed. R. Civ. P. 23. *See* ECF No. 18 (Motion of Drew

H. Brown, Sr., Jennifer Phung, David C. Millhisler); ECF No. 22 (Motion of George Vayner);

ECF No. 24 (Motion of Melkon Krikorian); ECF No. 25 (Motion of Richard Neswick); ECF No.

28 (Bijan Khamanian).

There is no dispute that the *Wilson* Action and *Drori* Action meet the requirements of

Rule 42 for consolidation, as argued by all movants, and Neswick respectfully asks that the

*Wilson* Action and *Drori* Action be consolidated for all purposes.

Further, none of the other movants oppose Neswick's Motion to be appointed lead

plaintiff. On July 1, 2021, Drew H. Brown, Sr., Jennifer Phung and David C. Millhisler filed a

Notice withdrawing their motion. ECF No. 31 (Notice of Withdrawal of Motion of Drew H.

Brown, Sr., Jennifer Phung, and David C. Millhisler for Consolidation of the Actions,

Appointment as Co-Lead Plaintiffs, and Approval of Selection of Counsel). This Court construed

---

"*Wilson* Compl."). *Drori v. Peloton Interactive, Inc., et al.*, No. 1:21-cv-02925-KAM-CLP (the "*Drori* Action"), was filed on May 24, 2021 and alleges the same allegations and claims as in the *Wilson* Action and asserts a longer class period of September 11, 2020 and May 5, 2021. *Drori*, Class Action Complaint ¶ 1, ECF No. 1 ("*Drori* Compl."). Because the *Wilson* Action and *Drori* Action have not been consolidated, Neswick also filed his Motion and is also filing this Response in the *Drori* Action. All ECF Number references are to the first-filed Wilson Action in which all other movants also filed. For the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *3-4 (S.D.N.Y. Mar. 7, 2016) (finding use of longer class period, which began more than two years prior to the shorter class period, proper for lead plaintiff appointment purposes, and collecting cases).

2

that Notice as a Motion to Withdraw their lead plaintiff motion and granted that motion on July 2, 2021.[3]

On July 8, 2021, Melkon Krikorian ("Krikorian") filed a Notice of Non-Opposition to Competing Motions for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Notice of Non-Opposition") stating that "it appears that Krikorian does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." ECF No. 32.

On July 9, 2021, Bijan Khamanian also filed a Notice of Non-Opposition stating that he "does not oppose the competing motions to appoint a lead plaintiff in the action. Having reviewed the competing motions, Movant does not appear to have the largest financial interest in the relief sought by the class." ECF No. 33.

Finally, also on July 9, 2021, George Vayner also filed a Notice of Withdrawal of His Motion to (1) Consolidate Related Actions, (2) Appoint Lead Plaintiff; and (3) Approve Lead Plaintiff's Selection of Counsel, withdrawing his motion (ECF No. 22) and stating that he "does not appear to have the largest financial interest." ECF No. 34.

As Neswick's Motion is unopposed, Neswick respectfully asks this Court to consolidate the *Wilson* Action and the *Drori* Action and appoint him lead plaintiff and approve his selection of the Faruqi Firm to act as lead counsel.

## ARGUMENT

### I.   THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

As demonstrated in the Neswick MOL, the *Wilson* and *Drori* Actions involve common questions of law or fact and meet the requirements for consolidation under the PSLRA and Rule 42(a). *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision

---

[3]   There is no ECF number noted for this in the docket.

regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered"); *see also Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same); *see also In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007) (finding consolidation appropriate despite differing class periods where the actions are all "securities fraud claims that arise from a common course of conduct[]").

Consequently, Neswick respectfully asks that the Court consolidate the *Wilson* Action and the *Drori* Action for all purposes.

## II. NESWICK'S MOTION TO BE APPOINTED LEAD PLAINTIFF IS UNOPPOSED AND SHOULD BE GRANTED

### A. Neswick Is The Presumptive Lead Plaintiff And No Other Movant Has Opposed His Appointment

Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The presumptive "most adequate plaintiff" is the person who has the "largest financial interest in the relief sought by the class" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As demonstrated in the Neswick MOL – **which is now unopposed by the other movant shareholders** – Neswick should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Neswick holds the largest financial interest of any movant, and Neswick otherwise satisfies Rule 23's typicality and adequacy requirements.

4

**B.       Neswick Filed a Timely Motion**

Counsel for first-filed plaintiff Ashley Wilson published notice of the lead plaintiff deadline via *Business Wire* on April 29, 2021, as required by the PSLRA (15 U.S.C. § 78u-4(a)(3)(A)(i)). *See* Ex. A (ECF No. 27-1). Any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before June 28, 2021. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Neswick timely filed his Motion, with the required certification identifying all of his relevant Peloton trades during the Class Period, and detailing Neswick's suitability to serve as Lead Plaintiff in this case, on June 28, 2021. *See* Ex. B (ECF No. 27-2).

The PSLRA's procedural requirements have therefore been met

**C.       Neswick Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

During the Class Period, Neswick purchased 29,355 net and 29,355 total Peloton shares, expended $3,342,947.40 in net funds and suffered losses of $900,611,37 attributable to the fraud. *See* Ex. B.

As the other competing motions have either been withdrawn or the movants have filed Notices of Non-Opposition, there is no dispute that Neswick is the movant with the largest financial interest in the outcome of this litigation.

**D.       Neswick Meets Rule 23's Typicality and Adequacy Requirements**

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a

potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *see also Blackmoss*, 252 F.R.D. at 191 ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Neswick's claims are clearly typical of the Class's claims. Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Neswick purchased Peloton securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Peloton and certain of its officers under the federal securities laws. Because the factual and legal bases of Neswick's claims are similar to those of the Class's claims, Neswick necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

Neswick also will "fairly and adequately protect the interests of the class" as required under Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no

6

fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, *see* Ex. B, Neswick's interests are perfectly aligned with those of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same).

Further, as discussed below, Neswick has selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class.  The Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. C (ECF No. 27-3). No movant has disputed that Neswick is adequate to represent the Class and has the incentive to maximize the Class's recovery.

In sum, Neswick meets all of the lead plaintiff requirements under the PSLRA and he respectfully asks the Court to appoint him Lead Plaintiff for the consolidated Actions.

### III.    NESWICK'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL ALSO IS UNOPPOSED AND SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

Neswick has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm,[4] and, as reflected in the firm's resume and described in the Neswick MOL at 12-15, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. C.

Further, the Faruqi Firm currently serves as sole lead counsel in several prominent securities class actions. *See, e.g., Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.); *Lowthorp v. Mesa Air Grp., Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[5] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com

---

[4]    *See* Ex. D (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business) (ECF No. 27-4).

[5]    *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

### CONCLUSION

For the foregoing reasons, Neswick respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: July 12, 2021

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:     */s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
          rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*

9