**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASHLEY WILSON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PELOTON INTERACTIVE, INC., JOHN FOLEY, and JILL WOODWORTH, <br><br> Defendants. | Case No. 1:21-cv-02369-CBA-PK <br><br> CLASS ACTION |
| LEIGH DRORI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PELOTON INTERACTIVE, INC., JOHN FOLEY, and JILL WOODWORTH, <br><br> Defendants. | Case No. 1:21-cv-02925-KAM-CLP <br><br> CLASS ACTION |

**RICHARD NESWICK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL**

Richard Neswick ("Neswick") respectfully submits this reply memorandum of law ("Reply") in further support of his unopposed motion for the entry of an order: (1) consolidating the above-captioned actions ("Actions"); (2) appointing Neswick as Lead Plaintiff; and (3) approving Neswick's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel ("Neswick Motion" or "Motion").[1]

## PRELIMINARY STATEMENT

Neswick has demonstrated in his opening Motion (ECF Nos. 25 through 27-4) and his Memorandum of Law in Further Support of His Motion for (1) Consolidation; (2) Appointment as Lead plaintiff; and (3) Approval of Lead Counsel (ECF No. 35) ("Response") that consolidation is appropriate and that he meets all the requirements to be appointed lead plaintiff under the PSLRA, including that he has the largest financial interest in the litigation and otherwise meets the requirements of Rule 23. *See* ECF Nos. 25 through 27-4, 35. No other movant and no defendant has raised any objections to Neswick's Motion and he respectfully asks the Court to grant his motion to consolidate and appoint him as Lead Plaintiff and his counsel as Lead Counsel.

## PROCEDURAL HISTORY AND ARGUMENT

On June 28, 2021, five motions by shareholders of Peloton Interactive, Inc. ("Peloton" or the "Company") were timely filed with this Court in *Wilson v. Peloton Interactive, Inc.*, No.

---

[1]    Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; (3) all capitalized terms shall have the same meaning as in Richard Neswick's Memorandum of Law in Support of His Motion for: (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel (ECF No. 26) (the "Neswick MOL") and (4) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. in Support of Richard Neswick's Motion for: (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel (ECF No. 27).

1:21-cv-02369-CBA-PK (the "*Wilson* Action)[2] to consolidate the above-captioned actions and to be appointed lead plaintiff (and for the appointment of their counsel as lead counsel) under the PSLRA. The movants argued that consolidation of the *Wilson* Action and *Drori* Action under Rule 42(a)(2) of the Federal Rules of Civil Procedure was appropriate and that they should be appointed lead plaintiff on the grounds that each movant had the largest losses and otherwise met the adequacy and typicality requirements of Fed. R. Civ. P. 23. *See* ECF No. 18 (Motion of Drew H. Brown, Sr., Jennifer Phung, David C. Millhisler); ECF No. 22 (Motion of George Vayner); ECF No. 24 (Motion of Melkon Krikorian); ECF No. 25 (Motion of Richard Neswick); ECF No. 28 (Bijan Khamanian).

As discussed in his Motion and Response, there is no dispute that the *Wilson* Action and *Drori* Action meet the requirements of Rule 42 for consolidation, as argued by all movants, and Neswick respectfully asks that the *Wilson* Action and *Drori* Action be consolidated for all purposes. As of the filing of this Reply, no defendants have objected to consolidation of the *Wilson* Action and the *Drori* Action.

---

[2]     The *Wilson* Action was filed on April 29, 2021 and was the first-filed action against Peloton Interactive, Inc. ("Peloton"). The *Wilson* Action asserts claims under Section 10(b) and 20(a) of the Exchange Act with a class period of September 11, 2020 and April 16, 2021. *Wilson*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 (the "*Wilson* Compl."). *Drori v. Peloton Interactive, Inc., et al.*, No. 1:21-cv-02925-KAM-CLP (the "*Drori* Action"), was filed on May 24, 2021 and alleges the same allegations and claims as in the *Wilson* Action and asserts a longer class period of September 11, 2020 and May 5, 2021. *Drori*, Class Action Complaint ¶ 1, ECF No. 1 ("*Drori* Compl."). Because the *Wilson* Action and *Drori* Action have not been consolidated, Neswick also filed his Motion, his Response Motion, and is also filing this Reply in the *Drori* Action. All ECF Number references are to the first-filed Wilson Action in which all other movants also filed. For the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *3-4 (S.D.N.Y. Mar. 7, 2016) (finding use of longer class period, which began more than two years prior to the shorter class period, proper for lead plaintiff appointment purposes, and collecting cases).

Further, as discussed in his Response, the other movants either have withdrawn their motions to be appointed lead plaintiff (Drew H. Brown, Sr., Jennifer Phung and David C. Millhisler at ECF No. 31, and George Vayner at ECF No. 34) or filed Notices of Non-Opposition to Competing Motions (Melkon Krikorian at ECF No. 32 and Bijan Khamanian at ECF No. 33). Further, as of the filing of this Reply, no defendant has objected to Neswick's Motion.

As Neswick's Motion is unopposed, Neswick respectfully asks this Court to consolidate the *Wilson* Action and the *Drori* Action and appoint him lead plaintiff and approve his selection of the Faruqi Firm to act as lead counsel.

## CONCLUSION

For the foregoing reasons, Neswick respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: July 19, 2021                                    Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:    */s/ James M. Wilson, Jr.*
          James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
            rkillorin@faruqilaw.com

3

*Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*

4