UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ASHLEY WILSON, Individually and on behalf of all others similarly situated,

      Plaintiff,

v.

PELOTON INTERACTIVE, INC., JOHN FOLEY, and JILL WOODWORTH,

      Defendants.

Case No. 1:21-cv-02369-CBA-PK

CLASS ACTION

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK UNDER 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    PRELIMINARY STATEMENT ............................................................................................. 1

II.   BACKGROUND .................................................................................................................... 3

      A.    Both the Original Plaintiff and the Lead Plaintiff Have No Connection to This District ................................................................................................................................ 3

      B.    Other Plaintiffs File Related Actions in S.D.N.Y. Alleging Identical Causes of Action Against the Same Defendants in Overlapping Class Periods ..................... 4

III.  ARGUMENT ......................................................................................................................... 5

      A.    This Action Could Have—and Should Have—Been Filed in S.D.N.Y. ................ 5

      B.    A Transfer Promotes Convenience and the Interests of Justice ............................. 6

            1.    Lead Plaintiff's Choice of Forum Is Not Entitled to Deference ................ 7

            2.    Judicial Economy Favors Transfer to S.D.N.Y. ........................................ 8

IV.   CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Atari Interactive, Inc. v. Target Corp.*,
   No. 19-CV-3111(LAK)(OTW),
   2019 WL 6728860 (S.D.N.Y. Dec. 10, 2019) ...........................................................................8

*Brooklyn Downtown Hotel, LLC v. New York Hotel & Motel Trades Council, AFL-CIO*,
   No. 14-CV-6067(ILG)(SMG),
   2015 WL 779441 (E.D.N.Y. Feb. 25, 2015)...............................................................................8

*City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*,
   No. 17-cv-412(SJF)(AKT), 2019 WL 3997354 (E.D.N.Y. Aug. 23, 2019).............................5

*In re Collins & Aikman Corp. Sec. Litig.*,
   438 F. Supp. 2d 392 (S.D.N.Y. 2006).........................................................................................7

*Columbia Pictures Indus., Inc. v. Fung*,
   447 F. Supp. 2d 306 (S.D.N.Y. 2006).........................................................................................8

*Findwhat.Com v. Overture Servs., Inc.*,
   No. 02-CV-447(MBM), 2003 WL 402649 (S.D.N.Y. Feb. 21, 2003) .....................................10

*Goggins v. Alliance Capital Mgmt., L.P.*,
   279 F. Supp. 2d 228 (S.D.N.Y. 2003).........................................................................................7

*Jones v. City of New York*,
   No. 11-CV-5042(CBA), 2012 WL 716890 (E.D.N.Y. Mar. 5, 2012)...................................3, 6

*MASTR Asset Backed Sec. Tr. 2007 v. WMC Mortg. LLC*,
   880 F. Supp. 2d 418 (S.D.N.Y. 2012).........................................................................................9

*Navarro Carrilo v. Carranza*,
   No. 20-CV-1707(EK)(CLP), 2020 WL 3129160 (E.D.N.Y. June 12, 2020) ........................3, 8

*Neske v. New York City Dep't of Educ.*,
   No. 20-CV-4801(EK)(JRC), 2021 WL 5712075 (E.D.N.Y. Dec. 2, 2021) ..............................7

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010).....................................................................................................10

*Rabbi Jacob Joseph Sch. v. Province of Mendoza*,
   342 F. Supp. 2d 124 (E.D.N.Y. 2004) ....................................................................................5, 8

*Societe Generale v. Fla. Health Scis. Ctr., Inc.*,
   No. 03-CV-5615 (MGC), 2003 WL 22852656 (S.D.N.Y. Dec. 1, 2003) ................................10

*U.S. Fid. & Guar. Co. v. Republic Drug Co.*,
  800 F. Supp. 1076 (E.D.N.Y. 1992) ........................................................................5

*Wald v. Bank of Am. Corp.*,
  856 F. Supp. 2d 545 (E.D.N.Y. 2012) ...................................................................6, 7

*Williams v. City of New York*,
  No. 03-CV-5342 (RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) ..............................8, 10

**STATUTES**

15 U.S.C.
  § 78aa(a)........................................................................................................5
  § 78u-4 ..........................................................................................................1
  § 78u-4(a)(3) ..................................................................................................4
  § 78u-4(b)(3)..................................................................................................4

28 U.S.C. § 1404(a) ........................................................................... *passim*

Defendants Peloton Interactive, Inc. ("Peloton"), John Foley, and Jill Woodworth (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to transfer this action, pursuant 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York, where two related actions are pending before the Honorable Andrew L. Carter Jr. ("S.D.N.Y. Actions").

## I.    PRELIMINARY STATEMENT

This securities fraud class action should be transferred to S.D.N.Y.—where it should have been brought from the outset—because judicial economy dictates that two courts should not expend resources on related class actions asserting identical causes of action against the same defendants on behalf of overlapping classes of investors, especially when the Lead Plaintiff has no connection to this forum and the case is in its early stages.  This action currently is proceeding on a theory that Defendants made misstatements about the risk of injury posed by one of Peloton's products, the Tread+.  The S.D.N.Y. Actions assert that the same Defendants incorrectly predicted that Peloton would continue its successful Covid-era financial results.  But neither set of plaintiffs has yet had an opportunity to file a consolidated amended complaint—a right to amend which is granted as a matter of course under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  When operative complaints are eventually filed both in this action and in S.D.N.Y., there is a significant risk that Defendants will be faced with two complaints alleging *identical* theories of liability: Lead Plaintiff here may seek to add the "Covid success" theory; plaintiffs in S.D.N.Y. may add the Tread+ theory, and both sets of plaintiffs may seek to claim damages based upon the same stock declines.

It makes no sense to proceed full steam ahead on separate tracks with two already-overlapping securities fraud complaints, and it would be prejudicial and inefficient for identical actions to be litigated in two different districts.  Defendants have filed this Motion at the earliest

possible time.  Now that related actions have been filed, in order to avoid proceeding with two actions only to be faced with amended complaints that collapse the cases into one, Defendants request that the Court transfer this action to S.D.N.Y., which is the more appropriate forum given that this forum has no connection to any of the parties, including Lead Plaintiff, or the underlying facts, documents, or witnesses.

Even as the current complaint stands, transfer is appropriate.  This action was originally filed by a U.K. citizen (who is no longer in the case) in a district with no connection to the alleged facts.  The current complaint alleges that Peloton and certain of its senior executives violated the federal securities laws by making false and misleading statements about injury risks relating to one of its products, the Tread+, and Lead Plaintiff seeks to represent all investors who purchased Peloton stock between September 11, 2020, and May 5, 2021.  Even though Peloton is headquartered and made all of the challenged statements in Manhattan, the original lawsuit was filed in E.D.N.Y.  Neither the original plaintiff (a U.K. citizen) nor the current Lead Plaintiff has asserted any connection to this venue.  Nor has the case advanced past its early stages:  the Lead Plaintiff was just appointed last month and will not file a consolidated amended complaint for another four weeks.

In the meantime, other plaintiffs filed two overlapping securities class actions in S.D.N.Y. Those lawsuits assert that the same defendants violated the same federal securities laws by making false or misleading statements about Peloton's continued success post-Covid. The S.D.N.Y. plaintiffs seek to represent an overlapping class of investors—those who purchased stock from December 9, 2020 through November 4, 2021.  As here, the S.D.N.Y. Actions are not far along. No lead plaintiff has been appointed and no consolidated amended complaint has been filed.

Given the existing overlap between the causes of action, defendants, and class periods, this action should be transferred to S.D.N.Y., where Peloton is headquartered and made all of the challenged statements.   Courts frequently transfer actions from E.D.N.Y. to S.D.N.Y. notwithstanding their close proximity.  *See, e.g.*, *Jones v. City of New York*, No. 11-CV-5042(CBA), 2012 WL 716890, at *1 (E.D.N.Y. Mar. 5, 2012) (Amon, D.J.) (granting motion to transfer to S.D.N.Y.); *Navarro Carrilo v. Carranza*, No. 20-CV-1707(EK)(CLP), 2020 WL 3129160, at *3 (E.D.N.Y. June 12, 2020) (same).  Transferring this action at this early stage will promote efficiency and avoid inconsistent results and undue prejudice to Defendants—who would otherwise be faced with litigating overlapping and potentially identical cases in two different courts.  Transfer would not prejudice Lead Plaintiff, since neither he nor anything about this case has any connection to this forum.  Thus, Defendants respectfully request that the Court transfer this case to S.D.N.Y. under Section 1404(a).

## II.      BACKGROUND

### A.      Both the Original Plaintiff and the Lead Plaintiff Have No Connection to This District

Plaintiff Ashley Wilson, a U.K. citizen, sued in April 2021 on behalf of herself and those similarly situated, seeking damages for alleged violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5.  Dkt. No. 1.  She alleged that Defendants made materially false and misleading statements between September 11, 2020 and May 5, 2021 ("Class Period") about Peloton's business, operations, and financial results, by allegedly failing to disclose that one of its products, the Tread+, created a risk of injury and was being investigated by the Consumer Product Safety Commission.  *See, e.g.*, Dkt. No. 8 ("Am. Compl.") ¶ 26.  She sought to represent all investors who purchased Peloton stock during the Class Period.  *Id.* ¶ 1.

This original filing triggered a process under the PSLRA. The PSLRA requires the plaintiff to cause a public notice to be published within twenty days of filing a putative class action, which in turn triggers the PSLRA's sixty-day period for any member of the purported class to move the court to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i). Once selected, the lead plaintiff then must appoint class counsel, subject to the court's approval, *id.* § 78u-4(a)(3)(B)(v), and identify an operative complaint or file a consolidated amended complaint that becomes the operative complaint.

The Court appointed Richard Neswick as Lead Plaintiff and Faruqi & Faruqi, LLP as Lead Counsel on November 16, 2021. *See* Dkt. Entry dated Nov. 16, 2021. To date, Lead Plaintiff has alleged no connection to E.D.N.Y. Lead Plaintiff has not yet filed a consolidated amended complaint. He will do so on January 21, 2022. *See* Dkt. Entry dated Dec. 7, 2021. Defendants' motion to dismiss is due on March 7, 2022. *Id.* Discovery is stayed under the PSLRA in the meantime. *See* Dkt. No. 17 at 3; 15 U.S.C. § 78u-4(b)(3)(B).

**B.      Other Plaintiffs File Related Actions in S.D.N.Y. Alleging Identical Causes of Action Against the Same Defendants in Overlapping Class Periods**

On November 18, 2021 and December 2, 2021, two other plaintiffs filed securities class action complaints in S.D.N.Y. against the same defendants, plus Peloton President William Lynch. Those plaintiffs similarly assert that defendants violated Section 10(b) and 20(a) and Rule 10b-5 by making misstatements and omissions about Peloton's products and services in an overlapping time period. *See City of Hialeah Empls. Ret. Sys. v. Peloton Interactive, Inc., et al.*, No. 21-CV-09582 (ALC) (S.D.N.Y.) ("*City of Hialeah*"), Dkt. No. 1; *Deulina v. Peloton Interactive, Inc., et al.*, No. 21-cv-10266 (ALC) (S.D.N.Y.) ("*Deulina*"), Dkt. No. 1. Specifically, the S.D.N.Y. plaintiffs allege that defendants made false and misleading statements between December 9, 2020, and November 4, 2021, about Peloton's inventory levels and its ability to maintain Covid-era

4

financial results. *City of Hialeah*, Dkt. No. 1 ¶¶ 1, 4-7; *Deulina*, Dkt. No. 1 ¶¶ 1, 4-7. A lead plaintiff and lead counsel have not yet been appointed.

## III.    ARGUMENT

This case should be transferred to S.D.N.Y.—where it should have been brought from the outset—because judicial economy dictates that two courts should not expend resources on related class actions asserting identical causes of action against the same defendants on behalf of overlapping classes of investors, especially in light of the early stage of litigation and the fact that plaintiffs in each court have not yet filed an operative complaint. Section 1404(a) provides in relevant part that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has broad discretion to transfer "to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076, 1079 (E.D.N.Y. 1992) (internal quotation marks and citation omitted). In considering a transfer motion, "courts examine (1) whether the action could have been brought in the proposed transferee forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004). Both prongs support a transfer.

### A.    This Action Could Have—and Should Have—Been Filed in S.D.N.Y.

This action could and should have been filed in S.D.N.Y. Under the Exchange Act, venue is proper where "the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). S.D.N.Y. checks all three. Peloton (1) "is found" in S.D.N.Y.—that is where (2) its headquarters are located and (3) it made the statements challenged in this case (*see, e.g.*, Am. Compl. ¶¶ 17-52). *See City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, No. 17-cv-

5

412(SJF)(AKT), 2019 WL 3997354, at *6 (E.D.N.Y. Aug. 23, 2019) ("[M]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." (citations omitted)).  Furthermore, although there is "'no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered,' such transfers to the issuer's home district are routine 'as a practical matter.'" *Id.* at *4 (citation omitted).

## B.    A Transfer Promotes Convenience and the Interests of Justice

Convenience and the interests of justice support a transfer.  In assessing this factor, courts typically consider, among other things, "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Jones*, 2012 WL 716890, at *1 (Amon, D.J.) (citation omitted) (granting motion to transfer to S.D.N.Y.).  Here, the convenience of the witnesses, the location of the relevant documents, and the locus of operative facts favor transfer to S.D.N.Y.—the only district with any meaningful connection to the underlying facts, documents, and witnesses. Although courts have recognized that most of these factors are neutral when considering transfers between the E.D.N.Y. and S.D.N.Y., transfer is nonetheless appropriate when, as here, "the balance of the equities with respect to (1) plaintiff's choice of forum and (2) the interests of justice and judicial economy" support transfer.  *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012).

6

### 1.    Lead Plaintiff's Choice of Forum Is Not Entitled to Deference

The original plaintiff's (who is no longer in the case) decision to file in E.D.N.Y. receives "much reduced" deference "in a class action, where members of the class are dispersed throughout the nation." *Wald*, 856 F. Supp. 2d at 549 (internal quotation marks and citation omitted); *see also In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006) ("[I]n a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." (quoting *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003))).    That principle is unquestionably applicable here, where Lead Plaintiff seeks to sue on "on behalf of all persons and entities who purchased or otherwise acquired the public traded securities of Peloton" during the alleged Class Period.  Am. Compl. ¶ 1.

Similarly, a plaintiff's choice of forum is "accorded less deference where (as here) the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred."  *Neske v. New York City Dep't of Educ.*, No. 20-CV-4801(EK)(JRC), 2021 WL 5712075, at *2 (E.D.N.Y. Dec. 2, 2021) (citation omitted) (granting transfer from E.D.N.Y. to S.D.N.Y. when the "locus of operative facts" and "interests of justice" favored transfer).  Lead Plaintiff has not alleged that he resides in E.D.N.Y., and more importantly, none of the operative facts occurred in E.D.N.Y.[1]  Indeed, Lead Plaintiff challenges statements made in Peloton's SEC

---

[1] If Lead Plaintiff asserts that the case should not be transferred because related derivative lawsuits are pending in E.D.N.Y., he is wrong.  *See* Conf. Tr. dated Dec. 7, 2021 at 10:19-11:3.  Those actions also were filed in the wrong court, and the defendants intend to seek to transfer them for similar reasons.

filings—all of which list Manhattan as the location of the Company's headquarters.[2]  In short, nothing ties this case to E.D.N.Y.

### 2.    Judicial Economy Favors Transfer to S.D.N.Y.

That related class actions are pending in S.D.N.Y. "is a strong factor to be weighed with regard to judicial economy, and may be determinative." *Rabbi Jacob Joseph Sch.*, 342 F. Supp. 2d at 130 (collecting cases); *see also, e.g.*, *Williams v. City of New York*, No. 03-CV-5342 (RWS), 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative."). The S.D.N.Y. and E.D.N.Y. actions need not be exactly the same to justify a transfer; rather, "the interests of justice require that the cases be related, not identical." *Columbia Pictures Indus., Inc. v. Fung*, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006) (citation omitted); *see also, e.g.*, *Brooklyn Downtown Hotel, LLC v. New York Hotel & Motel Trades Council, AFL-CIO*, No. 14-CV-6067(ILG)(SMG), 2015 WL 779441, at *1-2 (E.D.N.Y. Feb. 25, 2015) (granting motion to transfer from E.D.N.Y. to S.D.N.Y. because the essential issues in the actions between the two districts were the same despite having different bases for liability); *Navarro*, 2020 WL 3129160, at *3 (granting motion to transfer from E.D.N.Y. to S.D.N.Y. even though the claims were "conceptually distinct" because both actions were sufficiently similar).

Here, operative complaints in the E.D.N.Y. and S.D.N.Y. actions have not yet been filed— which itself supports a transfer for two reasons. First, the litigations are in their infancy. *See Atari Interactive, Inc. v. Target Corp.*, No. 19-CV-3111(LAK)(OTW), 2019 WL 6728860, at *3 (S.D.N.Y. Dec. 10, 2019) (noting that "nothing bars a court from granting a motion to transfer

---

[2] *See, e.g.*, Peloton Interactive, Inc., Quarterly Report (Form 10-Q) (Feb. 5, 2021) at 1, available at https://investor.onepeloton.com/node/7796/html.

venue at a later stage in a case," but that an early stage of litigation is relevant to the court's analysis).   Second, there is a significant risk that once the operative complaints are filed, Defendants will be faced with identical theories of liability.   The *current* complaints already present many overlapping (if not identical) issues:

1.  They involve the same defendants (Peloton, Foley, and Woodworth).   Am. Compl. ¶¶ 7-10; *City of Hialeah*, Dkt. No. 1 ¶¶ 20-24; *Deulina*, Dkt. No. 1 ¶¶ 20-24.

2.  They assert identical causes of action under Section 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.   Am. Compl. ¶¶ 2, 46-61; *City of Hialeah*, Dkt. No. 1 ¶¶ 2, 65-75; *Deulina*, Dkt. No. 1 ¶¶ 2, 65-75.

3.  The alleged class periods overlap significantly:  September 11, 2020 – May 5, 2021 in this action (Am. Compl. ¶ 1) and December 9, 2020 – November 4, 2021 in the S.D.N.Y Actions (*City of Hialeah*, Dkt. No. 1 ¶ 1; *Deulina*, Dkt. No. 1 ¶ 1).

4.  They allege misstatements and omissions relating to the Company's financial results in SEC filings and public statements, including Peloton's February 5, 2021 Form 10-Q.  Am. Compl. ¶¶ 23-24; *City of Hialeah*, Dkt. No. 1 ¶ 42; *Deulina*, Dkt. No. 1 ¶ 42.

And critically, the lead plaintiffs in both actions have an opportunity to amend the current complaints.  Lead Plaintiff here may seek to add the "Covid success" theory of liability; plaintiffs in the S.D.N.Y. Actions may add the Tread+ theory of liability.  To conserve judicial and party resources, Defendants have filed this Motion at the earliest possible stage.  It makes no sense to take a "wait and see" approach, only to be faced months down the road with identical actions.  It would be unfair and a waste of resources for Defendants to be required to defend against overlapping, let alone identical, class actions.  *See, e.g.*, *MASTR Asset Backed Sec. Tr. 2007 v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) (finding actions related in context

of a motion to transfer because, although they were "not identical," they involved "the same parties" and the "same or very similar" underlying issues).

Transfer is appropriate even though the S.D.N.Y. Actions were filed after the E.D.N.Y. action. The so-called first-filed rule "does not supersede the inquiry into the balance of the convenience under § 1404(a)." *Williams*, 2006 WL 399456, at *4; *see also New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (transfer to the first-filed jurisdiction is inappropriate when the balance of convenience favors the second-filed action). Indeed, "a transfer justified under § 1404(a) is proper even if the action to be transferred was filed *before* a related action was filed in the transferee district." *Williams*, 2006 WL 399456, at *4 (emphasis added); *see also Societe Generale v. Fla. Health Scis. Ctr., Inc.*, No. 03-CV-5615 (MGC), 2003 WL 22852656, at *8 (S.D.N.Y. Dec. 1, 2003). And so here, when the actions are in their early stages and no discovery has been taken, transfer to the second-filed district is appropriate—particularly considering S.D.N.Y. is the more appropriate venue in the first place (*see supra* at 5). *See Williams*, 2006 WL 399456, at *4 ("[A] lack of progress in either litigation may also warrant an exception to the first-filed rule."); *Findwhat.Com v. Overture Servs., Inc.*, No. 02-CV-447(MBM), 2003 WL 402649, at *5 (S.D.N.Y. Feb. 21, 2003) (same).

## IV.  CONCLUSION

For these reasons, Defendants respectfully request that the Court transfer this case to S.D.N.Y.

Dated:  December 21, 2021             Respectfully submitted,
        New York, New York

LATHAM & WATKINS LLP
Andrew B. Clubok
Steven N. Feldman (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
andrew.clubok@lw.com
steve.feldman@lw.com

Susan E. Engel
555 Eleventh Street, NW
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
susan.engel@lw.com

Michele D. Johnson (admitted *pro hac vice*)
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
michele.johnson@lw.com

William J. Trach (admitted *pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants Peloton Interactive, Inc., John Foley, and Jill Woodworth*