**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PELOTON INTERACTIVE, INC., SECURITIES LITIGATION | Case No. 1:21-cv-02369(CBA)(PK) <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**
**UNDER 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ............................................................................................................... 3

I.   DEFENDANTS TOOK NO ACTION TO TRANSFER ANY OF THE CASES
     PENDING IN THE EASTERN DISTRICT OF NEW YORK ......................................... 3

II.  PELOTON HAS AN EXTENSIVE PRESENCE IN THE EASTERN DISTRICT OF
     NEW YORK ........................................................................................................... 5

ARGUMENT .................................................................................................................... 5

I.   DEFENDANTS HAVE NOT ESTABLISHED BY CLEAR AND CONVINCING
     EVIDENCE THAT THIS CASE SHOULD BE TRANSFERRED TO THE
     SOUTHERN DISTRICT OF NEW YORK ................................................................. 6

     A.   Plaintiff's Choice of Forum is Entitled to Deference ............................................. 7

     B.   Defendants Have Failed to Establish That Judicial Economy and the Interests
          of Justice Favor Transfer to the Southern District of New York ........................... 8

CONCLUSION ................................................................................................................. 10

i

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Brooklyn Downtown Hotel, LLC v. New York Hotel & Motel Trades Council, AFL-CIO*,
No. 14-CV-6067 (ILG)(SMG), 2015 WL 779441 (E.D.N.Y. Feb. 25, 2015).........................9

*In re Collins & Aikman Corp. Securities Litigation*,
438 F. Supp. 2d 392 (S.D.N.Y. 2006)...................................................................................7

*Columbia Pictures Industries, Inc. v. Fung*,
447 F. Supp. 2d 306 (S.D.N.Y. 2006)...................................................................................9

*EasyWeb Innovations, LLC v. Facebook, Inc.*,
888 F. Supp. 2d 342 (E.D.N.Y. 2012) ..................................................................................6

*French v. Faisal Al Massoud Al Fuhaid*,
No. 83 Civ. 1745 (RLC), 1984 WL 544 (S.D.N.Y. June 25, 1984) .......................................7

*In re Geopharma Inc. Sec. Litig.*,
No. 04 Civ. 9463(SAS), 2005 WL 1123883 (S.D.N.Y. May 11, 2005)..................................8

*Goggins v. Alliance Capital Management, L.P.*,
279 F. Supp. 2d 228 (S.D.N.Y. 2003)................................................................................7, 8

*Gross v. British Broad. Corp.*,
386 F.3d 224 (2d Cir. 2004)..................................................................................................7

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
599 F.3d 102 (2d Cir. 2010)..................................................................................................6

*Navarro Carrilo v. Carranza*,
No. 20-CV-1707 (EK)(CLP), 2020 WL 3129160 (E.D.N.Y. June 12, 2020) .........................9

*Pall Corp. v. PTI Techs., Inc.*,
992 F. Supp. 196 (E.D.N.Y. 1998) .......................................................................................7

*Parchmann v. MetLife, Inc.*,
No. 18-CV-780 (SJ), 2018 WL 5115075 (E.D.N.Y. Sept. 28, 2018)......................................7

*Rabbi Jacob Joseph School v. Province of Mendoza*,
342 F. Supp. 2d 124 (E.D.N.Y. 2004) ..................................................................................9

*In re Vale S.A. Sec. Litig.*,
No. 19 CV526 (RJD) (SJB), 2019 WL 4306362 (E.D.N.Y. Sept. 9, 2019) ........................3, 6

*Wald v. Bank of America Corp.*,
856 F. Supp. 2d 545 (E.D.N.Y. 2012) ..................................................................................8

*Williams v. City of New York*,
No. 03 Civ. 5342 (RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006)...................................9

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................6

**Other Authorities**

David Winzelberg,
*Peloton expands at Roosevelt Field*, Long Island Bus. News (May 10, 2019) .........................5

Harrison Marder,
*Bicycle chain Peloton finds a home in Manhasset*, The Island Now (October 22, 2015) .........5

*Milvado Property Group Signs Peloton to 13,800-SF Lease in Syosset on Long
Island*, Milvado.com (June 11, 2018) ......................................................................................5

Priscilla DeGregory & Jessica Sonkin,
*Brooklyn parents claim Peloton caused third-degree burns on toddler: suit*,
New York Post (July 1, 2021 1:55p.m) ......................................................................................8

Lead Plaintiff Richard Neswick ("Plaintiff") respectfully submits this memorandum of law in opposition to the Defendants' motion to transfer venue to the United States District Court for the Southern District of New York ("Southern District" or "S.D.N.Y.") under 28 U.S.C. § 1404(a) (the "Motion to Transfer").[1] As set forth below, this consolidated case was properly filed in this Court and Defendants have failed to show a basis to transfer it to the Southern District.

## PRELIMINARY STATEMENT

Defendants' Motion to Transfer should be denied. Although these securities cases (and a derivative case) have been pending in the Eastern District of New York ("Eastern District" or "E.D.N.Y.") for well over eight months,[2] Defendants never previously sought a transfer to the Southern District under Section 1404 on grounds that the Southern District is the more convenient forum. Only after two new securities cases were recently filed in the Southern District asserting different factual allegations have Defendants belatedly challenged this forum and requested a transfer to the Southern District on "convenience" grounds.

Defendants also seek to transfer this case to the Southern District based on their speculation that they *may* later face identical theories of liability in different courts *if* this case and the recently filed cases in the Southern District[3] (the "Southern District Cases") are both

---

[1]    Defendants are Peloton Interactive, Inc. ("Peloton"), John Foley, and Jill Woodworth Also, unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; and (2) all emphases are added.

[2]    The pending securities class actions are: *Wilson v. Peloton Interactive, Inc., et al.*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y. Apr. 29, 2021) ("*Wilson* Action"); and *Drori v. Peloton Interactive, Inc., et al.*, No. 1:21-cv-02925-CBA-PK (E.D.N.Y. May 24, 2021) ("*Drori* Action"). These actions were consolidated on November 16, 2021 (the "Eastern District Case"). *See* ECF No. 37. The pending derivative cases are: *Chu, et al. v. Foley, et al.*, No.1:21-cv-02862 (E.D.N.Y. May 20, 2021); *Genack v. Foley, et al.*, No. 1:21-cv-04583 (E.D.N.Y. Aug. 13, 2021); and *Liu v. Foley, et al.,* No. 1:21-cv-04687 (E.D.N.Y. Aug. 19, 2021). The derivative cases are consolidated and entitled *In re Peloton Interactive, Inc. Derivative Litigation*, Case No. 1:21-cv-02862 (E.D.N.Y. May 20, 2021).

[3]    *City of Hialeah Empls.' Ret. Sys. v. Peloton Interactive, Inc., et al.*, No. 1:21-CV-09582 (ALC) (S.D.N.Y., filed Nov. 18, 2021) ("*City of Hialeah*") and *Deulina v. Peloton Interactive, Inc. et al.*, No. 1:21-cv-10266 (ALC) (S.D.N.Y., filed Dec. 2, 2021) ("*Deulina*").

1

amended to include each case's theory of liability and damage claim. Defs.' Mem. of Law in Supp. of Mot. to Transfer Venue to the Southern District of New York under 28 U.S.C. § 1404(a) ("Def. Mem."), at 1-2.  Their speculation of Plaintiff's future litigation tactics appears to be premised on certain current similarities of the two cases. However, they are similar only in that they each assert a claim for a violation of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and there is some overlap of the class periods. Such limited current similarities are not a basis to transfer under Section 1404.

The Eastern District Case and the Southern District Cases were filed by different shareholders, are based on different factual allegations and different stock price drops. Defendants acknowledge these significant differences when they characterized this case as the "Tread+ Theory" case and the Southern District Cases as the "COVID Success Theory" cases. Def. Mem. 1.  Tag-along securities cases commenced after a first-filed case and appointment of a lead plaintiff are not unusual. Plaintiff anticipated such a follow-on case and addressed such a situation in his proposed lead plaintiff order that addressed transfers to the Eastern District for limited consolidation/coordination for pre-trial discovery purposes. *See* Proposed Order ¶ 5, ECF No. 25-1.

Apparently recognizing that their speculation of Plaintiff's future litigation tactics may be insufficient to bridge the significant factual gaps between the Eastern District Case and the Southern District Cases to support transfer, Defendants now argue that transfer is appropriate on convenience grounds and also incorrectly argue that this forum has an insufficient connection to any of the parties, the underlying facts, documents or witnesses. Def. Mem. 2. However, that is incorrect. Peloton has numerous facilities in the Eastern District and its stock transfer agent is located in Brooklyn. *See e.g.*, Peloton Interactive, Inc., Form 424B (Sep. 26, 2019) at 141,

available at https://investor.onepeloton.com/sec-filings/sec-filing/424b4/0001193125-19-255124.

Courts have recognized that the close proximity of the Southern District and Eastern District

negates arguments that one is more convenient that the other. *See In re Vale S.A. Sec. Litig.*, No.

19 CV526 (RJD) (SJB), 2019 WL 4306362, at *1 (E.D.N.Y. Sept. 9, 2019) (noting that given

"relatively short walk across the Brooklyn Bridge" between the two venues, the transfer inquiry

primarily revolves around plaintiff's choice of forum and the interests of justice and judicial

economy).

At bottom, Defendants have not made the requisite showing that the relevant factors

weigh in favor of transfer to the Southern District and therefore Defendants' motion should be

denied.

## BACKGROUND

### I. DEFENDANTS TOOK NO ACTION TO TRANSFER ANY OF THE CASES PENDING IN THE EASTERN DISTRICT OF NEW YORK

This consolidated securities class action has been pending in this Court since late April

2021. *See* ECF No. 1 of 1:21-cv-02369(CBA)(PK) (the "*Wilson* Action"). The *Wilson* Action

was filed on April 29, 2021 (and amended on May 6, 2021) and is the first-filed securities case

against Defendants.

Since the commencement of the *Wilson* Action, a related securities case was filed in the

Eastern District (ECF No. 1 of 1:21-cv-02925(CBA)(PK) (the "*Drori* Action")). The *Drori*

Action was filed on May 24, 2021.

Both Complaints sought to recover damages for violations of Sections 10(b) and 20(a) of

the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5

promulgated thereunder. *See Wilson* Complaint ¶ 2; Complaint ¶ 2, ECF No. 8. Both actions

allege Defendants misled the market about safety threats with Peloton's Tread+ product and the

3

risk of a recall of that product in violation of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934. *See Wilson* Complaint ¶¶ 15-29; Complaint ¶¶ 15-36.

Defendants engaged with the original plaintiffs and could have sought a transfer to the Southern District. For example, in June and July 2021, the parties agreed to stay Defendants' time to respond to the original complaints until an operative complaint was filed by the lead plaintiff. *Wilson* Action, ECF No. 16; *Drori* Action, ECF No. 16.  Defendants however did not seek to transfer the cases.

During the over eight months since the securities cases were filed, lead plaintiff motions were briefed by numerous shareholders, the *Wilson* Action and the *Drori* Action were consolidated, and Mr. Neswick was appointed Lead Plaintiff of the consolidated actions. ECF No. 37, adopted on November 16, 2021.

Three derivative cases also were filed in the Eastern District based on similar allegations as in the securities cases. The parties in the derivative actions similarly stipulated to extend the Defendants' time to respond until a consolidated operative complaint was filed. *See In re Peloton Interactive, Inc. Derivative Litig.*, Case No. 1:21-cv-02862 (E.D.N.Y. May 20, 2021), ECF No. 21, Stip. and [Proposed] Order Consolidating Related S'holder Derivative Actions and Establishing a Schedule for Briefing on Leadership (explaining the procedural posture of the derivative cases). Although they could have sought to transfer all of these cases to the Southern District since the original complaint was filed, Defendants took no action to transfer the cases for over eight months.[4]

---

[4]     As of the service of this opposition, Defendants still appear to have taken no action to transfer the derivative cases.

4

## II.   PELOTON HAS AN EXTENSIVE PRESENCE IN THE EASTERN DISTRICT OF NEW YORK

Despite Defendants' assertions to the contrary, Peloton maintains an extensive presence in the Eastern District. For example, Peloton maintains a showroom at the Roosevelt Field mall in Garden City, New York. *See* David Winzelberg, *Peloton expands at Roosevelt Field*, Long Island Bus. News (May 10, 2019), https://libn.com/2019/05/10/peloton-expands-at-roosevelt-field/. In fact, Peloton first opened its facility in Garden City in October 2017, long before the start of the class period. *Id.*  Prior to that, Peloton opened a retail location in Manhasset, New York in 2015. *See* Harrison Marder, *Bicycle chain Peloton finds a home in Manhasset*, The Island Now (October 22, 2015), https://theislandnow.com/news-98/bicycle-chain-peloton-finds-a-home-in-manhasset/. Further, Peloton operates a warehouse in Syosset, New York for delivery across Long Island. *See Milvado Property Group Signs Peloton to 13,800-SF Lease in Syosset on Long Island*, Milvado.com (June 11, 2018), https://milvado.com/news/milvado-property-group-signs-peloton-13800-sf-lease-syosset-long-island/. It is clear that Peloton has been selling its products, and thus transacting business, in the Eastern District.

Of particular relevance given the nature of the instant matter, Peloton's stock transfer agent is located in Brooklyn, New York. *See* Peloton Interactive, Inc., Form 424B (Sep. 26, 2019) at 141, available at https://investor.onepeloton.com/sec-filings/sec-filing/424b4/0001193125-19-255124.  Defendants cannot claim that this action has no connection to the Eastern District given the extensive contacts Peloton has in the District and the fact that its stock transfer agent is located in the District.

### ARGUMENT

This Action should remain in the Eastern District of New York, where it was properly filed first, because Defendants have failed to meet their burden in establishing grounds to

transfer. "For the convenience of parties and witnesses, in the interests of justice," a court may, in its discretion, transfer an action "to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The movants, in this case Defendants, bear the burden of establishing, by clear and convincing evidence, that transfer is warranted. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) ("district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to . . . grant a transfer motion"). As set forth below, Defendants have failed to do so.

I.    **DEFENDANTS HAVE NOT ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE THAT THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK**

"In determining whether to transfer venue, courts examine: (1) whether the action could have been brought in the proposed forum; and whether the transfer would promote the convenience of witnesses and would be in the interests of justice." *See EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 347 (E.D.N.Y. 2012). With regard to the second prong, the Second Circuit has identified several factors that a district court should consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and], (7) the relative means of the parties." *Id.* at 348 (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). As Defendants acknowledge, most of the foregoing factors are neutral when courts are considering transfers between the Eastern and Southern Districts of New York, and the primary inquiry in these circumstances turns to the balance of equities between the plaintiff's choice of forum and the interests of justice and judicial economy. *See* Def. Mem. 6; *see also In re Vale Sec. Litig.*, 2019 WL 4306362, at *1. In the instant matter, the balance of equities favors Plaintiff and consequently Defendants' motion

6

should be denied.

### A. Plaintiff's Choice of Forum is Entitled to Deference

When deciding a motion to transfer, the plaintiff's initial choice of forum is entitled to

"great weight." *Pall Corp. v. PTI Techs., Inc.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998). In fact,

the Second Circuit has made clear that "unless the balance is strongly in favor of the defendant,

the plaintiff's choice of forum should be rarely disturbed." *Gross v. British Broad. Corp.*, 386

F.3d 224, 230 (2d Cir. 2004); *see also Pall*, 992 F. Supp. at 200 ("Where the balance of

convenience is in equipoise, plaintiff's choice of forum should not be disturbed."). This rule

applies to the plaintiff's choice of forum in class actions, such as the instant matter. *See*

*Parchmann v. MetLife, Inc.*, No. 18-CV-780 (SJ), 2018 WL 5115075, at *4 (E.D.N.Y. Sept. 28,

2018), *report and recommendation adopted*, No. 18-CV-780 (SJ) (RLM), 2018 WL 5113138

(E.D.N.Y. Oct. 19, 2018) (in class action where deference to plaintiff's choice of forum is

reduced, "the plaintiff is not deprived of all deference in their choice of forum.").

Under Section 27 of the Exchange Act, "[v]enue in civil actions under the Exchange Act

is proper in any district wherein (1) any act or transaction constituting the violation occurred; (2)

the defendant is found; (3) the defendant is an inhabitant; or (4) the defendant transacts business.

15 U.S.C. [§] 78aa." *French v. Faisal Al Massoud Al Fuhaid*, No. 83 Civ. 1745 (RLC), 1984 WL

544, at *1 (S.D.N.Y. June 25, 1984).

Although they argue against a deference to Plaintiff's choice of forum because this is a

class action (Def. Mem. 7-8), their own case law acknowledges that a class action plaintiff's

choice of forum receives some deference.[5] Thus, a class representative's choice of venue "should

---

[5]     For example, in *In re Collins & Aikman Corp. Securities Litigation*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006), the court found that a securities class action plaintiff's choice of forum "tips only slightly in plaintiff's favor." In *Goggins v. Alliance Capital Management, L.P.*, 279 F.

nonetheless be honored unless defendants make a 'convincing showing' that venue should be changed." *In re Geopharma Inc. Sec. Litig.*, No. 04 Civ. 9463(SAS), 2005 WL 1123883, at *1 (S.D.N.Y. May 11, 2005).

Moreover, Defendants' claim that this "forum has no connection to any of the parties . . . ." is a vast overstatement. Def. Mem. 2. As described above, Peloton maintains showrooms and a warehouse in Long Island, and the Company's stock transfer agent is located in Brooklyn. *See supra* 4-5. Furthermore, at least one incident where a child was injured by Peloton's Tread+ product occurred in Brooklyn.[6] Defendants have offered no evidentiary proof other than the blanket statement that "nothing ties this case to E.D.N.Y." *See* Def. Mem. 7-8. This is not enough to constitute a "convincing showing" for the purposes of disturbing plaintiff's choice of venue. With regard to Plaintiff's residency, he has shown himself willing and able to litigate this Action in this District by moving for, and being appointed, Lead Plaintiff. Consequently, this factor weighs against transfer to the Southern District of New York.

**B.      Defendants Have Failed to Establish That Judicial Economy and the Interests of Justice Favor Transfer to the Southern District of New York**

Defendants have failed to establish by clear and convincing evidence that judicial economy and the interests of justice favor transfer to the Southern District of New York. In support of their argument, Defendants point out that there are two, recently filed, securities class

---

Supp. 2d 228, 232 (S.D.N.Y. 2003), the court found that in the securities class action, plaintiff's forum selection "moderately" favored the plaintiffs. *Wald v. Bank of America Corp.*, 856 F. Supp. 2d 545 (E.D.N.Y. 2012) is likewise unavailing. In *Wald*, the court granted transfer to the S.D.N.Y. where defendants presented a "clear and convincing showing . . . that the interests of justice and judicial economy strongly favor transfer . . . ." 856 F. Supp. 2d at 551. As set forth in detail further herein, such is not the case here.

[6]      *See* Priscilla DeGregory & Jessica Sonkin, *Brooklyn parents claim Peloton caused third-degree burns on toddler: suit*, New York Post (July 1, 2021 1:55p.m) https://nypost.com/2021/07/01/parents-claim-peloton-caused-third-degree-burns-on-toddler/.

8

actions pending in that District and argue that this is a determinative factor.[7] The crux of

Defendants' argument is that because the actions are purportedly based on the same underlying

factual predicate, they should all be heard in the same venue.[8]

Contrary to Defendants' contentions, the three pending actions are predicated on distinct

factual bases. As Defendants concede, this action revolves around allegations that Peloton made

misstatements about the risk posed by one of its products, the Tread+, and their potential impact

on Peloton's business. *See* Def. Mem. 1-3; *see also* Complaint ¶¶ 15-36. By contrast, the

allegations in the recently filed Southern District Cases involve different allegations involving

claims that Peloton overstated its inventory levels and its ability maintain its COVID-boosted

financial results. *City of Hialeah*, ECF No. 1 ¶¶ 1, 4-7; *Deulina*, ECF No. 1 ¶¶ 1, 4-7. The

allegations in the Southern District Cases are not related to the safety risks posed by Peloton's

products which serve as the factual predicate for the instant Action.

Further, Defendants' arguments that the early stages of the litigation supports transfer are

likewise unavailing. The instant action was filed approximately eight months ago. *See* ECF No.

---

[7]    Defendants' case law on this point is factually distinct from the instant matter. For example, in *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124, 131 (E.D.N.Y. 2004), the court determined that transfer to the S.D.N.Y. was appropriate because that action, which was filed first, involved legal issues that were virtually identical to those in the later filed E.D.N.Y. action. Likewise, *Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) is factually distinct. In that action, the plaintiff, acting *pro se*, filed identical claims in the E.D.N.Y. and the S.D.N.Y. This is simply not the case here.

[8]    Defendants' case law is factually distinct. *Columbia Pictures Industries, Inc. v. Fung*, 447 F. Supp. 2d 306, 309-10 (S.D.N.Y. 2006), a copyright action, is distinguishable because the claims there involved the same underlying technology that each court would have to evaluate and rule on. *Brooklyn Downtown Hotel, LLC v. New York Hotel & Motel Trades Council, AFL-CIO*, No. 14-CV-6067 (ILG)(SMG), 2015 WL 779441, at *3 (E.D.N.Y. Feb. 25, 2015) is distinguishable because it involved transfer of a third-filed action to the S.D.N.Y. where the underlying claims had been litigated for eight years, with the court noting that the E.D.N.Y. action appeared to be blatant forum shopping given the history of the litigation. Finally, *Navarro Carrilo v. Carranza*, No. 20-CV-1707 (EK)(CLP), 2020 WL 3129160, at *3 (E.D.N.Y. June 12, 2020), involved transfer of a second-filed case involving the same fact pattern. The fact patterns in the cases at issue here are completely distinct.

9

1. The parties and this Court have already taken considerable steps to advance this case in that time. This includes consolidating the actions, appointing Lead Plaintiff and Lead Counsel, holding a status conference on December 7, 2021, and scheduling deadlines for the filing of an Amended Complaint and Motion to Dismiss. By contrast, motions for appointment of Lead Plaintiff and Lead Counsel in the Southern District Actions are not even due until January 18, 2022.

Finally, Defendants' arguments that first filed rule should not be respected are without a basis. As outlined above, Defendants' have not demonstrated that the balance of equities favors the second-filed Southern District Cases. Rather, it appears that Defendants are trying to take advantage of unrelated claims to force consolidation of this Action with the Southern District Cases and reduce the volume of litigation against them. This is especially evident in light of Defendants' failure to seek transfer until after the Southern District Cases were filed, many months after initiation of the instant Action. The Court should not countenance that strategy.

In sum, Defendants have not demonstrated that judicial economy and the interest of justice favor transfer of this Action.

## CONCLUSION

Defendants have not shown by clear and convincing evidence that this Action should be transferred to the Southern District of New York. The Eastern District was properly chosen, and this Action should remain here. The fact that there are two cases that were filed nearly seven months after this one, in a different district, and based on a different factual predicate should not be considered an adequate basis to disturb Plaintiff's choice of forum. Accordingly, Defendants' motion should be denied in its entirety.

Dated: January 4, 2022                          Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:     */s/ James M. Wilson, Jr.*
        James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com
         rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff and Lead Counsel for the putative Class*

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PELOTON INTERACTIVE, INC., SECURITIES LITIGATION | Case No. 1:21-cv-02369(CBA)(PK) <br><br> <u>CLASS ACTION</u> |

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on January 4, 2022, I served a copy a true and correct copy of the

Memorandum of Law in Opposition to Defendants' Motion to Transfer to the Southern District of

New York Under 28 U.S.C. § 1404(a) to Defendants Peloton Interactive, Inc., John Foley and Jill

Woodworth via e-mail to their counsel:

Andrew Clubok
Susan Engel
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Andrew.Clubok@lw.com
Susan.Engel@lw.com

Nicholas Siciliano
Sofia Vitiello
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
nicholas.siciliano@lw.com
Sofia.Vitiello@lw.com

Michele Johnson
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
michele.johnson@lw.com

1

Steve Feldman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Steve.Feldman@lw.com

William Trach
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
William.Trach@lw.com

Whitney Weber
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Whitney.Weber@lw.com

*/s/Derek Behnke*
Derek Behnke

2