UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ASHLEY WILSON, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, and JILL WOODWORTH,<br><br>      Defendants. | Case No. 1:21-cv-02369-CBA-PK<br><br>CLASS ACTION |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK UNDER 28 U.S.C. § 1404(a)**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.      ARGUMENT ................................................................................................................ 1

        A.      Lead Plaintiff Concedes This Action Could Have Been Brought in S.D.N.Y. ...... 1

        B.      A Transfer Promotes Convenience and the Interests of Justice ............................ 2

                1.      Neither Lead Plaintiff Nor the Facts of this Case Has Any
                        Connection to E.D.N.Y. ............................................................................ 2

                2.      Judicial Economy Favors Transfer to S.D.N.Y. ....................................... 3

II.     CONCLUSION ............................................................................................................. 5

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*,
    No. 17-cv-412(SJF)(AKT), 2019 WL 3997354 (E.D.N.Y. Aug. 23, 2019)..........................2, 3

*In re Collins & Aikman Corp. Sec. Litig.*,
    438 F. Supp. 2d 392 (S.D.N.Y. 2006)...................................................................................2

*Neske v. New York City Dep't of Educ.*,
    No. 20-CV-4801(EK)(JRC), 2021 WL 5712075 (E.D.N.Y. Dec. 2, 2021) .............................3

*Pall Corp. v. PTI Techs., Inc.*,
    992 F. Supp. 196 (E.D.N.Y. 1998) ......................................................................................2

*Rabbi Jacob Joseph Sch. v. Province of Mendoza*,
    342 F. Supp. 2d 124 (E.D.N.Y. 2004)  ................................................................................4

*Williams v. City of New York*,
    No. 03-CV-5342(RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) ....................................4

The concessions in Lead Plaintiff's Opposition underscore why this securities class action should be transferred to S.D.N.Y. He admits that the causes of action, parties, and class periods here and in the S.D.N.Y. Actions overlap. Although he calls it "speculation," Lead Plaintiff does not dispute that, after he and/or the S.D.N.Y. plaintiffs file their amended complaints, Defendants may face *identical* theories of liability in different courts. In fact, he leaves open the possibility that he will assert the S.D.N.Y. plaintiffs' liability theories himself. Lead Plaintiff proposes that the solution to this unfair and inefficient result is for the *S.D.N.Y. Actions*—which he calls "tag-along" and "follow-on" suits to his own—to be consolidated and coordinated in *this* forum.

But Lead Plaintiff never explains why E.D.N.Y. is the preferred forum. He admittedly has no connection to this venue and did not even choose to file in E.D.N.Y—that choice was made by original plaintiff Ashley Wilson, a U.K. citizen no longer in the case. Indeed, so far, Lead Plaintiff has not yet filed any complaint; his deadline to file a consolidated amended complaint as the PSLRA-appointed lead plaintiff is on January 21, 2022. Nor does Lead Plaintiff allege that this action has any relevant connection to E.D.N.Y. He concedes that Defendants did not make any of the alleged misstatements in E.D.N.Y.—those all occurred in S.D.N.Y. At most, Lead Plaintiff suggests this case should remain in E.D.N.Y. because "considerable steps" have already been taken. But he cannot identify any "step" other than his own appointment as Lead Plaintiff just weeks ago. In fact, he concedes that no operative complaint has been filed, either here or in S.D.N.Y. This is precisely the time to transfer to the venue with a closer connection to the facts and witnesses—and to avoid inefficiencies and the risk of inconsistent judgments.

## I.    ARGUMENT

### A.    Lead Plaintiff Concedes This Action Could Have Been Brought in S.D.N.Y.

Lead Plaintiff does not address (and thus concedes) that the first prong of the Section 1404(a) test supports a transfer—this case "could have been brought" in S.D.N.Y. because Peloton

is headquartered and made the challenged statements in S.D.N.Y.  Mem. at 6.  Nor does Lead

Plaintiff dispute that transfers (like this one) to the issuer's home district are "routine 'as a practical

matter.'"  *See City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, No. 17-cv-

412(SJF)(AKT), 2019 WL 3997354, at *4 (E.D.N.Y. Aug. 23, 2019) (citations omitted).

        **B.**       **A Transfer Promotes Convenience and the Interests of Justice**

Lead Plaintiff challenges only Section 1404(a)'s second prong—whether a transfer would

promote the convenience of the parties and witnesses and would be in the interests of justice.  As

explained below, the two grounds Lead Plaintiff advances on this basis are meritless.

        **1.**       **Neither Lead Plaintiff Nor the Facts of this Case Has Any Connection to E.D.N.Y.**

Lead Plaintiff's choice of forum is not entitled to great weight because this is a nationwide

class action and the claims have no connection to E.D.N.Y.  Lead Plaintiff cites an inapplicable

patent-infringement case outside the class-action context for the proposition that "the plaintiff's

initial choice of forum is entitled to 'great weight.'"  Opp. at 7 (citing *Pall Corp. v. PTI Techs.,*

*Inc.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998)).  But this is not a typical lawsuit filed by a single

plaintiff against a defendant.  Plaintiff admits as much, conceding that in a securities class action

like this one, a securities class action plaintiff's choice of forum "tips only slightly in plaintiff's

favor."  Opp. at 7 n.5 (quoting *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398

(S.D.N.Y. 2006)).

In fact, a plaintiff's venue choice receives even "less deference where (as here) the

plaintiff's chosen forum is neither [its] home nor the place where the operative facts of the action

occurred."  *Neske v. New York City Dep't of Educ.*, No. 20-CV-4801(EK)(JRC), 2021 WL

5712075, at *2 (E.D.N.Y. Dec. 2, 2021) (citation omitted) (granting transfer from E.D.N.Y. to

S.D.N.Y.).  Lead Plaintiff concedes he has no connection (residence or otherwise) to E.D.N.Y.  He

did not even choose to file this case in E.D.N.Y.; another plaintiff (who also has no connection to E.D.N.Y.) filed the original complaint, and she dropped out of the lawsuit. Thus, this is not a situation when E.D.N.Y. would be more convenient for the Lead Plaintiff.

Nor do the facts, witnesses, or documents link to E.D.N.Y. Defendants made all of the alleged misstatements from Peloton's Manhattan headquarters. Lead Plaintiff sidesteps this fact in his opposition and instead notes that Peloton has showrooms and a warehouse in Long Island, an alleged Tread+ injury occurred in Brooklyn, and Peloton's stock-transfer agent is in Brooklyn. Opp. at 5, 8. But Lead Plaintiff never explains how the showrooms, warehouse, or the transfer agent are relevant to, or would provide any witnesses or evidence related to, his claims. Lead Plaintiff's entire case concerns Defendants' *statements* about product safety, not the alleged safety incidents themselves. All of those statements occurred in S.D.N.Y., not at a warehouse, showroom, or a transfer agent's address in E.D.N.Y. *See City of Warren*, 2019 WL 3997354, at *6 ("[M]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." (citations omitted)).

### 2. Judicial Economy Favors Transfer to S.D.N.Y.

Lead Plaintiff offers two reasons why transfer would not promote convenience and the interest of justice—but both show the opposite. *First*, Lead Plaintiff states that this case and the S.D.N.Y. Actions proceed "on distinct factual bases." Opp. at 9. But he contradicts himself just seven pages earlier, calling the S.D.N.Y. Actions "[t]ag-along," "follow-on" lawsuits to his own that have "overlap[ping]" class periods. *Id.* at 2. In fact, he suggests that those actions be consolidated *here* (*see id.*), refuting his suggestion that the cases are "distinct." And perhaps most importantly, he does not dispute that both he and the S.D.N.Y. plaintiffs may amend their complaints to assert *identical* liability theories and damages claims in different courts. In fact, nowhere does Lead Plaintiff commit to not add the S.D.N.Y. plaintiffs' liability and damages

3

theories to his complaint, expressly leaving open the possibility that Defendants will have to defend against identical class actions. Forcing Defendants to litigate the same case (or even similar cases) in separate venues promotes inefficiency and the possibility of inconsistent results—not convenience and the interests of justice. That is precisely why the pendency of related class actions strongly favors a transfer. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004) ("[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative."); *Williams v. City of New York*, No. 03-CV-5342(RWS), 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) (same).

*Second*, Lead Plaintiff asserts that Defendants "belatedly" filed this motion because the parties "have already taken considerable steps to advance this case." Opp. at 1, 10. Again, Lead Plaintiff's own words refute his argument, showing that this motion is not tardy and considerable steps have not been taken. As to the alleged tardiness, Lead Plaintiff notes that in June and July 2021, the original plaintiffs and Defendants filed a stipulation that Defendants would not have to respond to the "original complaints until an operative complaint was filed by the lead plaintiff." *Id.* at 4. Lead Plaintiff chides Defendants for not moving to transfer *then*—but in the very stipulation Lead Plaintiff cites, Defendants reserved their rights to challenge venue. Dkt. No. 17 at 3. Lead Plaintiff was then appointed on November 18, 2021. Less than two weeks later, the parties submitted a joint status report stating Defendants' intention to move to transfer. *See* Dkt. No. 38. This motion was not tardy.[1]

---

[1] The same is true for the derivative cases, which, as Lead Plaintiff points out, have been stipulated to extend Defendants' time to respond until a consolidated operative complaint is filed. Opp. at 4. Lead counsel in those cases has not been appointed. Once they are, Defendants intend to promptly discuss a potential transfer and move to transfer if the plaintiff does not agree.

4

As to the "considerable steps taken in this case," Lead Plaintiff lists three: (1) the appointment of a lead plaintiff and lead counsel; (2) the December 7, 2021 status conference; and (3) the schedule for an amended complaint and motion to dismiss. The first event occurred less than two months ago. The second pertained to a conference *about this motion*. And the third sets a schedule that has not occurred yet: Lead Plaintiff will not file his consolidated amended complaint until January 21, 2022. Lead Plaintiff cannot dispute he has not even filed the operative complaint in this case. Nor have the plaintiffs in the S.D.N.Y. Actions. Nor does he dispute that those operative complaints may advance identical theories of liability. This is exactly the time to transfer this case so the parties can proceed efficiently from the start.

## II.   CONCLUSION

For these reasons and those in the opening brief, Defendants respectfully request that the Court transfer this case to S.D.N.Y. Judicial economy dictates that two courts should not expend resources on related class actions asserting identical causes of action against the same defendants on behalf of overlapping classes of investors, particularly when the Lead Plaintiff has alleged no connection to this forum and the case is in its early stages.

Dated:  January 10, 2022
        New York, New York

Respectfully submitted,

*[signature]*

LATHAM & WATKINS LLP
Andrew B. Clubok
Steven N. Feldman (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
andrew.clubok@lw.com
steve.feldman@lw.com

Susan E. Engel
555 Eleventh Street, NW
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
susan.engel@lw.com

Michele D. Johnson (admitted *pro hac vice*)
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
michele.johnson@lw.com

William J. Trach (admitted *pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants Peloton Interactive,
Inc., John Foley, and Jill Woodworth*

6