Clerk's Office
Filed Date: 1/26/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE PELOTON INTERACTIVE, INC.        NOT FOR PUBLICATION
SECURITIES LITIGATION                  MEMORANDUM & ORDER
                                       21-CV-2369 (CBA) (PK)
----------------------------------------------------------x
```

**AMON, United States District Judge:**

## INTRODUCTION

Defendants Peloton Interactive, Inc. ("Peloton"), John Foley, and Jill Woodworth (collectively "Moving Defendants") move to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the following reasons, Moving Defendants' motion is DENIED.

## BACKGROUND

On April 29, 2021, Plaintiff Ashley Wilson ("Wilson"), a U.K. citizen, sued Moving Defendants in the Eastern District of New York under Sections 10(b) and 20(a) of the Securities Exhange Act of 1934 ("Exchange Act") and Rule 10b-5. (ECF Docket Entry ("D.E.") # 1.) Wilson filed an amended complaint on May 6, 2021. (D.E. # 8.) Wilson alleged that Moving Defendants made materially false and misleading statements regarding Peloton's business, operational, and financial results by failing to disclose several adverse facts regarding serious safety threats posed by Peloton's Tread+. (Id. ¶ 26.) Wilson sought to bring the action as a class action "on behalf of all persons and entities who purchased or otherwise acquired the publicly traded securities of Peloton between September 11, 2020 and May 5, 2021, inclusive." (Id. ¶ 1.) On May 24, 2021, Plaintiff Leigh Drori sued Moving Defendants in the Eastern District of New York under the same causes of action, alleging the same conduct, and seeking to represent the same class. See Complaint, Drori v. Peloton Interactive, Inc., No. 21-cv-2925 (CBA) (PK) (E.D.N.Y. May 24, 2021), ECF No. 1.

1

Wilson's initial complaint triggered a process under the Private Securities Litigation Reform Act ("PSLRA") by which any member of the purported class "may move the court to serve as lead plaintiff of the purported class," 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), and to select lead counsel, id. § 78u-4(a)(3)(B)(v). Several purported class members moved to consolidate the cases, serve as lead plaintiff, and appoint lead counsel. On November 18, 2021, I adopted Magistrate Judge Peggy Kuo's Report and Recommendation, (D.E. # 19), thereby consolidating the two suits, appointing Richard Neswick ("Neswick") as lead plaintiff, and appointing Faruqi & Faruqi LLP as lead counsel. Neswick filed an amended complaint on January 21, 2022. (D.E. # 45.) Neswick's amended complaint added Defendants Hisao Kushi and Brad Olson. (Id.)

Over six months after Wilson filed her complaint, on the day I appointed Neswick as lead plaintiff, a new securities class action was filed against Peloton, this time in the Southern District of New York (the "Southern District"). See Complaint, City of Hialeah Emps. Ret. Sys. v. Peloton Interactive, Inc., No. 21-cv-9582 (ALC) (S.D.N.Y. Nov. 18, 2021), ECF No. 1. That class action also brought claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5. However, it alleged a different class period — December 9, 2020 through November 4, 2021 — and focused on a different set of allegedly false and misleading statements — those relating to Peloton's inventory levels and its ability to maintain COVID-19-era results. Id. On December 2, 2021, a second lawsuit was filed in the Southern District, with allegations mirroring those in the first Southern District lawsuit. Complaint, Deulina v. Peloton Interactive, Inc., No. 21-cv-10266 (ALC) (S.D.N.Y. Dec. 2, 2021), ECF No. 1.

The PSLRA process has yet to run its course in the Southern District cases. The sixty-day period for purported class members to move to serve as lead plaintiff ran on January 18, 2022, and seven members so moved. The court has yet to rule on the motions.

Moving Defendants now move to transfer this case to the Southern District under 28 U.S.C. § 1404(a).

## STANDARD OF REVIEW

"Under 28 U.S.C. § 1404(a), a district court has discretion to transfer an action to another district court '[f]or the convenience of parties and witnesses, in the interest of justice.'" Corley v. United States, 11 F.4th 79, 89 (2d Cir. 2021) (quoting 28 U.S.C. § 1404(a)). The district court should consider, among other things, seven factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." Id. (quoting D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (alteration omitted)). District courts "have identified additional factors, including ([8]) 'the forum's familiarity with governing law,' and ([9]) 'trial efficiency and the interest of justice, based on the totality of the circumstances.'" Sarracco v. Ocwen Loan Servicing, LLC, 220 F. Supp. 3d 346, 356 (E.D.N.Y. 2016) (Bianco, J.) (quoting Albert Fadem Tr. v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)); see also Nuss v. Guardian Life Ins. Co. of Am., No. 20-cv-9189 (MKV), 2021 WL 1791593, at *2 (S.D.N.Y. May 5, 2021). The moving party has the burden of establishing by clear and convincing evidence that transfer is justified. See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).

## DISCUSSION

In seeking to meet their burden that clear and convincing evidence calls for transfer, Moving Defendants must establish that at least one of the factors weighs in favor of transfer, and that any factors weighing in favor of transfer outweigh any factors weighing against it. If all of

the factors are neutral, the transfer motion should be denied. As discussed below, all of the factors are either neutral or weigh against transfer.

I.  **Factors Related to Geography**

Of the factors identified by the Second Circuit in Corley and D.H. Blair & Co., see supra, factors two through seven address the relative ease of litigating in one district court over another. They address such considerations as access to documents and evidence, and the difficulty of getting unwilling witnesses to the courthouse. Accordingly, these factors are heavily tied to geography — the closer two districts are, the less inconvenient it is to travel between them. Geography also informs the forum's familiarity with governing law. Two district courts located within the same jurisdiction should have the same familiarity with that jurisdiction's laws.

Because this district is a "relatively short walk across the Brooklyn Bridge" from the Southern District, courts generally find that these geography-related factors "are neutral with regard to transfer requests." Wald v. Bank of Am. Corp., 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012); see, e.g., Ahmed v. T.J. Maxx Corp., 777 F. Supp. 2d 445, 449 (E.D.N.Y. 2011). Although Moving Defendants contend that the case "should" have been brought in the Southern District because Peloton is headquartered there,[1] (D.E. # 41 ("Mot.") at 1), they do not explain how transporting witnesses and evidence an extra few subway stops or ten minutes in an Uber will inconvenience them. Because Moving Defendants do not provide "persuasive arguments as to why it would be physically more or less convenient to litigate this case in Brooklyn as opposed to Manhattan," I find that these factors are neutral. Wald, 856 F. Supp. 2d at 549. Accordingly,

---

[1] Moving Defendants do not argue that this case was improperly brought in this district. Nor could they, given Peloton's presence in the district: it has showrooms, retail locations, a warehouse, and, more relevant to a securities class action, its stock transfer agent, in this district.

4

Moving Defendants must meet their burden of proving that transfer is justified by providing clear and convincing evidence that the two remaining factors weigh in their favor on balance.

II.     **Trial Efficiency and the Interest of Justice**

Moving Defendants argue that trial efficiency and the interest of justice weigh in their motion's favor because transfer will allow related cases to be litigated in a single forum. They are correct that "[t]here is a strong policy favoring the litigation of related claims in the same tribunal." Wyndham Assocs. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968). However, this case is not sufficiently related to the litigation in the Southern District to justify transfer.

Moving Defendants point out certain similarities between the cases in the two districts: they involve overlapping defendants[2]; they assert causes of action under the same laws; their class periods overlap; and evidence of alleged misstatements might be found in some of the same public filings. (Mot. 9.) But Moving Defendants admit, as they must, that the claims in each district are distinct. The claims in this district involve Peloton's alleged misrepresentations regarding serious safety threats posed by Peloton's Tread+, while the claims in the Southern District involve its alleged misrepresentations relating to its inventory levels and ability to maintain COVID-19-era results. Moreover, although the class periods overlap, they are not coextensive.

Although the policy favoring transfer of related cases "require[s] that the cases be related, not identical," Columbia Pictures Indus., Inc. v. Fung, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006) (quoting Mfrs. Hanover Tr. Co. v. Palmer Corp., 798 F. Supp. 161, 167 (S.D.N.Y. 1992)), Moving Defendants fail to identify a court that has found two cases premised on entirely distinct theories of liability sufficiently related to justify transfer. Instead, the opinions that Moving Defendants

---

[2] Although Moving Defendants argue that the cases have identical defendants, Neswick's amended complaint adds Defendants Hisao Kushi and Brad Olson, who are not defendants in the Southern District cases. Additionally, the Southern District plaintiffs have sued William Lynch, who is not a defendant in this action.

cite involve the transfer of cases with "theories of liability" that are "substantially similar" to cases in the transferee district. Id. at 310; see also Brooklyn Downtown Hotel, LLC v. N.Y. Hotel & Motel Trades Council, No. 14-cv-6067 (ILG) (SMG), 2015 WL 779441, at *2 (E.D.N.Y. Feb. 25, 2015) (discussing cases with the same "essential issues"); Navarro Carrilo v. Carranza, No. 20-cv-1707 (EK) (CLP), 2020 WL 3129160, at *3 (E.D.N.Y June 12, 2020) ("Although the claims . . . are 'conceptually distinct,' Doe v. Lyme Bd. of Educ., 790 F.3d 440, 447 (2d Cir. 2015), both actions contest the adequacy of a single administrative process for the same child, for the same year."); MASTR Asset Backed Sec. Tr. 2007-WMC1 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. LLC, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) ("[T]he two cases are clearly related because they involve the same parties, the same or very similar contracts, the same primary claim (repurchase), and nearly identical fact patterns.").

Apparently predicting the Court's skepticism, Moving Defendants argue that it is possible that the cases will eventually involve the same theories of liability because both lead plaintiffs can file operative complaints pursuant to PSLRA. Each lead plaintiff might add new allegations covering the alleged misrepresentations in the other district. But such amendments are uncertain, if not unlikely. Neswick's amended complaint does not expand to cover the claims being litigated in the Southern District. (See D.E. # 45.) And there is less reason to believe that the Southern District plaintiffs will amend their complaint to cover the claims being litigated in this district. After all, they filed their complaint over six months after Wilson filed hers, and there is no reason they could not have copied her allegations then. A speculative chance that the cases might someday overlap fails to justify transfer of venue. Accordingly, because the cases are not sufficiently related, this factor is neutral at best.

Moreover, this factor would weigh against transfer if the cases were sufficiently related. "The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" N.Y. Marine & Gen. Ins., 599 F.3d at 112 (alteration in original) (quoting D.H. Blair & Co., 462 F.3d at 106). Although the first-filed rule does not supersede the § 1404(a) inquiry, id. at 112-13, "a court considers the first-filed rule 'as one among several factors in the overall calculus of efficiency and the interests of justice.'" HomeoPet LLC v. Speed Lab'y, Inc., No. 14-cv-663 (JFB) (AKT), 2014 WL 2600136, at *14 (E.D.N.Y. June 11, 2014) (Bianco, J.) (quoting Am. Steamship Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007), aff'd sub nom., N.Y. Marine & Gen. Ins., 599 F.3d 102). Here, this case was filed six months prior to the Southern District cases, and so the first-filed rule weighs in favor of keeping the case in this district. Although Moving Defendants argue that the first-filed rule should not apply because "the actions are in the early stages and no discovery has taken place," (Mot. 10), the cases are at different stages. The instant case has gone through the PSLRA process while the Southern District cases have just entered that stage of litigation. Judicial efficiency will be best advanced by allowing the parties in this case to proceed to dispositive motion practice and discovery now rather than by delaying for the sole purpose of transferring across the East River.

### III. Plaintiff's Choice of Forum

The parties dispute whether the plaintiff's choice of forum "tips only slightly in plaintiff's favor," (see D.E. # 42 at 7 n.5 (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006))), or whether it is "not entitled to deference," (Mot. 7 (capitalization and typeface altered)). Even Moving Defendants do not suggest, however, that this factor supports venue transfer. Because no other factor weighs in favor of transfer, I need not determine the weight

to attribute to plaintiff's choice of forum. Simply put, Moving Defendants have failed to carry their burden.

## CONCLUSION

For the foregoing reasons, Moving Defendants' motion is DENIED.

SO ORDERED.

Dated: January 26, 2021
      Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge