UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE PELOTON INTERACTIVE, INC.,
SECURITIES LITIGATION.

Case No. 1:21-cv-02369-CBA-PK

<u>CLASS ACTION</u>

ORAL ARGUMENT REQUESTED

---

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF  DEFENDANTS'
## MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Defendants Peloton Interactive, Inc. ("Peloton"), John Foley, Hisao Kushi, Brad Olson, and Jill Woodworth ("Individual Defendants," and collectively with Peloton, "Defendants") hereby request that this Court consider and/or take judicial notice of the documents referenced below, in support of their Notice of Motion to Dismiss the Amended Class Action Complaint and Memorandum of Law ("Motion to Dismiss") filed concurrently herewith.  For the reasons set forth below, the Court should consider the contents of these documents pursuant to the incorporation-by-reference doctrine, Rule 201 of the Federal Rules of Evidence, and supporting case law.  The documents are attached as exhibits ("Ex. __") to the Declaration of Susan E. Engel, filed concurrently herewith.

- Exhibit 1 – Excerpts of Peloton's Form 10-K for the period ended June 30, 2021, filed with the United States Securities and Exchange Commission (the "SEC") on August 27, 2021;

- Exhibit 2 – Article published by PC Magazine entitled, "Peloton Tread+ Preview," dated May 6, 2021;

- Exhibit 3 – Article published by PC Magazine entitled, "Peloton Tread Review," dated October 4, 2021;

- Exhibit 4 – Press release entitled, "Peloton Refutes Consumer Product Safety Commission Claims," dated April 17, 2021, which was filed with the SEC as an exhibit to Peloton's Form 8-K on April 19, 2021;

- Exhibit 5 – Press release entitled, "A Note from Peloton CEO John Foley about Tread+," dated March 18, 2021;

- Exhibit 6 – Press release entitled, "CPSC Warns Consumers: Stop Using the Peloton Tread+," dated April 17, 2021;

- Exhibit 7 – Press release entitled, "A Follow-up Note from Peloton CEO John Foley about Safety and the Peloton Tread+," dated April 18, 2021;

- Exhibit 8 – Excerpts of Peloton's Form 10-K for the period ended June 30, 2020, filed with the SEC on September 11, 2020;

- Exhibit 9 – Excerpts of Peloton's Form 10-Q for the period ended September 30, 2020, filed with the SEC on November 6, 2020;

- Exhibit 10 – Excerpts of Peloton's Form 10-Q for the period ended December 31, 2020, filed with the SEC on February 5, 2021;

- Exhibit 11 – Excerpts of Peloton's Form S-1 filed with the SEC on August 27, 2019;

- Exhibit 12 – Transcript from the JMP Securities Technology Conference on March 1, 2021;

- Exhibit 13 – Transcript from the KeyBanc Capital Markets Conference on February 24, 2021;

- Exhibit 14 – Article published by Business Insider entitled, "Peloton issues a recall affecting nearly 30,000 bikes after reports of pedal breakages and customer injuries," dated October 15, 2020;

- Exhibit 15 – Article published by CNN Business entitled, "Peloton is rolling out fans' most-requested features," dated April 30, 2021;

- Exhibit 16 – John Foley's Forms 4 filed with the SEC on November 12, 2020, December 16, 2020, January 19, 2021, February 18, 2021, March 17, 2021, and April 19, 2021;

- Exhibit 17 – Hisao Kushi's Forms 4 filed with the SEC on September 16, 2020, February 10, 2021, March 15, 2021, and April 14, 2021;

- Exhibit 18 – Jill Woodworth's Forms 4 filed with the SEC on November 12, 2020 and February 18, 2021;

- Exhibit 19 – Article published by Interbrand Health entitled, "5 Questions with Peloton's Brad Olson."

- Exhibit 20 – Article published by The New York Times entitled, "Peloton Recalls Pedals on Thousands of Bikes After Reports of Injury," dated October 16, 2020.

**ARGUMENT**

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Frascatore v. Blake*, 344 F. Supp. 3d 481, 489 (S.D.N.Y. 2018) ("[T]he Court may consider documents that are either incorporated by reference in the complaint or integral to the claims asserted therein." (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016))). Documents that are integral to a complaint may be considered regardless of whether they are physically attached to it. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991). Even if a document is not incorporated by reference or integral to the claims asserted, "Federal Rule of Evidence 201 authorizes a court to 'judicially notice a fact that is not subject to reasonable dispute . . . at any stage in the proceeding,' including on a motion to dismiss." *Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 507 (S.D.N.Y. 2015) (citation omitted); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (concluding "matters judicially noticed by the District Court are not considered matters outside the pleadings" and do not convert a motion to dismiss into one for summary judgment). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Second Circuit has held that judicial notice may be taken "of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kramer v. Time Warner, Inc.*, 937 F.2d

767, 774 (2d Cir. 1991) (quoting Fed. R. Evid. 201(b)(2)).  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

For the reasons set forth below, Defendants respectfully submit that each of the Exhibits listed above are incorporated by reference in the Amended Class Action Complaint ("CAC")  or integral to Plaintiff's claims, are subject to judicial notice, or both, and should be considered by the Court in adjudicating Defendants' Motion to Dismiss.

### A.    It Is Appropriate for the Court to Consider Documents Incorporated by Reference in the CAC or Integral to Plaintiff's Allegations

Exhibits 2-15 and 19-20 are incorporated by reference in the CAC.  The CAC cites to and/or quotes extensively from Exhibits 2-15 and 19-20.  *See* CAC ¶¶ 2, 6-7, 25, 28, 47, 50, 56-73, 75-76, 78-80, 82-84, 109, 134-136, 141-142.  These documents therefore are incorporated by reference in the CAC, and the Court may appropriately consider them in deciding Defendants' Motion to Dismiss.  *See EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 224 n.2 (S.D.N.Y. 2012) ("The Complaint refers to and quotes from the Letter of Intent, thus incorporating it."); *Frascatore*, 344 F. Supp. 3d at 489 (considering article and book referenced and quoted in complaint in deciding motion to dismiss).

Further, the Court should consider Exhibits 4-15 and 19-20 because they are also integral to, and form the basis of, Plaintiff's allegations.  *See Int'l Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (holding that even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint); *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991) (same).  Plaintiff asserts various allegedly false or misleading statements in Exhibits 4-5, 7-15, and 20 which are Peloton's SEC filings, press releases, and other publicly available transcripts or articles.  *See* Exs. 4-5, 7-15, 20

(cited in CAC ¶¶ 56-73, 78-80, 82-84).  Plaintiff's claims are based on alleged misrepresentations in Exhibits 4-5, 7-15, and 20, and therefore, the Court may consider these documents as "integral to the complaint."   *I. Meyer*, 936 F.2d at 762 (considering prospectus containing alleged misrepresentations in evaluating plaintiff's Section 10(b) claims, even though the document was not incorporated by reference); *cf. TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592 (S.D.N.Y. 2013) ("[T]he document, not the allegations, control[.]" (citation omitted)).  Similarly, Plaintiff relies on Exhibit 6 (*see* CAC ¶¶ 6, 75-76, 142), a press release from the Consumer Product Safety Commission, to argue that Defendants' disclosures were allegedly inadequate, which again is at the crux of his claims.  And Plaintiff relies on a statement from Exhibit 19 as a basis of his scienter allegations (*see* CAC ¶¶ 47, 109); such documents are also appropriate for the Court to consider. *See Cortec Indus.*, 949 F.2d at 48 (on a 12(b)(6) motion to dismiss, court may consider documents when "there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"); *Tellabs*, 551 U.S. at 322-23 (court must consider sources "courts ordinarily examine when ruling on Rule 12(b)(6) motions" to enable the court to determine whether "*all* of the facts alleged, taken collectively," create a strong inference of scienter).

**B.      Judicial Notice of Defendants' Public Filings with the SEC Is Appropriate**

The Court also may take judicial notice of Exhibits 4, 8-11, and 16-18, which are documents filed with the SEC.  Judicial notice of these documents is appropriate because the contents of SEC filings are considered facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Kramer*, 937 F.2d at 774; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("[W]e may consider . . . legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Pursuant to Rule 201, courts have

considered newspaper articles, documents publicly filed with the SEC or FINRA, documents filed with a Secretary of State, documents filed with governmental entities and available on their official websites, and information publicly announced on certain non-governmental websites, such as a party's official website."). Because they are required by law to be filed with SEC, "no serious question as to their authenticity can exist." *Kramer*, 937 F.2d at 774. The Court may therefore properly consider these documents in deciding Defendants' Motion to Dismiss. *See, e.g.*, *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, 2014 WL 2610608, at \*15 n.16 (S.D.N.Y. Jun. 10, 2014) (judicially noticed matters may be considered on a motion to dismiss because they are "not considered matters outside the pleadings" (quoting *Staehr*, 547 F.3d at 426)).

Further, as to Exhibits 16-18 (the Individual Defendants' Forms 4 filed with the SEC), courts in this Circuit "routinely take judicial notice of Form 4 filings at the motion to dismiss stage, and consider them for the truth of their contents." *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at \*22 (S.D.N.Y. May 29, 2013) (collecting cases). Because Plaintiff asserts allegations concerning Individual Defendants' trading, it is appropriate for the Court to consider Exhibits 16-18 on a motion to dismiss for the truth of their contents—e.g., to show that stock transactions were made pursuant to a Rule 10b5-1 trading plan (and Plaintiff therefore cannot allege otherwise). *See Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 592 n. 14 (S.D.N.Y. 2011) (describing "the established law" of the Southern District as allowing consideration of Rule 10b5-1 trading plans on a motion to dismiss); *see also, e.g.*, *Constr. Laborers Pension Tr. for S. California v. CBS Corp.*, 433 F. Supp. 3d 515, 544 (S.D.N.Y. 2020) (taking judicial notice of Forms 4 to determine that defendants' stock trades were pursuant to 10b5-1 trading plans); *Chapman v. Mueller Water Prod., Inc.*, 466 F. Supp. 3d 382, 411 (S.D.N.Y. 2020) (taking judicial notice of Forms 4 and relying on them to demonstrate that defendants' stock options were set to expire).

**C.      Judicial Notice of the Third-Party Product Reviews Is Appropriate**

Lastly, in addition to being incorporated by reference in the CAC, Exhibits 2 and 3 are third-party product reviews that are also subject to judicial notice.  Exs. 2-3.  On a motion to dismiss the Court may "take judicial notice of the *fact* that press coverage . . . contained certain information, without regard to the truth of their contents."  *Staehr*, 547 F.3d at 425.  Defendants do not ask the Court to consider the contents Exhibits 2 and 3 as true, but rather to take judicial notice of the fact that the third-party product experts gave positive reviews to both Peloton's Tread and Tread+, with one analyst awarding the Tread an "outstanding" rating and calling it the "best connected treadmill" on the market.  Ex. 3; *see Staehr*, 547 F.3d at 424-25 (district court did not abuse its discretion when it took judicial notice of media reports that "were offered to show that certain things were said in the press"); *Colbert v. Rio Tinto PLC*, 824 F. App.'x 5, 10 n.5 (2d Cir. 2020) (taking judicial notice of an analyst report at the motion to dismiss stage).  The fact of this analyst coverage is not subject to reasonable dispute.  Fed. R. Evid. 201(d).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the above documents that are incorporated by reference and/or are integral to the CAC (Exhibits 2-15 and 19-20) and take judicial notice of the remaining documents (Exhibits 1 and 16-18), in conjunction with the concurrently filed Motion to Dismiss.

Dated:   March 7, 2022
            New York, New York

Respectfully submitted,


LATHAM & WATKINS LLP
Andrew B. Clubok
Steven N. Feldman (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
andrew.clubok@lw.com
steve.feldman@lw.com

Susan E. Engel
555 Eleventh Street, NW
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
susan.engel@lw.com

Michele D. Johnson (admitted *pro hac vice*)
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
michele.johnson@lw.com

William J. Trach (admitted *pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants Peloton Interactive,
Inc., John Foley, Jill Woodworth, Hisao
Kushi, and Brad Olson*

8