**Andrew B. Clubok**
Direct Dial: 202.637.2200
andrew.clubok@lw.com

**LATHAM & WATKINS** LLP

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 22, 2022

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *In re Peloton Interactive, Inc. Securities Litigation*, 21-cv-02369-CBA-PK

Dear Judge Amon:

We write on behalf of Defendants Peloton Interactive, Inc., John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson ("Defendants") to submit as supplemental authority the Second Circuit's recent decision in *Liu v. Intercept Pharms., Inc.*, No. 20-3488, 2022 WL 2165621 (2d Cir. June 16, 2022), in which the court affirmed dismissal of a securities class action.  The Second Circuit's summary order is attached as Exhibit 1.

On the issue of scienter, the court concluded that plaintiffs' allegations in the second amended complaint ("PSAC") provided "an insufficient basis from which to infer reckless or conscious misbehavior under the heightened pleading standards imposed by Rule 9(b) and the PLSRA," reasoning that:

> In the securities fraud context, reckless conduct must be "highly unreasonable, representing an extreme departure from the standards of ordinary care, not merely a heightened form of negligence."  The PSAC's primary theory of scienter is Plaintiffs' deduction that Individual Defendants had access to internal documentation concerning [a defendant-manufactured drug's] safety performance and that they then knowingly concealed the full extent of the [Serious Adverse Events and Potential Side Effects] that were linked to [the drug].  But the PSAC does not allege with any specificity at all when the Individual Defendants reviewed internal data, or even should have reviewed internal data, or how that data rendered their public comments about [the drug's] performance false or misleading.  We agree with the district court that speculative allegations concerning data that Individual Defendants "must have reviewed" or were "already aware of" are

Hon. Carol Bagley Amon
June 22, 2022
Page 2

# LATHAM&WATKINS LLP

insufficient to carry Plaintiffs' pleading burden. Rule 9(b) and the PLSRA require more.

*Liu*, 2022 WL 2165621, at *2-3 (citations omitted).

Respectfully submitted,

Andrew B. Clubok
of LATHAM & WATKINS LLP

*Counsel for Defendants*

cc:    All Counsel of Record (via ECF)