# Exhibit 1

2022 WL 2165621

2022 WL 2165621
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Hou LIU, Amy Fu, Plaintiffs-Appellants,
Judith Desmet, Individually and on behalf
of all others Similarly Situated, Plaintiff,
v.
INTERCEPT PHARMACEUTICALS, INC.,
Mark Pruzanski, Sandip S. Kapadia, Richard
Kim, Rachel McMinn, Defendants-Appellees.

No. 20-3488
|
June 16, 2022

Appeal from an order of the United States District Court for
the Southern District of New York (Kaplan *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS
HEREBY ORDERED, ADJUDGED, AND DECREED**
that the order entered on September 9, 2020, is **AFFIRMED.**

**Attorneys and Law Firms**

FOR PLAINTIFFS-APPELLANTS: Megan M. Remmel
(Steve W. Gonnello, on the brief), Faruqi & Faruqi, LLP, New
York NY.

FOR DEFENDANTS-APPELLEES: Shay Dvoretzky (James
R. Carroll, Scott D. Musoff, Alisha Q. Nanda, on the brief),
Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.

PRESENT: Susan L. Carney, Richard J. Sullivan, Circuit
Judges, J. Paul Oetken, District Judge. [*]

[*]     Judge J. Paul Oetken, of the United States District
Court for the Southern District of New York, sitting
by designation.

**SUMMARY ORDER**

 **\*1**  Plaintiffs-Appellants Hou Liu and Amy Fu ("Plaintiffs")
appeal from an order of the district court denying their
requests for reconsideration and for leave to amend their
Amended Class Action Complaint (the "Complaint"). In
the Complaint, they allege that Intercept Pharmaceuticals,
Inc., ("Intercept") and certain of its officers and directors

(the latter, the "Individual Defendants"), knowingly made
statements concerning Ocaliva, [1] an Intercept-manufactured
drug, that were rendered false or misleading by their failure
to disclose that patients taking Ocaliva were experiencing
Serious Adverse Events ("SAEs"), Potential Side Effects
("PSEs"), and were mistakenly overdosing. The Complaint
charges that, through these material misrepresentations and
omissions, Defendants violated sections 10(b) and 20(a) of
the Securities Exchange Act of 1934 (the "Exchange Act"). In
March 2020, the district court dismissed the Complaint, ruling
that Plaintiffs failed plausibly to allege that Defendants'
statements were materially false or misleading and, in the
alternative, that they failed plausibly to allege that the alleged
conduct gave rise to a strong inference of scienter, thus failing
to satisfy Rule 9(b) and the Private Securities Litigation
Reform Act ("PSLRA"). *See* Fed. R. Civ. P. 9(b); 15 U.S.C.
§§ 78u-4, *et seq.* Judgment was entered accordingly on March
27, 2020. On April 20, 2020, Plaintiffs filed a request for
an extension of time within which to file a motion for
reconsideration, and on April 21, the district court granted
the requested extension. [2] They filed their motion on May 8,
2020, within the extended deadline set by the district court. In
September 2020, the district court denied Plaintiffs' motion
for reconsideration under Rule 59(e), for relief under Rule
60(b), and for leave to file a Proposed Second Amended
Complaint (the "PSAC"), principally on the grounds of
futility. On October 9, 2020, Plaintiffs filed their Notice of
Appeal.

1     Ocaliva is designed to treat primary biliary
cholangitis, a chronic autoimmune disease in which
the bile ducts in the liver deteriorate over the course
of many years.

2     Plaintiffs cited "the current health crisis in the
United States caused by the COVID-19 pandemic,
resulting health issues for one of the attorneys on
the team as well as their family, and the shut-down
of businesses in New York city due to Governor
Cuomo's New York State on PAUSE executive
order" as constituting "good cause ... to extend
the filing deadline for the Motion by fourteen (14)
days, to May 8, 2020." Jt. App. 572.

Plaintiffs' Notice of Appeal reflects their intention to appeal
the district court's March 2020 dismissal of their Complaint,
as well as the district court's pre-judgment orders denying
their motion to lift the PSLRA's automatic stay of discovery
and their request for leave to file new evidence in support

WESTLAW    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 2165621

of their motion to lift the stay. Jt. App. 1298. Defendants argue that we are without jurisdiction to do so, asserting that Plaintiffs' notice of appeal was untimely under Federal Rule of Appellate Procedure 4 as to the pre-judgment orders and March dismissal order. They submit on that basis that in this appeal we may consider only the district court's September 2020 denial of Plaintiffs' motion for reconsideration.

**\*2** We agree with Defendants that Plaintiffs' notice of appeal was untimely as to the entry of judgment and the pre-judgment rulings, notwithstanding the district court's grant of an extension of time to file their motion under Rule 59(e) and Rule 60. The relevant substantive issues concerning the initial stay denial and complaint dismissal are nonetheless properly before us because their merits were implicitly addressed in the district court's order denying Plaintiffs' motion for reconsideration under Rule 59(e) and for relief under Rule 60(b), for which the notice of appeal was timely filed. We treat them nonetheless in the context of the standard of review applicable on appeal of such orders.

"A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is ... reviewed for an abuse of discretion." *Empresa Cubana del Tabaco v. Culbro Corp.,* 541 F.3d 476, 478 (2d Cir. 2008) (internal quotation marks omitted). We review *de novo* the denial of a Rule 60(b) motion to the extent that the denial is based solely on futility grounds. *See Indiana Pub. Ret. Sys. v. SAIC, Inc.,* 818 F.3d 85, 92 (2d Cir. 2016). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

### 1. The PSAC and scienter

Plaintiffs contend that the district court erred when it determined that filing the PSAC would be futile because it fails to plead facts supporting a strong inference of scienter. *See Hou Liu v. Intercept Pharms., Inc.,* No. 17-CV-7371 (LAK), 2020 WL 5441345, at \*3–9 (S.D.N.Y. Sept. 9, 2020). A proposed amendment is futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC,* 783 F.3d 383, 389 (2d Cir. 2015) (internal quotation marks omitted). For the reasons discussed below, we affirm the district court's ruling that the Complaint was deficient in its scienter-related allegations, that the PSAC does not cure those deficiencies, and therefore that the district court correctly denied leave to amend.

To state a claim for securities fraud under Section 10(b) a plaintiff must allege that a defendant made misstatements or omissions of material fact with the requisite culpable intent. *See Stratte-McClure v. Morgan Stanley,* 776 F.3d 94, 100 (2d Cir. 2015). This task may be accomplished "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Kalnit v. Eichler,* 264 F.3d 131, 138 (2d Cir. 2001) (internal quotation marks omitted). Plaintiffs here contend primarily that the PSAC alleges "strong circumstantial evidence of conscious misbehavior or recklessness" in its charges that, before touting the drug's performance, the Individual Defendants either knew of reports of SAEs and PSEs or failed to review Ocaliva's safety data. [3]

[3]      The PSAC offers no new allegations from which to infer that Defendants "had both motive and opportunity to commit fraud." *Kalnit,* 264 F.3d at 138. Instead, the PSAC simply repeats verbatim Plaintiffs' defective motive and opportunity allegations, as originally presented in the Complaint. Tellingly, Plaintiffs do not discuss the PSAC's motive and opportunity allegations in their briefs on appeal.

The PSAC's allegations provide an insufficient basis from which to infer reckless or conscious misbehavior under the heightened pleading standards imposed by Rule 9(b) and the PLSRA. In the securities fraud context, reckless conduct must be "highly unreasonable, representing an extreme departure from the standards of ordinary care, not merely a heightened form of negligence." *In re Advanced Battery Techs., Inc.,* 781 F.3d 638, 644 (2d Cir. 2015) (internal quotation marks and citation omitted). The PSAC's primary theory of scienter is Plaintiffs' deduction that Individual Defendants had access to internal documentation concerning Ocaliva's safety performance and that they then knowingly concealed the full extent of the SAEs and PSEs that were linked to Ocaliva.

**\*3** But the PSAC does not allege with any specificity at all when the Individual Defendants reviewed internal data, or even should have reviewed internal data, or how that data rendered their public comments about Ocaliva's performance false or misleading. We agree with the district court that speculative allegations concerning data that Individual

Case 1:21-cv-02369-CBA-PK   Document 73-1   Filed 06/22/22   Page 4 of 5 PageID #: 1287

Liu v. Intercept Pharmaceuticals, Inc., Not Reported in Fed. Rptr. (2022)

2022 WL 2165621

Defendants "must have reviewed" or were "already aware [of]" are insufficient to carry Plaintiffs' pleading burden. *Hou Liu,* 2020 WL 5441345, at \*5; Jt. App. 613, 673–74, 676–77 (PSAC ¶¶ 67, 179, 184). Rule 9(b) and the PLSRA require more. *See, e.g., Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc.,* 531 F.3d 190, 196 (2d Cir. 2008) (allegation that the defendant "knew facts or had access to information suggesting that their public statements were not accurate," without identifying where specifically such information was found, insufficient to raise an inference of scienter); *see also Kalnit,* 264 F.3d at 142 (plaintiffs "cannot base securities fraud claims on speculation and conclusory allegations").

We conclude that the district court properly denied Plaintiffs' request for leave to file the PSAC because such amendments as proposed in the PSAC would be futile.

2. Plaintiffs' motions to lift the stay and file new evidence
Plaintiffs also challenge the district court's pre-judgment denial of their motions to lift the PLSRA automatic discovery stay and to submit new evidence. Both motions concern documents that Plaintiffs requested from the European Medicines Agency ("EMA") and that, according to Plaintiffs, are related to Intercept's alleged attempt to block Plaintiffs' access to periodic safety update reports ("PSURs") that Intercept filed with the EMA concerning Ocaliva.[4] Plaintiffs charge that the district court erred when it denied their motions without explanation in a minute entry on the docket and then granted Defendants' motion to dismiss without allowing them an opportunity to access the EMA documents.

[4]    A PSUR is a document that the EMA requires a drug manufacturer to submit at prescribed intervals. In it, the manufacturer evaluates and summarizes the most up-to-date safety data regarding its product, "to present a comprehensive and critical analysis of the risk-benefit balance of the product, taking into account new or emerging safety information in the context of cumulative information on risk and benefits." *See* European Medicines Agency, Periodic Safety Update Reports (Sept. 26, 2018), https://www.ema.europa.eu/en/human-regulatory/post-authorisation/pharmacovigilance/periodic-safety-update-reports-psurs (emphasis omitted).

Although the district court's order denying reconsideration referenced its denial of Plaintiffs' motions only in a footnote, *Hou Liu,* 2020 WL 5441345, at \*10 n.90, the district court's analysis makes clear that – even if it were true that the requested documents demonstrated that "Intercept had knowledge of or access to Ocaliva's safety data," or that Defendants "attempt[ed] to shield" access to the PSURs – Plaintiffs' additional allegations would *still* be insufficient to cure their pleading deficiencies. *Id.* at \*11. We identify no error in that ruling. *See Cornielsen v. Infinium Cap. Mgmt., LLC,* 916 F.3d 589, 601 (7th Cir. 2019) (explaining that the PSLRA's automatic discovery stay "prevents a plaintiff from bringing an action without first possessing the information necessary to satisfy the heightened pleading requirements of the PSLRA"); *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.,* 189 F.3d 909, 913 (9th Cir. 1999) ("[A]s a matter of law, failure to muster facts sufficient to meet the [PSLRA's] pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under [the PSLRA]."). Even if Plaintiffs had obtained the EMA documents, they still lack the necessary specific allegations to support an inference of scienter. In the PSAC, Plaintiffs allege merely a deduction that when drafting the PSURs, "Intercept and its employees necessarily evaluated and summarized Intercept's most up-to-date safety data, including any SAEs or [PSEs]." Jt. App. 684 (PSAC ¶ 197). As discussed above, such conclusory and speculative allegations fail to adequately allege scienter as to the Individual Defendants*, see Teamsters,* 531 F.3d at 196.

3. Plaintiffs' request for leave to amend
**\*4**  Finally, Plaintiffs assert that the district court abused its discretion when it denied their request for leave to amend, even apart from any failures located in the PSAC. They point out that, in preparing a proposed amended complaint, they "never had the benefit of a ruling" on their request for leave and urge us to conclude that, because Rule 15 promotes a liberal policy of granting leave and because their chances of addressing the district court's concerns would have been enhanced with the benefit of its ruling, the district court erred by denying their request. Appellants' Br. at 33.

Plaintiffs' request was at best cursory, however: at the conclusion of their opposition brief to Defendants' motion to dismiss, they included a casual two-line mention that they would like leave to amend if the district court dismissed Complaint. We conclude that, in these circumstances, the district court did not abuse its discretion by denying the request. We have stated that "[i]t is within the court's

2022 WL 2165621

discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006), *abrogated on other grounds by* FTC v. Actavis, Inc., 570 U.S. 136 (2013). Although the district court did not expressly address Plaintiffs' request in its order dismissing the Complaint, it thoroughly reviewed the PSAC when denying Plaintiffs' motion for reconsideration and determined that amendment would be futile. *See Hou Liu*, 2020 WL 5441345, at *3. We see no grounds for disturbing that decision.

\* \* \*

We have considered Plaintiffs' remaining arguments and find in them no basis for reversal. The order of the district court is **AFFIRMED**.

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 2165621

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.