![Faruqi & Faruqi LLP logo]

NEW YORK     CALIFORNIA     GEORGIA     PENNSYLVANIA

June 23, 2022

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:** *In re Peloton Interactive Inc. Securities Litigation*,
      **No. 1:21-CV-02369 (CBA)(PK)**

Dear Judge Amon:

  We represent Lead Plaintiff Richard Neswick ("Plaintiff") in the above-captioned action. We write in response to Defendants Peloton Interactive, Inc., John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson's (collectively "Defendants") letter of June 22, 2022, which submitted the Second Circuit's recent decision in *Liu v. Intercept Pharmaceuticals, Inc.*, No. 20-3488, 2022 WL 2165621 (2d Cir. June 16, 2022) in support of their pending Motion to Dismiss Amended Class Action Complaint ("Motion to Dismiss"). ECF Nos. 73, 73-1. As set forth more fully below, the *Liu* decision has no precedential value, is factually distinguishable from the instant matter, and should be disregarded.

  As an initial matter, the *Liu* decision is a Summary Order, which is plainly designated in its caption in the decision filed in the Second Circuit docket. *See Liu v. Intercept Pharms., Inc.*, No. 20-3488 (2d Cir. June 16, 2022), ECF No. 104-1 attached hereto at Exhibit A.   As clearly set forth on the first page of the Second Circuit's decision (*see* Ex. A), it has no precedential value pursuant to the Local Rules of the Second Circuit. *See* 2d Cir. R. 32.1.1(a).

  Moreover, the *Liu* Summary Order is factually distinct from this case and does not support Defendants' Motion to Dismiss. In *Liu*, the Second Circuit held that the complaint's allegations failed to allege a factual basis from which to infer recklessness or conscious misbehavior sufficient to establish scienter under the heightened pleading standards of Rule 9(b) and the PSLRA. *Liu*, 2022 WL 2165621, at *2-3. Specifically, the Court held that the plaintiffs had not pleaded with sufficient particularity that the individual defendants had access to, or knowledge of, the small handful of adverse event reports concerning the drug Ocaliva that treats a chronic autoimmune disease called cholangitis, and that these reports contradicted their public statements. *Id*. at *1 & n.1.  Such is not the case here.



The Honorable Carol Bagley Amon
June 23, 2022
Page 2


In this case, Plaintiff's Amended Class Action Complaint ("Complaint" or "AC") (ECF No. 45) alleges in great detail the timing and manner in which Defendants knew and/or were reckless in not knowing about actual injuries, including serious injuries to children, that were without dispute caused by Peloton's treadmills. The Complaint also alleges in detail that Defendants knowingly and/or recklessly concealed these dangers from the public. Specifically, the Complaint alleges, *inter alia*, the following specific facts regarding Defendants' scienter:

- Peloton has only two types of exercise products, the stationary bike and the treads, and the newly introduced treadmill products were seen as important to the future of the Company (AC ¶¶ 24-25; 125-33);

- Defendant Brad Olson, the head of Member Services, specifically described in detail how Peloton monitored and captured every single piece of member feedback, including member posts on the Peloton Group Facebook page (which posts included numerous reports of serious bodily injuries to children before and during the Class Period), to determine why members are reaching out and to address the "root causes" of member issues, how they at Peloton felt ownership for every touchpoint, and how Defendant Foley had even posted on the Peloton Facebook Page regarding the Company's values  (AC ¶¶ 47, 49, 50, 51, 52, 53, 109, and sources incorporated by reference);

- That Member feedback and personal stories were compiled and circulated in a monthly internal report called "Voice of the Member" that was shared with the entire organization, including the Individual Defendants, which informs the Company's priorities, and how the Member Experience team flags trending issues (AC ¶¶ 50, 53, and sources incorporated by reference);

- Confidential Witness 1 stated that safety events and injuries were ultimately escalated to the Individual Defendants (AC ¶ 106 and sources incorporated by reference);

- Peloton was required under federal regulation to report the injuries to the Consumer Product Safety Commission ("CPSC"), which only happened when a child died due to the Tread+ (AC ¶¶ 97-115 and sources incorporated by reference);

The Honorable Carol Bagley Amon
June 23, 2022
Page 3

- The CPSC officially reported to Peloton that a child had suffered a brain injury (which reports the Company states that it takes seriously and investigates) on March 4, 2021 (*see* AC Ex. A, incident number 77 at p. 34 and CPSC Report incorporated by reference that discloses that Peloton was notified on March 4), two weeks before Peloton disclosed the death of a child from its Tread+ on March 18, 2021, and Peloton still did not disclose the child's brain injury until April 17, 2021, and continued to mislead the market about other serious injuries (AC ¶78);

- The boilerplate risk disclosure statements in Peloton's SEC filings were generic, failed to distinguish the risks from using its stationary bikes as opposed to its treadmills, failed to say anything about the Tread+ pulling children underneath it and causing bodily injury or that the heavy monitors on the Tread were falling off and posed a risk of injury, and Individual Defendants Foley and Woodworth signed off on these SEC filings pursuant to the Sarbanes-Oxley Act of 2002 (AC ¶¶ 134-36); and

- At the end of the Class Period, Peloton finally was compelled to recall all of its treads and admitted that it actually had received 72 reports of adult users, children, pets and/or objects being pulled under the rear of the treadmill, including 29 reports of children's injuries such as abrasions, broken bones and lacerations (AC ¶¶ 85-95).

Finally, unlike the facts of *Liu* where contradictory information was relegated to one division of the defendant company and there was an issue of causation for the adverse event reports, there is no question that Peloton's dangerous treadmills were causing serious harm to users and non-users and this risk of serious harm from Peloton's treadmills was known throughout the Company, including low-level employees such as delivery employees, and that ultimately these serious defects with the treadmills resulted in the recall of all of Peloton's treadmills. *See e.g.*, AC ¶ 35. Further, there is no dispute that Defendants knew of the danger of their products after their public acknowledgment on March 18, 2021, that a child died due to a Tread+. *See* AC ¶ 70.

At bottom, the allegations in the Complaint are more than sufficient to meet the pleading standards in this securities case. The *Liu* Summary Order, even if it had precedential value,

The Honorable Carol Bagley Amon
June 23, 2022
Page 4

which it does not, is factually distinguishable from the detailed allegations in this case and does not support Defendants' Motion to Dismiss, which should be denied in its entirety.

Respectfully submitted,

*/s/James M. Wilson, Jr.*
James M. Wilson, Jr.


cc:   All Counsel of Record (via ECF)