**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IN RE PELOTON INTERACTIVE, INC.
SECURITIES LITIGATION

Case No. 1:21-cv-02369-CBA-PK

District Judge Carol B. Amon

Magistrate Judge Peggy Kuo

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of April 17, 2023 (the "Stipulation") is entered into between (a) Richard Neswick ("Lead Plaintiff") on behalf of himself and members of the Settlement Class; and (b) Peloton Interactive, Inc. ("Peloton"), and John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson (the "Individual Defendants," and with Peloton, the "Defendants," and collectively with Plaintiff, the "Parties"), by and through their counsel of record, and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

**WHEREAS:**

A.      On April 29, 2021, an initial putative securities class action lawsuit was filed in the United States District Court for the Eastern District of New York ("Court"), captioned *Ashley Wilson, Individually and on behalf of all others similarly situated v. Peloton Interactive, Inc.,*

---

[1]      All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

*John Foley, and Jill Woodworth*, Case No. 1:21-cv-02369-CBA-PK, which was amended on May 6, 2021. ECF Nos. 1, 8.

B.      On May 24, 2021, Leigh Drori brought a securities class action lawsuit against the Defendants in the United States District Court for the Eastern District of New York, styled *Leigh Drori, Individually and on behalf of all others similarly situated v. Peloton Interactive, Inc., John Foley, and Jill Woodworth*, Case No. 1:21-cv-02925(CBA)(PK). On June 28, 2021, Richard Neswick filed a motion for (1) consolidation, (2) appointment as Lead Plaintiff, and (3) approval of Lead Counsel. ECF No. 25.

C.      On October 26, 2021, Magistrate Judge Peggy Kuo recommended that the motion be granted, that the actions be consolidated, that Richard Neswick be appointed as lead plaintiff, and that Faruqi & Faruqi, LLP be appointed as lead counsel. ECF No. 37. On November 16, 2021, Judge Amon adopted the report and recommendation in full, consolidating the cases and appointing Plaintiff Richard Neswick as Lead Plaintiff and appointing Faruqi & Faruqi, LLP as Lead Counsel.

D.      On January 21, 2022, Lead Plaintiff filed an amended class action complaint (the "Complaint"). ECF No. 45. The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants, alleging that Defendants made materially false and misleading statements and omissions. The Complaint alleged, among other things, that the price of Peloton common stock was artificially inflated during the putative Class Period as a result of the allegedly false and misleading statements, and declined when the truth was alleged to have been revealed on March 18, 2021, April 17, 2021, and May 5, 2021.

E.      On March 7, 2022, Defendants moved to dismiss the Complaint. ECF Nos. 51-52. On April 6, 2021, Lead Plaintiff opposed Defendants' motion to dismiss (ECF No. 55), and on April 26, 2021, Defendants filed their reply in support of their motion (ECF No. 58).

F.      On June 8, 2022, the Court held oral arguments on the motion to dismiss, and reserved decision on the motion to dismiss.

G.      On December 15, 2022, while Defendants' motion to dismiss remained pending, the Parties participated in a lengthy mediation session, conducted by David Murphy of Phillips ADR, a well-respected and highly experienced mediator and former securities litigator, to explore a potential negotiated resolution of the claims in the Action. The mediation involved an extended discussion about a potential resolution, and was preceded by the exchange of mediation statements and reply mediation statements. As a result of the December 15, 2022, mediation, the Parties reached an agreement-in-principle, subject to certain Confirmatory Discovery and Court approval, to settle and release the claims asserted against Defendants in the Action. The Parties memorialized their agreement in a Memorandum of Understanding ("MOU"). This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the MOU.

H.      On December 15, 2022, the Parties filed a letter motion to stay the Action and vacate any pre-trial deadlines in light of the settlement-in-principle, ECF No. 77, which the Court granted on December 16, 2022.

I.      On or about January 16, 2023, Defendants commenced their production of documents in connection with the Confirmatory Discovery in order to confirm the adequacy of the Settlement.

J.      Lead Plaintiff, through Lead Counsel, represents that it conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) press releases; (vi) audio recordings and transcripts of interviews with the Defendant Brad Olson; (vii) Confirmatory Discovery, as defined in ¶ 1; and (viii) the applicable law governing the claims and potential defenses.

K.      Based upon their investigation, prosecution, and mediation of the Action, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this Action and with the advice of their counsel, Lead Plaintiff has agreed to settle this Action and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things:  (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

L.      Defendants deny, and continue to deny, each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the Settlement Class, including all claims in the complaints filed in the Action. Defendants have asserted and continue to assert that their public

4

statements during the putative Class Period contained no material misstatements or omissions, and that at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws. Accordingly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and Released Claims. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

M.      This Stipulation, whether or not consummated, or any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them individually, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.

N.      Lead Plaintiff believes that the claims asserted in the Action have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to prosecute this Action, and have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as this Action, as well as the difficulties and

delays inherent in such litigation. Lead Counsel is mindful of the inherent problems of proof and possible defenses to the claims alleged in the Action. Based upon their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of the Settlement Class. This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

**NOW THEREFORE, it is hereby STIPULATED AND AGREED**, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the terms and conditions set forth below.

<u>**DEFINITIONS**</u>

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.      "Action" means the civil litigation captioned *In re Peloton Interactive, Inc. Securities Litigation*, No. 2:21-cv-02369-CBA-PK, pending in the United States District Court for the Eastern District of New York before the Honorable Carol Bagley Amon.

b.      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

c.      "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund pursuant to the terms of the Court-approved Plan of Allocation.

d.      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

e.      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-3, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

f.      "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

g.      "Claims Administrator" means Epiq Systems, Inc., the firm retained by Lead Counsel, subject to approval of the Court, to administer the Settlement, including providing all notices approved by the Court to potential Settlement Class Members and processing Proof of Claim Forms.

h.      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i.      "Class Period" means the period from September 11, 2020 to May 5, 2021, inclusive.

j.      "Company" or "Peloton" means Peloton Interactive, Inc.

k.      "Complaint" means the Amended Class Action Complaint and Demand for Jury Trial filed by Lead Plaintiff in the Action on January 21, 2022.

l.      "Confirmatory Discovery" means the discovery that Lead Counsel undertook for the purpose of confirming the adequacy of the Settlement.

m.      "Court" means the United States District Court for the Eastern District of New York.

n.      "Defendants" means Peloton Interactive, Inc., John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson, collectively.

o.      "Defendants' Counsel" means Latham & Watkins LLP.

p.      "Defendants' Releasees" means Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current, former, or future parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, shareholders, owners, members, contractors, subcontractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, co-insurers or insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

q.      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 36 of this Stipulation have been met and have occurred or have been waived.

r.      "Escrow Account" means the separate escrow account designated and controlled by Lead Counsel at The Huntington National Bank, into which the Settlement Amount

shall be deposited and held in escrow under the control of Lead Counsel for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

s.      "Escrow Agent" means The Huntington National Bank or its successor.

t.      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

u.      "Final" means, with respect to the Judgment or, if applicable, the Alternate Judgment, the occurrence of either of the following (whichever is earlier):  (i) if an appeal or review is not sought by any Person from the Judgment or the Alternative Judgment, the day following the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal or review is sought by any Person from the Judgment or Alternate Judgment, the day after such Judgment or Alternative Judgment is no longer subject to further judicial review, including upon appeal or review by a writ of certiorari. Any appeal or proceeding seeking judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or Alternative Judgment from becoming Final, however.

v.      "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award of reasonable costs and expenses to Lead Plaintiff pursuant to 15 U.S.C § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

w.      "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-

law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

x.     "Individual Defendants" means John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson.

y.     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

z.     "Lead Counsel" means Faruqi & Faruqi, LLP.

aa.    "Lead Plaintiff" means Richard Neswick.

bb.    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

cc.    "Mediator" means David Murphy of Phillips ADR.

dd.    "MOU" means the memorandum of understanding dated December 15, 2022, as finalized on December 19, 2022 in which the Parties memorialized their agreement-in-principle to settle the Action.

ee.    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

ff.    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation

Expenses, substantially in the form attached hereto as Exhibit A-1, which will be posted on the settlement website and mailed or emailed to Settlement Class Members upon request.

gg.    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing the Notice of the proposed Settlement by mail, publication, and other means to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, which includes receiving and reviewing claims, applying the Plan of Allocation, communicating with Persons regarding the Settlement and claims administration process, distributing the Settlement proceeds, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

hh.    "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Settlement Class.

ii.    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

jj.    "Plaintiffs' Releasees" means (i) Lead Plaintiff, his attorneys, and all other Settlement Class Members; (ii) affiliates, current and former parents, subsidiaries, successors, predecessors, assigns, executors, administrators, representatives, attorneys, and agents of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates,

insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

kk.    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund, which shall be substantially in the form set forth in the Notice, or any other plan of distributing the Net Settlement Fund approved by the Court.

ll.    "Postcard Notice" means the postcard notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-2, which is to be mailed to Settlement Class Members.

mm. "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

nn.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

oo.    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

pp.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that arise out of or relate

in any way to the institution, prosecution, or settlement of the claims against Defendants, which Defendants will release as against Plaintiffs' Releasees upon the Effective Date. Released Defendants' Claims shall not include:   (1) any claims relating to the enforcement of the Settlement; or (2) any claims against any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

        qq.   "Released Plaintiffs' Claims" means all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or Unknown Claims, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants or any of the Defendants' Releasees that (i) arise out of or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Action or in any of the prior complaints, or (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Peloton securities during the Class Period.  For the avoidance of doubt, Released Plaintiffs' Claims include, but are not limited to, any claims under the Securities Act of 1933 or the Securities Exchange Act of 1934, or the securities laws of any state or territory. The following claims are explicitly excluded from release:  (1) all claims related to the enforcement of the Settlement; (2) asserted derivatively purportedly on behalf of Peloton in *In re Peloton Interactive, Inc. Derivative Litigation*, Case No. 1:21-cv-02862-CBA-PK (E.D.N.Y), *In re Peloton Interactive, Inc. Stockholder Derivative Litigation*, Case No. 2022-1051-KSJM (Del.

Ch.), or *Manzella v. Cortese, et al.*, Case No. 2023-0224-KSJM (Del. Ch.) (together, the "Derivative Actions"); (3) asserted by plaintiff in its June 25, 2022 complaint filed in *Robeco Capital Growth Funds v. Peloton Interactive, Inc.*, Case No. 21-cv-9582 (S.D.N.Y.) ("SDNY Action"), or any amended complaint properly filed in the SDNY Action in which that plaintiff asserts allegations that are substantially similar to those made in the June 25, 2022 complaint (which, for the avoidance of doubt, shall not include any claims that both (a) were asserted in the Complaint or any prior complaint in this Action, and (b) were not asserted in the June 25, 2022 complaint in the SDNY Action); or (4) any claims of any person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Court. Nothing in this Settlement shall waive any arguments or defenses Defendants may assert in, in connection with, or otherwise related to any other litigation or matter, including, but not limited to, the Derivative Actions or the SDNY Action.

       rr.    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

       ss.    "Releases" means the releases set forth in ¶¶ 6-7 of this Stipulation.

       tt.    "Settlement" means the resolution of the Action in accordance with the terms and provisions set forth in this Stipulation.

       uu.    "Settlement Amount" means the total principal amount of thirteen million, nine-hundred and fifty thousand U.S. Dollars ($13,950,000.00) in cash.

       vv.    "Settlement Class" means all persons or entities who purchased or otherwise acquired Peloton securities during the Class Period, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of Peloton; (iii) members of the immediate family of each of the Individual Defendants;

(iv) all subsidiaries and affiliates of Peloton and the directors and officers of Peloton and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

ww.   "Settlement Class Member" means each person who or entity which is a member of the Settlement Class.

xx.   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon while in the Escrow Account.

yy.   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

zz.   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-4, to be published as set forth in the Preliminary Approval Order.

aaa.   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

bbb.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff, other Settlement Class Members, Defendants, or any of Defendants' Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally,

and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Within five (5) business days of execution of this Stipulation, and by no later than April 17, 2023, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

**DUE DILIGENCE**

4.      The Settlement is subject to the completion of Confirmatory Discovery, which Lead Plaintiff began conducting following the execution of the MOU and will continue to conduct, in accordance with a separate Confidential Agreement for Confirmatory Discovery, for a period of approximately one-hundred and twenty (120) days following January 16, 2022, upon which date Defendants began producing documents.  As part of Confirmatory Discovery, the Parties conferred in good faith upon an appropriate set of documents reasonably necessary for Lead Plaintiff to confirm and determine that the Settlement is fair, reasonable, and adequate to the Settlement Class.  Defendants produced a substantial number of pages of documents, and Peloton has agreed to make one or more current employees knowledgeable about the subjects of Lead Plaintiff's allegations available for an untranscribed interview prior to the time that Lead Plaintiff will move for final approval of the Settlement. Information provided during Confirmatory Discovery is subject to a separate confidentiality agreement and may only be used to evaluate and effectuate the Settlement, and shall not be disclosed, filed with the Court, or attached as an exhibit to any complaint, form the basis of any complaint, or be attached to any other document.

**RELEASE OF CLAIMS**

5.      The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court, and the Judgment (or Alternative Judgment) reflecting such approval becoming Final; and (b) in consideration of the full and final disposition of the Action with respect to the Releasees and any and all Released Claims provided for herein.

6.      Pursuant to the Judgment (or the Alternate Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of

the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred, enjoined, and precluded from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

7.      Pursuant to the Judgment (or the Alternate Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

8.      Notwithstanding ¶¶ 6-7 above, nothing in the Judgment (or the Alternate Judgment, if applicable), shall bar any action by any of the Parties to enforce or effectuate the terms of this Settlement, including the Stipulation or the Judgment (or Alternate Judgment, if applicable).

## THE SETTLEMENT CONSIDERATION

9.      In exchange for the full and Final settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants and/or their insurers shall

pay or cause to be paid the Settlement Amount into the Escrow Account within twenty (20) business days of the later of:  (1) the final approval of the Settlement by the Court; or (2) the Escrow Agent having provided to Defendants' Counsel at Latham & Watkins LLP (a) a Form W-9 for the escrow account, (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account, and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information and a physical address for the Escrow Agent.  If the Settlement Amount is not timely paid to the Escrow Agent, and is not subject to a good faith dispute between the Parties as to whether the Settlement Amount is due, Lead Plaintiff may terminate the Settlement, but only if (a) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) business days after Lead Counsel has provided such written notice.  If there is a dispute as to whether the Settlement Amount is due into the Escrow Account, any such dispute shall be resolved by the Mediator in accordance with ¶ 64 herein.

10.    The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Lead Counsel, administrative costs, expenses, Settlement Class Member benefits, Lead Plaintiff awards, reimbursement of Lead Plaintiff's time and expenses pursuant to the Private Securities Litigation Reform Act, as well as any other costs, expenses, or fees of any kind whatsoever associated with this Action, the Settlement, or the resolution of this matter. Defendants shall bear their own costs and expenses in connection with the Settlement, including costs, expenses, and fees of their counsel; the costs of providing their transfer records for

purposes of notice (*see* ¶ 22 below); and the costs of providing notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b) (*see* ¶ 23 below).

11.     Other than the all-in Settlement Amount as described in ¶ 9, Defendants (and Defendants' Releasees) shall have no obligation to make any other payments, including into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

**<u>USE OF SETTLEMENT FUND</u>**

12.     The Settlement Fund shall be used to pay or reimburse: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 24-34 below.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

14.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants and Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants and Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

16.    The Settlement is not a claims-made settlement. After the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance

carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, and shall not have any responsibility or liability should claims made exceed the amount available in the Settlement Fund for payment of such claims. The Defendants and Defendants' Releasees shall not be responsible or liable for the loss of any portion of the Settlement Fund, nor shall they have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund, including those in Paragraph ¶ 12.

17.   Notwithstanding that the Effective Date has not yet occurred, Lead Counsel may pay from the Escrow Account the actual Notice and Administration Costs and Taxes, which shall not exceed $655,000 (the "Notice Amount"), without further order of the Court.   For the avoidance of doubt, the Notice Amount is part of the Settlement Amount.   The Notice and Administration Costs will be advanced by the Claims Administrator and paid from the Escrow Account following final approval.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.   Lead Counsel will apply to the Court for an award of attorneys' fees incurred in prosecuting the Action to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement or payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.   Defendants shall take no position with respect to any fee and expense application, except to the extent that application seeks to impose obligations on Defendants that are

inconsistent with this Stipulation, including the timing of Defendants paying or causing to be paid the Settlement Amount into the Escrow Account.

19.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel promptly after entry of the Order awarding such attorneys' fees and expenses and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement does not become Final or if, as a result of any appeal or further proceedings, the award of attorneys' fees and/or expenses is reduced or reversed and such order becomes Final. Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after receiving from Defendants' counsel or from a court of competent jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order or termination of the Settlement. The procedure for and the allowance or disallowance by the Court of any attorneys' fees or Litigation Expenses are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

20.     Lead Counsel shall allocate the attorneys' fees between themselves. Defendants and Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund in the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. With the sole exception of Defendants' obligation to pay (or cause to be paid) the Settlement Amount into the Escrow Account as provided for in ¶ 9, none of the Defendants, nor any other Defendants' Releasees, shall have any responsibility for, interest in, authority, or liability whatsoever with respect to:  (i) the selection of the Claims Administrator, (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the Plan of Allocation; (iv) the management, investment, or disbursement of the Settlement Fund, (v) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund, (v) any loss suffered by, or fluctuation in value of, the Settlement Fund, or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the settlement website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, addresses, and e-mail addresses (if available)) of holders of Peloton's publicly traded common stock during the Class Period, to the extent that information is available to Peloton from its transfer agent.

23.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under CAFA § 1715. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, of compliance with CAFA § 1715(b).

24.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized Claim compared to the total recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation

set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

25.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasee, shall have any involvement with or liability, obligation, or responsibility whatsoever for the Plan of Allocation or the application of the Court-approved plan of allocation.

26.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants or Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

27.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice. No Defendant nor any of Defendants' Releasees shall have any involvement in the administrative

decisions of the Claims Administrator or Lead Counsel with respect to the Claims received in connection with the Settlement.

28.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-3, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants or Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the Claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all

other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

      c.     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

      d.     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

      e.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court. Defendants shall not take a position on the administrative determinations of the Claims Administrator.

29.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery from Defendants) or of the Settlement in connection with the processing of Claims.

30.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order:   (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

31.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants and the Settlement Class. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

32.     Upon request by Defendants' Counsel or Defendants, the Claims Administrator and/or Lead Counsel shall provide Defendants with records relating to the notices that were distributed, the Proofs of Claim received by the Claims Administrator, the Proofs of Claims allowed by the Claims Administrator, and the payments made by the Claims Administrator.

33.     No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, Defendants, Defendants' Counsel, or Defendants' Releasees, or any other agent designated by Lead Counsel, Defendants, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

34.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

36.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b.     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

c.     Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment;

e.     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above; and

f.     the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

37.     Upon the occurrence of all of the events referenced in ¶ 36 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

38.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation and the Settlement is thereafter terminated on that basis; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation and the Settlement is thereafter terminated on that basis; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise does not occur, then:

a.     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b.     Lead Plaintiff and Defendants shall revert to their respective litigation positions in the Action on December 14, 2022, and the Parties shall jointly apply to the Court to reinstate Defendants' motion to dismiss and the Parties' motion-to-dismiss briefing, which the Court had dismissed as moot on February 23, 2023 in light of the Parties' agreement-in-principle to enter into this Settlement, which the Court would then decide on the merits.  If not reinstated by the Court, then Defendants shall be entitled to refile a motion to dismiss;

c.     Neither Lead Plaintiff nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action, and Lead Plaintiff and Lead Counsel shall not use or rely on any statement, document, or information provided to Lead Plaintiff or Lead Counsel in connection with Confirmatory Discovery; and

d.     The terms and provisions of this Stipulation, with the exception of ¶ 39 and ¶¶ 17, 19, 41, 42, and 63, shall have no further force and effect with respect to the Parties and

shall not be used in the Action or in any other proceeding for any purpose, and any Judgment (or Alternate Judgment, if applicable), or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

e.      Within ten (10) business days of the Settlement Effective Date failing to occur, Lead Plaintiff shall direct that the Settlement Fund (including accrued interest thereon, and any change in value as a result of the investment of the Settlement Fund, Taxes paid or due, Notice and Administration Costs actually incurred and paid or payable, and any funds received by Lead Counsel consistent with ¶ 19 above) be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 19 above.

39.      If one of the following subparts in this ¶ 39 occurs, then it is further stipulated and agreed that Defendants, provided they unanimously agree, and Lead Plaintiff, provided he agrees, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of such event, in which case the provisions of ¶ 38 above shall apply:  (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment (or Alternate Judgment) in any material respect as to the Settlement; (d) the Judgment is modified or reversed in any material respect by an order from the United States Court of Appeals for the Second Circuit or the United

States Supreme Court; or (e) the Alternate Judgment is modified or reversed in any material respect by an order from the United States Court of Appeals for the Second Circuit or the United States Supreme Court. For the avoidance of doubt, however, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

40.    In addition to the grounds set forth in ¶ 39 above, Peloton shall also have the unilateral right to terminate the Settlement in the event that the Termination Threshold (defined below) has been reached.

a.    Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential supplemental agreement ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Peloton shall have the option to terminate the Settlement and render the Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court, and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their best reasonable efforts to have the Supplemental Agreement

submitted to the Court *in camera* or under seal, and will request that the Court afford it confidential treatment.

b.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Final Settlement Hearing.

c.    In the event of a termination of the Settlement pursuant to the Supplemental Agreement, the Stipulation shall become null and void and of no further force and effect, with the exception of provisions ¶¶ 17, 19, 39, 41, 42, and 63, which shall continue to apply.

<u>**NO ADMISSION OF WRONGDOING**</u>

41.    The MOU, this Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits hereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), and any discussion, communication, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, or any matter arising in connection with settlement discussions, negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than to enforce the terms of the Stipulation or the Settlement, and in particular:

a.    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff, or the validity or infirmity of any claim that was or could have been asserted in this Action or in any

other litigation, including but not limited to Released Plaintiffs' Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or any other person or entity whatsoever; do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the Lead Plaintiff's claims, or the other members of the Settlement Class;

b.    do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

c.    do not constitute, and shall not be offered or received against or to the prejudice of any of the Lead Plaintiff or Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in

any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; and

d. do not constitute, and shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

42. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

43. Peloton warrants, as to the payments made or to be made on behalf itself, that at the time of entering into this Stipulation and at the time of such payment it, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, was not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by Peloton and not by its counsel.

44. In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the

Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 38(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 38(e) above.

45.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants or Defendants' Releasees with respect to the Released Plaintiffs' Claims. Lead Plaintiff and Defendants agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by David Murphy, and reflect the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46.     The Parties agree that except as expressly provided herein, or as may otherwise be required by law (including in the Company's public disclosures and filings with the U.S. Securities and Exchange Commission), in response to any media inquiry regarding the fact of

settlement or the terms of the Settlement, or regarding the amount of any payments made or claims released pursuant to the Settlement, the Parties shall state only that the matter was resolved through settlement and shall provide no further comment, explanation, or description of the Settlement, other than a statement that the Settlement is in the best interests of the Parties, the terms of which are publicly available. In addition, pending final settlement approval, each of the Parties shall not directly or indirectly, individually or in concert with others, engage in any conduct or make, or cause to be made, any statement, observation, or opinion, or communicate any information (whether oral or written) that is calculated to or is likely to have the effect of in any way as to the other Party: (i) undermining, defaming, or otherwise in any way reflecting adversely or detrimentally upon Lead Plaintiff, Defendants, Defendants' Releasees, or any of Peloton's current and former directors, officers, employees, representatives, or affiliates; or (ii) accusing or implying that Lead Plaintiff, Defendants, Defendants' Releasees, or any of Peloton's current and former directors, officers, employees, representatives, or affiliates engaged in any wrongful, unlawful, or improper conduct.

47.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

48.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

49.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or

such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

50.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, the Settlement, or the Supplemental Agreement other than those contained and memorialized in such documents.

52.     This Stipulation may be executed in one or more counterparts, including by signature transmitted electronically via a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

54.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

55.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

56.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

57.     This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

58.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

59.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

60.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, with a copy sent via email transmission, or alternatively, email transmission, with confirmation of receipt and such confirmation shall not be unreasonably withheld. Notice shall be provided as follows:

    If to Lead Plaintiff or Lead Counsel:    Faruqi & Faruqi LLP
    Attn:  James M. Wilson, Jr.
    685 Third Avenue, 26th Floor
    New York, NY 10017
    Telephone: (212) 983-9330
    Fax: (212) 983-9331
    Email: jwilson@faruqilaw.com

If to Defendants:                    Latham & Watkins LLP
                                     Attn: Michele D. Johnson
                                     650 Town Center Drive, 20th Floor
                                     Costa Mesa, CA 92926
                                     Telephone: (714) 755-8113
                                     Fax: (202) 637-2201
                                     Email: michele.johnson@lw.com

                                     *and*

                                     Latham & Watkins LLP
                                     Attn: Andrew B. Clubok
                                     555 Eleventh Street, NW, Suite 1000
                                     Washington, DC 20004
                                     Telephone: (202) 637-2200
                                     Fax: (202) 637-2201
                                     Email: andrew.clubok@lw.com

61.     Except as otherwise provided herein, each Party shall bear its own costs.

62.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all private and confidential settlement discussions, negotiations, draft settlement agreements and any related documents, and mediation submissions and communications that occurred in connection with the Stipulation confidential.

63.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

64.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself, those disputes will be resolved by David Murphy first by way of telephonic or video mediation and, if unsuccessful, then by way of final, binding, non-appealable resolution.

65.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole

responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 17, 2023.

**LATHAM & WATKINS LLP**

By: *Whitney B. Weber*
Whitney B. Weber
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
Email: whitney.weber@lw.com

*Attorneys for Defendants Peloton Interactive, Inc., John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson*

**FARUQI & FARUQI, LLP**

By: *James M. Wilson, Jr.*
James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
jwilson@faruqilaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Settlement Class*