**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PELOTON INTERACTIVE, INC., SECURITIES LITIGATION | Case No. 1:21-cv-02369(CBA)(PK) <br><br> <u>CLASS ACTION</u> |

**REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Lead Plaintiff Richard Neswick ("Plaintiff" or "Neswick") respectfully submits this reply in further support of his unopposed motion for preliminary approval of the proposed Settlement ("Unopposed Motion").[1]

**<u>INTRODUCTORY STATEMENT</u>**

On April 17, 2020, Plaintiff filed his Unopposed Motion. Since that filing there have been no objections and no requests to opt out of the settlement. However, as detailed below, on April 28, 2023, one letter was filed on the docket by an investor who was not seeking to opt out, but who had concerns about the procedures in the settlement documents relating to the opt-out provisions.

On April 28, 2023, Fred Alger Management, LLC ("Alger Funds") filed a letter with the Court indicating that it had concerns with certain proposed procedures reflected in the proposed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") for class members to exclude themselves from the proposed Settlement. ECF No. 84. Plaintiff has conferred with the

---

[1]   Unless otherwise noted, the following conventions are used herein: (a) all emphases are added; (b) all citations and internal quotation marks are omitted; and (c) all capitalized terms have the meaning ascribed to them in the Stipulation of Settlement dated April 17, 2023 ("Stipulation"), ECF No. 80.

Alger Funds and reached an agreement on proposed revisions to the procedures for Class Members to exclude themselves from the Settlement Class, which are reflected in the attached Amended Notice of Settlement and Amended Proposed Order Preliminarily Approving Settlement. The Alger Funds agree that these mutually agreed to revisions satisfactorily address the concerns it raised in its April 28, 2023 letter.

Plaintiff does not consider the agreed to procedural changes to be material to the terms of the Settlement and Defendants have agreed to the changes.   Accordingly, as detailed below, Plaintiff requests the Court to accept the substitution of an amended notice and amended proposed order submitted herewith.

**DETAILS OF THE AGREED TO CHANGES
IN RESPONSE TO LETTER FROM THE ALGER FUNDS**

The Notice's original procedures for exclusion ("opt-out" procedures) (ECF No. 80-2) – which were agreed to by Defendants and reviewed and approved by Lead Plaintiff's proposed claims administrator - were based in part on the Federal Judicial Center's securities class action notice form,[2] and complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(7). The proposed opt-out procedures also have been approved in other securities class actions settlements. *See e.g., Rudani v. Ideanomics, Inc.*, No. 1:19cv-6741-GBD (S.D.N.Y. Sept. 21, 2021), ECF Nos. 107-2 at 9-10 & 115 ¶ 19; *Rosi v. Aclaris Therapeputics, Inc.*, No. 1:19-cv-7118 (LJL) (S.D.N.Y. Aug. 18, 2021), ECF Nos. 62-3 at 8 & 66 ¶ 15; and *Lin v. Liberty Health Sciences, Inc.*, No. 19 Civ. 161 (MKV) (SLC) (S.D.N.Y. July 8, 2021), ECF Nos. 84-3 at 7 & 92 ¶ 18.

---

[2]     *See Securities Class Action Certification and Settlement: Full Notice*, Federal Judicial Center (May 10, 2005) at https://www.fjc.gov/content/securities-class-action-certification-and-settlement-full-notice.

2

In its letter, the Alger Funds expressed concern that the Notice did not clearly state that opt-out requests would be accepted if sent by email, that opt-out requests would not be considered if they did not strictly adhere to the procedures in the Notice, and that brokerage statements were required to be submitted in order to support an opt-out request. To be clear, Plaintiff's proposed claims administrator confirmed that based upon the language of the Notice as originally drafted, any opt outs that were made electronically and/or did not otherwise specifically follow the procedures contained in the Notice would still be included in the list of opt-outs submitted for the Court's consideration at the final approval stage. Further, there is no requirement in the original Notice that brokerage statements be submitted with an opt-out request.

Nevertheless, to avoid unnecessary time and effort to litigate the concerns raised by the Alger Funds and in order to provide putative Class Members with additional specified options to opt out of the proposed Settlement (including additional types of information to seek exclusion), Plaintiff conferred with the Alger Funds and agreed on revised language in the Notice and conforming revised language in the proposed order preliminarily approving the Settlement. The Amended Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Amended Notice") showing the agreed-on revisions in redline is attached as Exhibit 1 to the Declaration of James M. Wilson, Jr. in Further Support of Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Wilson Decl.") submitted herewith. A clean version of the Amended Notice is attached to the Wilson Decl. as Exhibit 2. The amended opt-out procedures clarify that: (i) exclusions may be submitted by email; (ii) opt-out requests may be supported with several additional types of documentation; and (iii) opt-out requests that do not comply with the

3

procedures in the Notice "may otherwise be considered by the Court." *Id.* at 11.  Given that a description of the opt-out procedures also appears in the proposed preliminary approval order, Plaintiff has edited the order to reflect these changes.  A redlined version of the Amended [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Amended Preliminary Approval Order") is attached as Exhibit 3 to the Wilson Declaration.  Plaintiff's proposed edits can be seen in redline on pages 7 to 8.  Plaintiff has also included a clean version of the Amended Preliminary Approval Order as Exhibit 4 to the Wilson Declaration.

Defendants have reviewed the proposed amended language and have also consented to these revised procedures. Plaintiff's proposed claims administrator has also reviewed the proposed amended language and also agrees with these revised procedures. Other than the Alger Funds' concerns in its letter which have now been fully addressed in the Amended Notice and Amended Proposed Order, there are no remaining issues concerning the Unopposed Motion. *See Calibuso v. Bank of Am. Corp.*, 299 F.R.D. 359, 367-68 (E.D.N.Y. 2014) (treating the objection as moot when it was resolved by the parties and approving the settlement).

**CONCLUSION**

The Unopposed Motion is fully briefed and ready for the Court to rule.  Plaintiff respectfully requests that the Court to accept the Amended Notice and Amended Preliminary Approval Order as the operative versions of those documents, and preliminarily approve the settlement as fair, adequate, and reasonable.

Dated: May 8, 2023                              Respectfully submitted,

                                                **FARUQI & FARUQI, LLP**

                                                By:     */s/ James M. Wilson, Jr.*
                                                          James M. Wilson, Jr.

                                                James M. Wilson, Jr.

4

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
         rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff and Lead Counsel for the putative Class*

## CERTIFICATE OF SERVICE

I, James M. Wilson, Jr., hereby certify that on May 8, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

By:    */s/ James M. Wilson, Jr.*
James M. Wilson, Jr.