# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PELOTON INTERACTIVE, INC. SECURITIES LITIGATION | Case No. 1:21-cv-02369-CBA-PK<br><br>**AMENDED [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, (a) Richard Neswick ("Lead Plaintiff") on behalf of himself and members of the Settlement Class, on the one hand, and (b) Peloton Interactive, Inc. ("Peloton"), and John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson (the "Individual Defendants," and with Peloton, the "Defendants," and collectively with Plaintiffs, the "Parties"), on the other, have entered into the Stipulation of Settlement, dated April 17, 2023 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *In re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.) (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meaning as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court has reviewed the Stipulation and does hereby preliminarily approve the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons or entities who purchased or otherwise acquired Peloton securities from September 11, 2020 to May 5, 2021, inclusive, and were damaged thereby ("Settlement Class" or "Settlement Class Member"). Excluded from the Settlement Class are (i) Defendants; (ii) current

1

and former officers and directors of Peloton; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Peloton and the directors and officers of Peloton and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

3.      The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff is certified as the Class Representative on behalf of the Settlement Class, and Lead Counsel is hereby appointed as Class Counsel.

5.      A hearing (the "Settlement Hearing") shall be held before this Court on _____ at _____ a.m./p.m. [a date that is at least 100 days from the date of this Order], at the United States District Court for the Eastern District of New York, Theodore

2

Roosevelt United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, Courtroom ___, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; whether a Judgment as provided in ¶ 35 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses to be awarded to Lead Counsel; and to determine any award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4). The Court may adjourn the Settlement Hearing without further notice to the members of the Settlement Class.

6.      The Court approves, as to form and content, the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses of Pendency and Proposed Settlement of Class Action (the "Notice"), the Postcard Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Postcard Notice"), and the Proof of Claim and Release form (the "Claim Form") annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Postcard Notice and Notice substantially in the manner and form set forth in ¶¶ 11-12 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled hereto.

7.      The firm of Epiq Systems, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice program as well as the processing of claims as more fully set forth below.

8.      The Court approves the appointment of Huntington National Bank as the Escrow

3

Agent to manage and administer the Settlement Fund for the benefit of the Settlement Class.

9.  Not later than five (5) business days after the Court signs and enters this Order, Peloton shall provide and/or cause its transfer agent to provide to Lead Counsel transfer records in electronic searchable form, such as an Excel spreadsheet, containing the names and addresses of Persons who may have purchased or acquired Peloton securities during the Class Period, to the extent that information is available from Peloton's transfer agent.  This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

10.  Not later than twenty-one (21) calendar days after entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator, shall mail, by first-class mail, postage prepaid, the Postcard Notice to the list of record holders of Peloton securities, and shall post to its website at www.PelotonSecuritiesSettlement.com the Stipulation and its exhibits, this Order, and a copy of the Notice and Claim Form.

11.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Peloton securities during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names, addresses, and email addresses (to the extent known) to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. The Claims Administrator shall, if requested,

reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to $0.70 per unit if the nominee or custodian elects to undertake the mailing of the Postcard Notice or up to $0.10 per name if the nominee or custodian provides the names and addresses to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12. The Court approves the form of the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice") substantially in the form annexed hereto as Exhibit A-4, and directs that the Claims Administrator shall cause the Summary Notice to be published in *Investor's Business Daily* and transmitted over *GlobeNewswire* within fourteen (14) calendar days after the Notice Date.

13. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice and proof of publishing of the Summary Notice.

14. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the

5

Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit A-3, must be submitted to the Claims Administrator, electronically or at the address indicated in the Notice, postmarked or submitted electronically no later than _____ __, 2023 [a date that is at least ninety (90) calendar days from the Notice Date].  Such deadline may be further extended by Court order.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid), or when received if submitted electronically.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for, shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided in paragraph 17 of this order.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead

Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)      As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

16.      Any Settlement Class Member may enter an appearance in this Action at his, her, or its own expense, individually or through counsel of his, her, or its choice.  If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

17.      Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request shall either email or mail by first-class mail the request in written form to the addresses designated in the Notice for such exclusions, such that it is received, not simply postmarked, on or before _____ __, 2023 [a date that is at least twenty-one (21) calendar days prior to the Settlement Hearing].  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class and does not wish to participate in the settlement in *In re Peloton Interactive, Inc. Securities Litigation*, No. 2:21-cv-02369-CBA-PK (E.D.N.Y.)," and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the transaction information requested in the Notice, and provide verification from their broker (such as copies of trade confirmations, account statements, or transaction histories),

or a verified, sworn, or attested-to chart including the dates, prices, and quantities at which they purchased and sold Peloton securities during the Class Period, OR other documentation of their transactions in Peloton securities. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18.    Putative Settlement Class Members who timely (as determined by the Court) and validly request exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

19.    The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, the application for an award of attorneys' fees, expenses, and/or an award to Lead Plaintiff only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, by the Clerk of Court, Lead Counsel, and Defendants' Counsel at the addresses set forth below:

**Clerk's Office**
Clerk of the Court
United States District Court
Eastern District of New York
Theodore Roosevelt Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Lead Counsel**
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**Defendants' Counsel**
Andrew B. Clubok
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004

Any Settlement Class Member who does not make his, her, or its objection in the manner

provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the requests for attorneys' fees, expenses, or Lead Plaintiff's award, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, expenses, and an award to the Lead Plaintiff are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, expenses, and an award to Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against Defendants Releasees.

22.    As provided in the Stipulation, the Escrow Agent may advance at the direction of Lead Counsel up to $655,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses.  For any additional Notice and Administration Expenses above $655,000, Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

23.    All papers in support of the settlement, Plan of Allocation, and any application by

9

Lead Counsel for attorneys' fees and expenses or by Lead Plaintiff for his costs and expenses shall be filed and served on or before _____ __, 2023 [a date that is at least fifty-six (56) calendar days prior to the date set herein for the Settlement Hearing]. If reply papers are necessary, they are to be filed and served by _____ __, 2023 [a date that is at least seven (7) calendar days prior to the Settlement Hearing].

24.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order(s) of the Court.

25.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for fees, expenses, or costs submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

26.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then: (i) both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 14, 2022; and (ii) the Parties shall jointly apply to the Court to reinstate Defendants' motion to dismiss and the Parties' motion-to-dismiss briefing and, if not reinstated by the Court, then Defendants shall be entitled to refile a motion to dismiss.

27.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event

the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead

Plaintiff nor Lead Counsel shall have any obligation to repay any amounts incurred or disbursed

pursuant to ¶¶ 12 or 17 of the Stipulation.

    IT IS SO ORDERED.


DATED: _____          _____

                                THE HONORABLE CAROL BAGLEY AMON
                                UNITED STATES DISTRICT JUDGE

11