# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                 :

IN RE PELOTON INTERACTIVE, INC.    :      **DECISION AND ORDER**
SECURITIES LITIGATION              :

                                 :      21-CV-2369 (CBA)(PK)

------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Richard Neswick ("Neswick" or "Plaintiff") has filed an unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion," Dkt. 81), which was referred to me for a decision by the Honorable Carol Bagley Amon. (Order dated January 26, 2024.) For the reasons stated below, the Motion is granted.

## BACKGROUND

### I.    Factual and Procedural Background

Ashley Wilson ("Wilson") brought this action on March 29, 2021, against Peloton Interactive, Inc. ("Peloton"), John Foley, and Jill Woodworth (collectively, "Defendants") on behalf of herself and a putative class consisting of purchasers of Peloton securities between September 11, 2020, and April 16, 2021, alleging violations of the federal securities laws under the Securities Exchange Act of 1934. (Compl., Dkt. 1.)

In an Amended Complaint, filed May 6, 2021, Wilson alleged that Defendants made materially false and misleading statements regarding Peloton's business, operational and financial results, by failing to disclose several adverse facts regarding serious safety threats posed by Peloton's Tread+. (Am. Compl. ¶ 26, Dkt. 8.) The Amended Complaint further alleges that Defendants knew that

1

Peloton's public documents and statements were materially false and misleading and would be issued or disseminated to the investing public, and, as a result, the market price of Peloton's securities was artificially inflated. (*Id.* ¶¶ 48, 50.)  The Amended Complaint expanded the class period to May 5, 2021. (*Id.* ¶ 1.)

A separate proceeding against Defendants, *Drori v. Peloton Interactive, Inc. et al*, No. 21-CV-2925 (CBA)(PK) (the "*Drori* Action"), was commenced on May 24, 2021, similarly alleging that Defendants made materially false and misleading statements by failing to disclose adverse facts regarding serious safety threats posed by Peloton's Tread+.  (*See* Compl. ¶¶ 24, 48, 50 in *Drori* Action, Dkt. 1.)

Pursuant to an unopposed motion, this action was consolidated with the *Drori* Action and renamed *In re Peloton Interactive, Inc. Securities Litigation* ("Action").  (Order dated Nov. 16, 2021.)  In addition, Richard Neswick was appointed as Lead Plaintiff, and Faruqi & Faruqi, LLP was appointed as Lead Counsel.  (*Id.*)

On January 21, 2022, Plaintiff filed an Amended Class Action Complaint asserting substantially similar claims as the previous complaints, covering the same class period as the Amended Complaint, from September 11, 2020 to May 5, 2021, and adding more detailed allegations.  (*See* "Am. Class Action Compl." Dkt. 45.)

On March 7, 2022, Defendants moved to dismiss the Amended Class Action Complaint.  (Dkt. 51.)  On December 15, 2022, the parties notified the Court that they had reached a settlement in principle after participating in mediation.  ("Pl. Mem." at 3, Dkt. 82; Dkt. 77.)  Defendants' motion to dismiss was thereafter dismissed as moot.  (Order dated Feb. 23, 2023.)

On April 17, 2023, Plaintiff filed the Settlement Agreement ("Settlement Agreement" or "Stipulation," Dkt. 80), the Motion, a Memorandum in Support of the Motion, and the Declaration of James M. Wilson, Jr. ("Wilson Decl.," Dkt. 83.).  Attached to the Settlement Agreement were a Proposed Preliminary Order (Ex. A to Motion, Dkt. 80-1), Proposed Notice of Class Action (Ex. A-

2

1 to Motion, Dkt. 80-2), Proposed Postcard Notice ("Postcard Notice," Ex. A-2 to Settlement Agreement, Dkt. 80-3), Proposed Claim Form ("Claim Form," Ex. A-3 to Settlement Agreement, Dkt. 80-4), Proposed Summary Notice ("Summary Notice," Ex. A-4 to Settlement Agreement, Dkt. 80-5), and a Proposed Final Order (Ex. B to Settlement Agreement, Dkt. 80-6.)

On May 8, 2023, after non-party Fred Alger Management, LLC filed a letter expressing concerns with the proposed procedures for Class Members to exclude themselves from the class settlement, Plaintiff filed an Amended Proposed Notice of Class Action ("Notice," Ex. 2 to "Wilson Decl. II," Dkt. 86-2) and Amended Proposed Preliminary Order ("Proposed Order," Ex. 4 to Wilson Decl. II, Dkt. 86-4.)

## II. The Settlement Agreement and Procedure

Plaintiff and Defendants executed the Settlement Agreement on April 17, 2023. (Settlement Agreement at 44.) The parties stipulate, for settlement purposes only, to the certification of a Fed. R. Civ. P. 23(a) and 23(b)(3) settlement class ("Settlement Class" or "Class") comprised of all persons who purchased or otherwise acquired Peloton securities from September 11, 2020 to May 5, 2021, inclusive ("Class Period"), and were damaged thereby ("Settlement Class Members" or "Class Members").[1] (Settlement Agreement ¶ 1-vv, Dkt. 80.)

Under the terms of the Settlement Agreement, Defendants agree to pay a Settlement Amount of $13,950,000.00 into an escrow account, which, together with interest, will constitute a Settlement Fund. Defendants will pay or cause to be paid the Settlement Amount within 20 business days of the later of (1) the final approval of the Settlement Agreement, or (2) the Escrow Agent providing

---

[1] Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of Peloton; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Peloton and the directors and officers of Peloton and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. (Settlement Agreement ¶ 1-qq.)

Defendants' counsel a certain required form.  (Settlement Agreement ¶¶ 1-r, 1-uu, 9.)  In return, the putative Settlement Class agreed to release the allegations in the Amended Class Action Complaint or any of the prior complaints. [2]

After payment from the Settlement Fund for any taxes, costs, fees, and awards approved by the Court (Settlement Agreement ¶¶ 1-ee, 1-xx, 10, 12), the remaining "Net Settlement Fund" will be distributed to claimants on a *pro rata* basis pursuant to a "Plan of Allocation" to be approved by the Court based on losses claimed on the Claim Form.  (Pl. Mem. at 12; Settlement Agreement ¶ 24; Notice at 7, 15-21.)  The Claims Administrator will determine the validity of each submitted claim and the claimant's *pro rata* share.  (*Id.* ¶ 24.)  Potential Class Members may also exclude themselves from the Settlement Class, preserving their claims against Defendants, or object to the settlement. (Settlement Agreement ¶ 1-vv; Notice at 2, 5, 7, 11-13.)

Pursuant to the Plan of Allocation, any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds will be used, first, to pay any amounts mistakenly omitted from the initial disbursement; second, to pay any additional settlement administration fees, costs, and expenses; and, finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00 after payment of the estimated administration fees, costs, and expenses incurred in making the second distribution.  (Settlement

---

[2] Explicitly excluded from the release are: "(1) all claims related to the enforcement of the Settlement; (2) asserted derivatively purportedly on behalf of Peloton in *In re Peloton Interactive, Inc. Derivative Litigation*, Case No. 1:21-cv-02862-CBA-PK (E.D.N.Y), *In re Peloton Interactive, Inc. Stockholder Derivative Litigation*, Case No. 2022-1051-KSJM (Del. Ch.), or *Manzella v. Cortese, et al.*, Case No. 2023-0224-KSJM (Del. Ch.) (together, the "Derivative Actions"); (3) asserted by plaintiff in its June 25, 2022 complaint filed in *Robeco Capital Growth Funds v. Peloton Interactive, Inc.*, Case No. 21-cv-9582 (S.D.N.Y.) ("SDNY Action") or any amended complaint properly filed in the SDNY Action in which that plaintiff asserts allegations that are substantially similar to those made in the June 25, 2022 complaint (which, for the avoidance of doubt, shall not include any claims that both (a) were asserted in the Complaint or any prior complaint in this Action, and (b) were not asserted in the June 25, 2022 complaint in the SDNY Action); or (4) any claims of any person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Court."  (Settlement Agreement ¶ 1-qq; *see* Settlement Agreement ¶¶ 5-8.)

4

Agreement ¶¶ 1-kk, 24; Notice at 22.)   These redistributions will be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization.   (Settlement Agreement ¶¶ 1-kk, 24; Notice at 22.)

To reach as many Class Members as possible, the Settlement Agreement proposes various means of notifying potential Class Members of the settlement.

Within five business days of entry of an order of preliminary approval ("Preliminary Approval Order"), Defendants will provide the Claims Administrator with an electronic list of holders of Peloton's publicly traded common stock during the Class Period, including those holders' names, addresses, and email addresses.   (Settlement Agreement ¶ 22; Proposed Order ¶ 9.)   Within 21 days of entry of the Preliminary Approval Order, the Claims Administrator will mail the Postcard Notice to those members of the Settlement Class that can be identified through reasonable effort.   (Settlement Agreement ¶ 22.)   Nominee purchasers will either forward the Postcard Notice to all their beneficial owners or provide the Claims Administrator with a list of their beneficial owners' names, addresses, and email addresses.   (Notice at 22.)

The Postcard Notice briefly describes this lawsuit, the Class, and the basic terms of the Settlement Agreement; explains that Class Members can submit a Claim Form to qualify for payment, exclude oneself from the settlement, or object to the settlement; directs Class Members to the "Settlement Website" for further information; and announces the date of the Final Approval Hearing. (Postcard Notice at 2 (ECF pagination); *see* Pl. Mem. at 23-24.)

The Settlement Website contains the Notice, which includes a statement of plaintiff recovery (Notice at 1-3), a statement of potential outcome of case (*id.* at 3), a statement of attorneys' fees or costs to be sought (*id* at 3-4.), an identification of lawyers' representatives (*id.* at 4), and the reason for the settlement (*id.*).   The Notice also provides a summary of the nature of the action (*id.* at 5-6); a description of the Settlement Class (*id.* at 6-7), the class claims, issues, or defenses (*id.* at 8-10), that a

Class Member may enter an appearance through an attorney if the member so desires (*id.* at 14), that the Court will exclude from the Class any Class Member who timely requests exclusion (*id.* at 11), the time and manner for requesting exclusion (*id.*), and the binding effect of a class judgment on Class Members (*id.* at 10-12).

The Settlement Website also contains the Claim Form, which provides detailed instructions to assist potential Class Members in determining if they are a member of the Class and instructions for returning the form. (*See generally* Claim Form.)

The Claims Administrator will be responsible for posting the Notice and Claim Form on the Settlement Website. (Settlement Agreement ¶¶ 1-ff, 22.) The Claims Administrator will also ensure that the Summary Notice is published in *Investor's Business Daily* and transmitted over *GlobeNewsire* within 14 days of entry of the Preliminary Approval Order. (Proposed Order ¶ 12; *see* Settlement Agreement ¶ 1-zz, 22; Pl. Mem. at 24.) The Summary Notice briefly describes the Class; explains that Class Members can qualify for payment by submitting a Claim Form, exclude oneself from the settlement, or object to the settlement; directs Class Members to the Settlement Website for further information; provides the contact information for proposed Class Counsel and the proposed Claims Administrator; and announces the date, time, and location of the Final Approval Hearing. (Summary Notice at 1-3.)

## DISCUSSION

### I.     Preliminary Certification of Rule 23 Settlement Class

Plaintiff moves to certify the Settlement Class. (Settlement Agreement ¶ 1-vv, Dkt. 80.) Although "[t]he ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement," Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment., the Court may grant preliminary approval after finding that it will "likely be able to. . . certify the class for purposes of judgment on the proposal." *In re Payment Card Interchange*

6

*Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 50 (E.D.N.Y. 2019) (quoting Fed. R. Civ. P. 23(e)(1)(B)(ii)).

To qualify for certification, a class must meet the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure. A plaintiff seeking certification under Rule 23 has the burden to establish (1) numerosity, (2) commonality, (3) typicality, (4) adequacy of representation, (5) superiority of the class action over other procedures, and (6) predominance. *Mazzei v. Money Store*, 829 F.3d 260, 270 (2d Cir. 2016); *see* Fed. R. Civ. P. 23(a), (b)(3). The Second Circuit has also recognized an implied requirement of ascertainability. *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015) ("Like our sister Circuits, we have recognized an 'implied requirement of ascertainability' in Rule 23 of the Federal Rules of Civil Procedure" (citation omitted)); *see McBean v. City of N.Y.*, 260 F.R.D. 120, 132-33 (S.D.N.Y. 2009). To certify a class, a district court must definitively assess each class certification element and find that each requirement is "established by at least a preponderance of the evidence." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013) (quoting *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010)).

Plaintiff contends that for purposes of the settlement, the proposed Class meets the requirements of Rule 23. (Pl. Mem. at 16-17.) Despite the lack of opposition by Defendants, "the Court bears an independent responsibility to make a determination that every Rule 23 requirement is met before certifying a class." *Farinella v. Paypal, Inc.*, 611 F. Supp. 2d 250, 260-61 (E.D.N.Y. 2009).

### A. <u>Numerosity</u>

Federal Rule of Civil Procedure 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). In securities class actions that relate "to publicly owned and nationally listed corporations, the numerosity

7

requirement may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period." *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 69-70 (S.D.N.Y. 2009).

During the Class Period, Peloton securities were listed and traded on the NASDAQ Global Select Market.  (Compl. ¶ 18; Pl. Mem. at 18.)  As of April 30, 2021, 268,744,362 Peloton Class A shares were outstanding.  (Pl. Mem. at 18 (citing Peloton Securities Exchange Commission Form 10-Q at 1 (filed May 7, 2021)).)  Based on that information, it is a near certainty that the proposed Class contains at least 40 members.  Accordingly, the numerosity requirement is met.

### B.  Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  The commonality requirement can be satisfied "where a single issue of law or fact is common to the class," *In re IndyMac Mortgage-Backed Sec. Litig.*, 286 F.R.D. 226, 233 (S.D.N.Y. 2012), so long as "the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (citation omitted).  Any common questions "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Id.* at 350.

The proposed Class Members share common questions of law and fact regarding whether Defendants made misleading statements and omissions, Defendants' scienter in making those statements or omissions, and any damages sustained by investors as a result.  These types of common questions are sufficient to satisfy commonality. *See Rodriguez v. CPI Aerostructures, Inc.*, No. 20-CV-0982 (ENV)(CLP), 2021 WL 9032223, at *8 (E.D.N.Y. Nov. 10, 2021) (finding commonality in securities fraud class action where common questions included "(i) whether defendants violated the securities law; (ii) whether defendants' public statements during the Class Period misrepresented or omitted material facts; (iii) whether defendants acted with scienter; (iv) whether defendants' alleged

8

misrepresentations and omissions caused compensable losses; (v) whether CPI's stock price was artificially inflated; and (vi) the extent of the class damages").

### C.  Typicality

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3). "Although the analysis of typicality and commonality 'tend to merge,' each is 'distinct.'"  *Kurtz*, 321 F.R.D. at 532 (citing *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 104 (E.D.N.Y. 2011)).  "'The commonality requirement tests the definition of the class itself,' while 'the typicality requirement focuses on how the named plaintiff's claims compare to the claims of the other class members.'"  *Id.*

Plaintiff's claims are typical of the Class.  His claims, and the claims of each Class Member, are based on the same alleged misrepresentations by Defendants which resulted in inflated stock prices and financial harms to investors.  The claims of Plaintiff and other Class Members are so interrelated that the class claims will be fairly and adequately protected by Plaintiff.  The typicality requirement is, thus, satisfied.

### D.  Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that the class representatives must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In determining the adequacy of representation by class representatives and class counsel, courts consider "whether (1) plaintiff's interests are antagonistic to the interest[s] of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  *Mikhlin v. Oasmia Pharm. AB*, No. 19-CV-4349 (NGG)(RER), 2021 WL 1259559, at *4 (E.D.N.Y. Jan. 6, 2021) (alteration in original) (quoting *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007)).  "'An adequate class representative is one who has 'an interest in vigorously pursuing the claims of the class' and 'no interests antagonistic to the interests of other class members.'"  *Id.* (quoting *Denney v. Deutsche*

9

*Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)). "Courts find class counsel qualified when they are experienced and 'knowledge[able] in the area of complex class actions.'" *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20-CV-456 (RPK)(LB), 2021 WL 7906584, at *5 (E.D.N.Y. May 25, 2021) (alteration in original) (quoting *In re Payment Card*, 330 F.R.D. at 33), *R&R adopted*, Order dated Nov. 22, 2021.

Plaintiff's interests here "are aligned with other class members' interests because they suffered the same injuries," namely that they all purchased Peloton securities at allegedly artificially inflated prices during the Class Period as a result of Defendants' alleged misleading statements and omissions. *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019). Plaintiff seeks monetary relief on his own behalf and on behalf of the Class. (Am. Class Action Compl. ¶¶ 1, 11, 145, 176; Settlement Agreement at 1, 6.) There is no basis for finding that Plaintiff lacks a shared interest with other Class Members. *See, e.g.*, *Yang v. Focus Media Holding Ltd.*, No. 11-CV-9051 (CM)(GWG), 2014 WL 4401280, at *12 (S.D.N.Y. Sept. 4, 2014) (finding adequacy where "Plaintiff, like all Class Members, purchased Focus Media ADSs at artificially inflated prices during the Class Period as a result of Defendants' alleged materially false and misleading statements and was damaged thereby").

Proposed Class Counsel, Faruqi & Faruqi, LLP, are qualified, experienced, and have been actively involved throughout the pendency of this litigation. (*See* Faruqi & Faruqi, LLP Firm Resume, Ex. 1 to Wilson Decl., Dkt. 83-1; Pl. Mem. at 2-3, 22.) Since its appointment as Lead Counsel (*see* Order dated Nov. 16, 2021), Faruqi & Faruqi, LLP has engaged in confirmatory discovery, motion practice, and mediation ultimately resulting in settlement. (Pl. Mem. at 2-3.) Faruqi & Faruqi, LLP has brought dozens of similar actions across the country. (Faruqi & Faruqi, LLP Firm Resume at 1-3.)

Plaintiff and proposed Class Counsel are adequate representatives of the Class. Thus, the adequacy requirement is met.

**E.  Ascertainability**

The implied requirement of ascertainability demands "only that a class be defined using objective criteria that establish a membership with definite boundaries."  *In re Petrobras Sec.*, 862 F.3d 250, 264 (2d Cir. 2017).

The proposed Class is easily ascertainable.  The Class is limited to those individuals who purchased or otherwise acquired Peloton securities from September 11, 2020 to May 5, 2021, and were damaged thereby.

**F.  Rule 23(b)(3)**

Federal Rule of Civil Procedure 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 1.  *Predominance*

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and is achieved "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002) (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).

Here, common issues predominate as all members of the Settlement Class suffered the same alleged harms resulting from the same alleged misrepresentations, which are subject to generalized proof and applicable to the entire Class.  The Settlement Class is thus sufficiently cohesive to meet the predominance requirement.

11

## 2. Superiority

The superiority requirement considers:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Morangelli*, 275 F.R.D. at 116 (citing Fed. R. Civ. P. 23(b)(3)). In assessing a settlement-only class certification, "a district court need not inquire whether the case, if tried, would present intractable management problems," because there will not be a trial. *Amchem*, 521 U.S. at 620.

"In general, securities suits easily satisfy the superiority requirement of Rule 23." *City of Westland Police and Fire Retirement System v. Metlife, Inc.*, No. 12-CV-256 (LAK)(AJP), 2017 WL 3608298, at *15 (S.D.N.Y. Aug 22, 2017). "Consolidating a class involving so many potential plaintiffs would promote judicial economy." *Stinson v. City of N.Y.*, 282 F.R.D. 360, 383 (S.D.N.Y. 2012). A class action is also far superior to requiring the claims to be tried individually "given that the likely monetary relief is not likely to exceed the costs of pursuing an individual claim." *Hill v. City of N.Y.*, No. 13-CV-6147 (PKC)(JO), 2019 WL 1900503, at *10 (E.D.N.Y. Apr. 29, 2019); *see also Stinson*, 282 F.R.D. at 383 ("the relatively small amount of damages suffered by each individual plaintiff decreases the possibility of individual lawsuits being filed"). The superiority requirement is met because a class action is superior to alternative forms of adjudication of these claims.

\*   \*   \*

For the foregoing reasons, I find that preliminary certification of the Settlement Class, with preliminary approval of Plaintiff serving as Class Representative, is warranted under Federal Rules of Civil Procedure 23(a) and 23(b)(3) because the Court will likely be able to certify the Class after the final approving hearing.

12

## II. Appointment of Class Counsel, Claims Administrator, and Escrow Agent

Plaintiff requests, with no opposition from Defendants, that the Court appoint Faruqi & Faruqi, LLP, as Class Counsel.

When appointing class counsel, courts must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(a).

As discussed in Section 1.D, *supra*, Faruqi & Faruqi, LLP has engaged in confirmatory discovery, motion practice, and mediation relating to this case. Faruqi & Faruqi, LLP has significant experience handling class action litigation, including securities fraud litigation. The Court finds that Faruqi & Faruqi, LLP are qualified and adequate and, therefore, preliminarily appoints them as Class Counsel (Faruqi & Faruqi, LLP hereinafter referred to as "Class Counsel").

The Court appoints Epiq Systems, Inc. ("Epiq") as the Claims Administrator to administer the Settlement. The Court also appoints Huntington National Bank ("Huntington") as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Settlement Class.

## III. Preliminary Approval of Proposed Settlement Agreement

"A class action settlement approval procedure typically occurs in two stages: (1) preliminary approval—where 'prior to notice to the class, a court makes a preliminary evaluation of fairness,' and (2) final approval—where 'notice of a hearing is given to the class members, [and] class members and settling parties are provided the opportunity to be heard on the question of final court approval.'" *In re Payment Card*, 330 F.R.D. at 27 (alteration in original) (quoting *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-CV-5450 (NRB), 2016 WL 7625708, at *2 (S.D.N.Y. Dec. 21, 2016)).

Factors relevant to the Court's decision whether to approve a proposed class action settlement include "(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of

13

relief, and (4) equitableness of treatment of class members." *Id.* (citing Fed. R. Civ. P. 23(e)(2)). Courts look to the nine "*Grinnell* factors to fill in any gaps and complete the analysis." *Cymbalista* 2021 WL 7906584, at *5 (collecting cases). These include:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *accord Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).

Considering both the procedural and substantive factors set forth in Fed. R. Civ. P. 23(e)(2), as well as the *Grinnell* factors, as discussed below, I find that the Court will likely be able to approve the parties' proposed Settlement Agreement as fair, reasonable, and adequate.

## A. **Rule 23(e)(2) Factors**

### 1. *Adequate Representation by Class Representatives and Class Counsel – Fed R. Civ. P. 23(e)(2)(A)*

In determining the adequacy of representation by class representatives and class counsel, courts consider "whether (1) plaintiff's interests are antagonistic to the interest[s] of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Mikhlin* 2021 WL 1259559, at *4 (alteration in original) (quoting *Cordes & Co. Fin. Servs.*, 502 F.3d at 99).[3]

---

[3] "Because this factor is 'nearly identical to the Rule 23(a)(4) prerequisite of adequate representation in the class certification context,'" the Court's consideration of this factor is guided by Rule 23(a)(4) case law. *Mikhlin*, 2021 WL 1259559, at *4 n.3 (quoting *In re Payment Card*, 330 F.R.D. at 30 n.25).

As discussed in Section I.D, *supra*, Plaintiff and Class Counsel are adequate representatives of the Class. This factor weighs in favor of preliminary approval.

## 2. Arm's Length Negotiation – Fed. R. Vic. P. 23(e)(2)(B)

A class settlement "reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation . . . 'enjoy[s] a presumption of fairness.'" *In re GSE Bonds*, 414 F. Supp. 3d at 693 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000)); *accord Mikhlin*, 2021 WL 1259559, at *5.

The Settlement Agreement was reached as the result of a "lengthy mediation session" conducted by David Murphy of Phillips ADR, "a well-respected and highly experienced mediator and former securities litigator." (Pl. Mem. at 3, 7; Settlement Agreement ¶¶ G, 45.) Settlement negotiations were conducted at arm's length with experienced legal counsel who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. (Pl. Mem. at 7; Settlement Agreement ¶ 45.)

This factor weighs in favor of preliminary approval.

## 3. Adequate Relief for the Class – Fed R. Civ. P. 23(e)(2)(C)

In evaluating whether the proposed settlement provides adequate relief for the class, the Court considers: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

### a. Costs, Risks, and Delay of Trial and Appeal – Fed. R. Civ. P. 23(e)(2)(C)(i)

The first factor set forth under Rule 23(e)(2)(C), "the 'costs, risks, and delay of trial and appeal,' 'subsumes several *Grinnell factors*,' including the complexity, expense and likely duration of litigation, the risks of establishing liability, the risks of establishing damages, and the risks of maintaining the

15

class through trial." *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Payment Card*, 330 F.R.D. at 36); *accord Cymbalista*, 2021 WL 7906584, at *6.

Courts favor settlement when it "results in 'substantial and tangible present recovery, without the attendant risk and delay of trial.'" *In re Payment Card*, 330 F.R.D. at 36 (quoting *Sykes v. Harris*, No. 09-CV-8486 (DC), 2016 WL 3030156, at *12 (S.D.N.Y. May 24, 2016) (citation omitted)). Class action lawsuits "have a well-deserved reputation as being most complex." *Id.* (quoting *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (citation omitted)); *see also Garland v. Cohen & Krassner*, No. 08-CV-4626 (KAM)(RLM), 2011 WL 6010211, at *7 (E.D.N.Y. Nov. 29, 2011) ("Given the complexity of any class action lawsuit . . . it is reasonable to assume that absent the instant Settlement, continued litigation would have required extensive time and expense.").

"In considering the risks of establishing liability, the court 'need only assess the risks of litigation against the certainty of recovery under the proposed settlement.'" *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004)). "Settlement is favored in cases in which 'plaintiffs would have faced significant legal and factual obstacles to proving their case.'" *Id.* (quoting *In re Glob. Crossing*, 225 F.R.D. at 459).

Although Plaintiff believes that his claims are meritorious and supported by evidence, he acknowledges that further litigation poses significant risks and additional costs. Indeed, courts have long recognized that securities class action litigation "is notably difficult and notoriously uncertain." *In re Sumitomo Copper Litig.*, 189 F.R.D. at 281 (cleaned up). Were this case to proceed in litigation, Defendants would likely refile their motion to dismiss. If the case survived, the parties would move forward with substantial fact discovery, potential motions for summary judgment, trial, post-trial motions, and appeals—all of which would increase Plaintiff's risk and expenses. (*See* Pl. Mem. at 9.) The agreed upon settlement avoids the costs and expenses associated with extended litigation.

The parties have stipulated to Rule 23 class certification for settlement purposes only. (Settlement Agreement ¶ 2.) If this case were to proceed instead of settling, Defendants, who contest Plaintiff's allegations, could oppose class certification, furthering the uncertainty of Plaintiff prevailing. *See In re Payment Card*, 330 F.R.D. at 40 (finding this factor "'weighs in favor of settlement' where 'it is likely that defendants would oppose class certification' if the case were to be litigated" (quoting *Garland*, 2011 WL 6010211, at *8)).

In sum, the "costs, risks and delay of trial and appeal" are significant and weigh in favor of preliminary approval of the proposed settlement. *See* Fed. R. Civ. P. 23(e)(2)(C)(i).

### *b.* **Effectiveness of Proposed Method of Distributing Relief – Fed. R. Civ. P. 23(e)(2)(C)(ii)**

A court must consider the effectiveness of the parties' "proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). "[U]niform relief to all [class members] … constitutes effective distribution." *Berni v. Barilla G. e R. Fratelli, S.p.A.*, 332 F.R.D. 14, 33 (E.D.N.Y. 2019), *vacated and remanded on other grounds sub nom.* 964 F.3d 141 (2d Cir. 2020). "A plan for allocating settlement funds 'need not be perfect[,]'" and "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Mikhlin*, 2021 WL 1259559, at *6 (first quoting *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-CV-10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007); then quoting *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005)).

The Settlement Agreement includes a detailed proposal for calculating and distributing the payout to each Class Member. The parties have selected a Claims Administrator, Epiq, who will be responsible for processing claims and an Escrow Agent, Huntington, for distributing the payout to each Class Member. (Settlement Agreement ¶¶ 21, 30.) As detailed above, *supra* pp. 4-6, Epiq will implement the Plan of Allocation uniformly to all members of the Settlement Class that submit valid and timely claims. Moreover, the proposed Notice, Postcard Notice, and Summary Notice adequately

describe the Settlement Agreement and provide, or direct Class Members to, resources that provide clear explanations of how to make a claim, opt out of the Class, or object to the Settlement Agreement.

The distribution plan appears fair and equitable. This factor, therefore, weighs in favor of preliminary approval.

### *c.*  **Terms of Proposed Award of Attorneys' Fees, Including Timing of Payment – Fed R. Civ. P. 23(e)(2)(C)(iii)**

"When analyzing the proposed settlement agreement for final approval, this Court will review Plaintiffs' application for attorneys' fees, taking into account the interests of the class." *Hart v. BHH, LLC*, 334 F.R.D. 74, 79 (S.D.N.Y. 2020). One method for calculating attorneys' fees, which is the trend in this Circuit, is the "'percentage of the fund' method." *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 384 (S.D.N.Y. 2017). Under this method, the Court considers whether the requested fees are reasonable as compared to the settlement amount. *Id.* at 385. Factors to consider include fees awarded in similar cases, the risks to class counsel, and the lodestar calculation. *Id.* at 384 (citing *Goldberger*, 209 F. 3d. 43).

Class Counsel intends to apply for an award of attorneys' fees "in an amount up to 28% of the Settlement Amount, plus accrued interest, and expenses in an amount not to exceed $100,000." (Pl. Mem. at 10; Notice at 3-4; *see* Settlement Agreement ¶ 18.) Plaintiff will seek an award not to exceed $5,000 "for his reasonable costs and expenses in connection with representing the Settlement Class." (Pl. Mem. at 11; Notice at 3-4.) Class Counsel has not yet submitted a lodestar calculation. The Court, therefore, cannot assess the reasonableness of the requested attorneys' fees until a motion for final settlement approval is filed.

This factor weighs neither for nor against preliminary approval.

### *d.*  **Other Agreements by the Parties – Fed R. Civ. P. 23(e)(2)(C)(iv)**

The parties are required to "identify[] any agreement made in connection with the [settlement] proposal." Fed. R. Civ. P. 23(e)(3). The parties disclosed that they have entered into a confidential

Supplemental Agreement concerning the criteria which Defendants may use to "terminate the Settlement and render the Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed upon criteria." (Pl. Mem. at 11) (cleaned up). "This type of agreement is standard in securities class action settlements and has no negative impact on the fairness of the [s]ettlement." *Christine Asia Co., Ltd. v. Yun Ma*, No. 15-MD-02631 (CM)(SDA), 2019 WL 5257534 at *15 (S.D.N.Y. Oct. 16, 2019).

### 4. *Equitable Treatment of Class Members Relative to Each Other – Fed. R. Civ. P. 23(e)(2)(D)*

A court must consider whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). A court may consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment.

As stated in section III.A.3.b, *supra*, the method of distribution appears fair and equitable. Class Members "will receive a *pro rata* share of the recovery based upon their claimed losses consistent with the Action's allegations." (Pl. Mem. at 12; *see* Settlement Agreement ¶ 24.) Accordingly, the Settlement Agreement treats all claimants uniformly.

This factor weighs in favor of preliminary approval.

### B. **Remaining Grinnell Factors**

The *Grinnell* factors not covered by Rule 23(e)(2)(C)(i) are the reaction of the class to the settlement, the stage of the proceedings and the amount of discovery completed, the ability of the defendants to withstand a greater judgment, the range of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. A court's consideration of the stage of the proceedings and the amount of discovery completed "is intended to assure the Court 'that counsel for plaintiffs have

19

weighed their position based on a full consideration of the possibilities facing them.'" *In re Glob. Crossing*, 225 F.R.D. at 458 (quoting *Klein ex rel. Ira v. PDG Remediation, Inc.*, No. 95-CV-4954 (DAB), 1999 WL 38179, at *2-3 (S.D.N.Y. Jan. 28, 1999)).

The Court will not know the Class's reaction to the proposed settlement until after notice has been provided to the Class. I, therefore, am unable to consider this factor at this stage of the proceedings. *See Mikhlin*, 2021 WL 1259559, at *4 n.2; *Caballero ex rel. Tong v. Senior Health Partners, Inc.*, Nos. 16-CV-0326 (CLP), 18-CV-2380 (CLP), 2018 WL 4210136, at *11 (E.D.N.Y. Sept. 4, 2018).

With regard to the remaining factors, the parties represent that "[a]lthough the Settlement was achieved early in the litigation, it was reached only after the parties on both sides had a comprehensive understanding of the potential risks and procedural hurdles facing further litigation." (Pl. Mem. at 13.) For example, prior to the mediation, Class Counsel "conducted a through investigation . . . consulted with investigators who conducted an investigation . . . and consulted with damages experts to evaluate the Settlement Class's damages and loss causation issues." (*Id.*) The terms of the Settlement Agreement are comprehensive and provide Class Members with clearly described monetary relief which is reasonable in light of the risks and inherent uncertainty of trial. Although Defendants could likely withstand a greater judgment, "this factor standing alone does not mean that the settlement is unfair." *Philemon v. Aries Capital Partners, Inc.*, No. 18-CV-1927 (CLP), 2019 WL 13224983, at *12 (E.D.N.Y. July 1, 2019).

Class Counsel appears to have filed the Motion with "a thorough understanding of the strengths and weaknesses of their case," *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013), and "the requisite information to make [an] informed decision[] about the relative benefits of litigating or settling." *In re Glob. Crossing*, 225 F.R.D. at 458.

This factor weighs in favor of preliminary approval of the settlement agreement.

*       *       *

Having weighed the Rule 23(e)(2) and *Grinnell* factors, I find that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate.

## IV.      Distribution of the Class Notice

Once a court has determined that it will likely be able to approve the proposed settlement and certify the class, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that any proposed settlement agreement disseminated to the class must include (1) a statement of plaintiff recovery, (2) a statement of potential outcome of case, (3) a statement of attorneys' fees or costs sought, (4) an identification of lawyers' representatives, (5) the reason for settlement, and (6) any other information as required by the Court. 15 U.S.C. § 78u-4(a)(7).

For Rule 23(b)(3) classes, "the court must direct to class members the best notice that is practicable under the circumstances" which includes "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice "must clearly and concisely state in plain, easily understood language" the following information:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. Civ. P. 23(c)(2)(B).

"There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements . . . Notice is adequate if it may be understood by the average class member." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (citation omitted). At the same time, "[c]ourts in this Circuit have explained that a Rule 23 Notice will satisfy

21

due process when it describes the terms of the settlement generally, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Mikhlin*, 2021 WL 1259559, at *12 (quoting *In re Payment Card*, 330 F.R.D. at 58).

As described, *infra* pp. 5-6, Epiq, as Claims Administrator, will mail the Postcard Notice to those members of the Settlement Class that can be identified through reasonable effort. (Settlement Agreement ¶ 22.) The Postcard Notice directs potential Class Members to the Settlement Website where the Claim Form and Notice provides more detailed information about the settlement. (Postcard Notice at 2 (ECF pagination).) In addition, Epiq will ensure publication of the Summary Notice in *Investor's Business Daily* and transmission over *GlobeNewsire*. (Proposed Order ¶ 12; *see* Settlement Agreement ¶ 1-zz, 22; Pl. Mem. at 24.)

Because the Postcard Notice, Notice, and Summary Notice provide reasonable notice to Settlement Class Members and clearly and concisely states in plain, easily understood language the requisite information, I find that the proposed forms of notice are reasonable under Rule 23 and satisfy constitutional due process.

## CONCLUSIONS

1.  The Court has reviewed the Settlement Agreement and preliminarily approves the settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the action is preliminarily certified as a class action on behalf of all persons or entities who purchased or otherwise acquired Peloton securities from September 11, 2020 to May 5, 2021, inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of Peloton; (iii) members of the

immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Peloton and the directors and officers of Peloton and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

3. The Court finds, for purposes of settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff and Lead Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Plaintiff is certified as the Class Representative on behalf of the Settlement Class, and Lead Counsel is hereby appointed as Class Counsel.

5. A Final Approval Hearing shall be held before this Court on June 19, 2024 at 10:00 a.m. at the United States District Court for the Eastern District of New York, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, Courtroom 11C South, to determine whether the proposed settlement of the Action on the terms and conditions

23

provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court, whether a Judgment should be entered, and whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses to be awarded to Class Counsel; and to determine any award to Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4). The Court may adjourn the Final Approval Hearing without further notice to the members of the Settlement Class.

6. The Court approves, as to form and content, the Notice, the Postcard Notice, and the Claim Form and finds that the mailing and distribution of the Postcard Notice and Notice substantially in the manner and form set forth in ¶¶ 11-12 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the PSLRA, and due process, and is the best notice practicable under the circumstances and constitutes due and sufficient notice to all Persons entitled hereto.

7. The firm of Epiq Systems, Inc. is appointed to supervise and administer the notice program as well as the processing of claims as more fully set forth below.

8. The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Settlement Class.

9. Not later than five (5) business days after the date of this Order, Peloton shall provide to Lead Counsel transfer records in electronic searchable form containing the names and addresses of Persons who may have purchased or acquired Peloton securities during the Class Period, to the extent that information is available from Peloton's transfer agent. This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

10. Not later than twenty-one (21) calendar days after the date of this Order, the Claims Administrator, shall mail the Postcard Notice to the list of record holders of Peloton securities,

and shall post to its website at www.PelotonSecuritiesSettlement.com the Settlement Agreement and its exhibits, this Order, and a copy of the Notice and Claim Form.

11. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Peloton securities during the Class Period as record owners but not as beneficial owners. Those nominees shall either forward the Postcard Notice to all such beneficial owners or provide a list of the known names, addresses, and email addresses to the Claims Administrator, who shall send the Postcard Notice to such beneficial owners.

12. The Court approves the form of the Summary Notice and directs the Claims Administrator to have the Summary Notice be published in *Investor's Business Daily* and transmitted over *GlobeNewswire* within fourteen (14) calendar days after the date of this Order.

13. Class Counsel shall, at least seven (7) calendar days prior to the Final Approval Hearings, file with the Court proof of mailing of the Postcard Notice and proof of publishing of the Summary Notice.

14. The form and content of the notice program, and the methods herein of notifying the Settlement Class of the Settlement terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and constitute sufficient notice to all those entitled to notice.

15. In order to be eligible to receive a distribution from the Net Settlement Fund, all claimants must submit a properly executed Claim Form to the Claims Administrator, electronically or at the address indicated in the Notice, postmarked or submitted electronically no later than May 21, 2024, or such deadline as the Court may further order. Any Settlement Class Member who does not timely submit a Claim Form shall be barred from sharing in the distribution of the

25

Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided in paragraph 17 of this Order. Notwithstanding the foregoing, Class Counsel may, in its discretion, accept late submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

16. Any Settlement Class Members may enter an appearance in this Action at their own expense, individually or through counsel of their choice. If any Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

17. Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, unless they timely request exclusion from the Settlement Class by emailing or mailing such request to the addresses designated in the Notice so it is received on or before May 29, 2024. Such request for exclusion must state the name, address and telephone number of the person seeking exclusion, must state that the sender requests to be "excluded from the Class and does not wish to participate in the settlement in *In re Peloton Interactive, Inc. Securities Litigation*, No. 21-cv-2369 (CBA)(PK) (E.D.N.Y.)," be signed by such person, and provide the transaction information required by the Notice.

18. Putative Settlement Class Members who timely and validly request exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Settlement Agreement and Notice.

19. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, the application for an award of attorneys' fees, expenses, and/or an award to Plaintiff only if such Settlement Class Members have served by hand or by mail their written objection and supporting papers, such that they are received on or before twenty-one (21)

26

calendar days before the Final Approval Hearing, by the Clerk of Court, Lead Counsel, and

Defendants' Counsel at the addresses set forth below:

**Clerk's Office**
Clerk of the Court
United States District Court
Eastern District of New York
Theodore Roosevelt Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Lead Counsel**
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**Defendants' Counsel**
Andrew B. Clubok
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004

Any Settlement Class Member who does not make an objection in the manner provided for

in the Notice shall be deemed to have waived such objection and shall forever before closed

from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to

the requests for attorneys' fees, expenses, or Plaintiff's award, unless otherwise ordered by the

Court, but shall otherwise be bound by the Judgment to be entered and the releases to be

given.  Attendance at the hearing is not necessary, however, persons wishing to be heard orally

in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application

for an award of attorneys' fees, expenses, and an award to the Plaintiff are required to indicate

in their written objection their intention to appear at the hearing.  Persons who intend to

object to Settlement, the Plan of Allocation, and/or the application for an award of attorneys'

fees, expenses, and an award to Plaintiff and desire to present evidence at the Final Approval

27

Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

20. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21. Pending final determination of whether the Settlement should be approved, Plaintiff, Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against Defendants Releasees.

22. As provided in the Settlement Agreement, the Escrow Agent may advance at the direction of Class Counsel up to $655,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses. For any additional Notice and Administration Expenses above $655,000, Class Counsel shall obtain Court approval for payments out of the Escrow Account.

23. All papers in support of the request for final approval of the Settlement Agreement, Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses or by Plaintiff for his costs and expenses shall be filed and served on or before April 24, 2024. Any reply papers shall be filed and served by June 12, 2024.

Dated: Brooklyn, New York
February 21, 2024

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

28