# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE PELOTON INTERACTIVE, INC. SECURITIES LITIGATION |

Case No. 1:21-cv-02369-CBA-PK

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**If you purchased or otherwise acquired Peloton's securities between September 11, 2020 and May 5, 2021, inclusive, and were damaged thereby, then you may be entitled to a payment from a class action settlement.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The purpose of this notice (the "Notice") is to inform you of the pendency of the securities class action in United States federal court (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) whether Lead Counsel's Fee and Expense Application should be approved. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.

- On February 21, 2024, the Court preliminarily approved the Settlement. If given final approval by the Court, the proposed Settlement will create a $13,950,000 Settlement Fund, plus any interest or income earned thereon, for the benefit of eligible Settlement Class Members, less any attorneys' fees, expenses, and costs awarded by the Court, Notice and Administration Expenses, and Taxes.

- This Settlement resolves claims by Richard Neswick, Lead Plaintiff in the Action ("Lead Plaintiff"), individually and on behalf of each member of the Settlement Class and Peloton Interactive, Inc. ("Peloton"), and John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson (the "Individual Defendants," and with Peloton, the "Defendants," and collectively with Plaintiffs, the "Parties"). Defendants deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- Attorneys for Lead Plaintiff will ask the Court for 28% of the Settlement Fund and up to $100,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award of up to $5,000 for reasonable costs and expenses (including lost wages) directly relating to his representation of the class. If approved by the Court, these amounts (totaling approximately $0.029 per allegedly damaged share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, Administrative costs,[2] and Lead Plaintiff's costs and expenses (if approved by the Court), is $0.067 per share.

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAY 21, 2024** | The only way to get a payment. *See* Question 9 below for details. |
| **EXCLUDE YOURSELF BY MAY 29, 2024** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties (as defined below) concerning the Released Claims (as defined below). *See* Question 12 below for details. |
| **OBJECT BY MAY 30, 2024** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of expenses, and/or an award of reasonable costs and expenses to Lead Plaintiff. If you object, you will still be a member of the Settlement Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON JUNE 20, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY MAY 30, 2024** | Ask to speak in Court about the Settlement at the Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. *See* Question 21 below for details. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms if the Court approves the Settlement and after appeals are resolved. Please be patient.

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation and Agreement of Settlement dated April 17, 2023 (the "Stipulation").

[2] The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $653,162. The cost is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. Based upon the estimate, the notice and administration costs per share would be approximately $0.004.

## SUMMARY OF THE NOTICE

**Statement of Plaintiff's Recovery**

Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety. Pursuant to the proposed Settlement, a Settlement Fund consisting of $13.950 million in cash (the "Settlement Amount"), plus any accrued interest or earnings thereon (the "Settlement Fund"), has been established.

**Estimate of Average Amount of Recovery Per Share**

Based on Lead Plaintiff's consulting damages expert's analysis, it is estimated that if Settlement Class Members submit claims for 100% of Peloton securities entitled to participate in the Settlement, the estimated average recovery per share would be $0.10 per share before deduction of Court-approved fees and expenses, and approximately $0.067 per share after Court-approved fees and expenses are deducted. Please note, however, that these average recovery amounts are only estimates and an individual Settlement Class Member may recover more or less than these estimated amounts. As described more fully below in the Plan of Allocation beginning on page 10, an individual Settlement Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b) the amount of the Net Settlement Fund; (c) when the Settlement Class Member purchased his, her, or its Peloton securities; and (d) whether and when the Settlement Class Member sold his, her, or its Peloton securities.

**Statement of Potential Outcome of the Case if the Action Continued to be Litigated**

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) the causes of the loss in the value of the stock; and (iii) the amount of alleged damages, if any, that could be recovered at trial.

Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class Members have suffered any loss attributable to Defendants' actions. While Lead Plaintiff believes he has meritorious claims, he recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel will apply to the Court for attorneys' fees of 28% of the Settlement Fund, which includes any accrued interest or earnings thereon. Lead Counsel has not received any payment for their services rendered or expenses incurred in conducting this Action on behalf of Lead Plaintiff and the Settlement Class. Lead Counsel will also apply for payment of expenses incurred by Lead Counsel in prosecuting the Action of up to $100,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses of Lead Plaintiff of up to $5,000 directly relating to his representation of the Settlement Class. Collectively, these applications are referred to as the "Fee and Expense Application." If approved by the Court, these amounts (totaling approximately $0.029 per share, assuming claims are filed for all shares eligible to participate in the Settlement) will be paid from the Settlement Fund.

**Reasons for the Settlement**

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Legal Representatives**

Lead Plaintiff and the Settlement Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to James M. Wilson, Jr. at Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, jwilson@faruqilaw.com.

AJ8592 v.06

## BASIC INFORMATION

**1.  Why did I get the Postcard Notice?**

You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Peloton securities between September 11, 2020 and May 5, 2021, inclusive. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form available on the settlement website, www.PelotonSecuritiesSettlement.com.**

The court directed this Notice be made available to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

The Court in charge of the case is the United States District Court for the Eastern District of New York, and the Action is known as *In re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.).

**2.  What is a class action?**

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims. The individuals and entities on whose behalf the class representative is suing are known as class members. One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

**3.  What is this case about and what has happened so far?**

This is a federal securities class action lawsuit.

Peloton is a technology-enabled fitness company based in New York, NY. Lead Plaintiff alleges that during the Class Period, Defendants made materially false and/or misleading statements regarding the safety of its Tread and Tread+ machines, as alleged in the Amended Class Action Complaint ("AC").

On April 29, 2021, the initial federal complaint in the Action was filed (ECF No. 1). On June 28, 2021, Richard Neswick filed a motion for (1) consolidation, (2) appointment as Lead Plaintiff, and (3) approval of Lead Counsel (ECF No. 25). On October 26, 2021, Magistrate Judge Peggy Kuo issued an order recommending that the motion be granted (ECF No. 37), which was adopted by Judge Carol Bagley Amon on November 16, 2021. On January 21, 2022, Lead Plaintiff filed the AC (ECF No. 45). On March 7, 2022, Defendants filed a motion to dismiss the AC, which Lead Plaintiff opposed on April 26, 2021 (ECF Nos. 51-52, 55). The Court held oral argument on the motion to dismiss on June 8, 2022.

On December 15, 2022, while Defendants' motion to dismiss remained pending, the Parties participated in a mediation, conducted by David Murphy of Phillips ADR. During the all-day mediation, the Parties reached an agreement-in-principle, subject to certain Confirmatory Discovery and Court approval, to settle and release the claims asserted against Defendants in the Action.

On or about January 16, 2023, Defendants commenced their production of documents in connection with the Confirmatory Discovery. Lead Plaintiff is continuing to diligently review the documents to confirm the adequacy of the settlement.

**4.  How and when was the Settlement reached?**

The Parties engaged David Murphy of Phillips ADR (the "Mediator"), a well-respected and highly experienced mediator and former securities litigator, to explore a potential negotiated resolution of the claims in the Action. The mediation involved an extended discussion about a potential resolution, and was preceded by the exchange of mediation statements and reply mediation statements. During the December 15, 2022, mediation, the Parties reached an agreement-in-principle, subject to certain confirmatory discovery and Court approval, to settle and release the claims asserted against Defendants in the Action in exchange for a lump sum cash payment of $13,950,000. The Parties memorialized their agreement in a memorandum of understanding and thereafter negotiated the terms of this final settlement Stipulation. The Stipulation (together with its exhibits) constitutes the final and binding agreement between the Parties.

AJ8593 v.06

The Settlement was reached after arm's-length negotiations between Lead Counsel and counsel for Defendants, and only after: (a) Lead Counsel conducted a lengthy investigation into the facts alleged in the Action, which included an investigation by a private investigator; (b) Lead Counsel drafted the amended complaint; (c) Lead Plaintiff and Defendants engaged in comprehensive briefing on Defendants' Motion to Dismiss and Request for Judicial Notice; (d) Lead Counsel researched the applicable law with respect to the claims against Defendants and the potential defenses thereto; (e) Lead Counsel consulted with experts regarding the facts of the case; (f) the Parties exchanged detailed mediation statements and exhibits; (g) the Parties conducted a mediation and engaged in settlement negotiations; and (h) Lead Counsel has reviewed a significant number of pages of discovery Defendants provided following the mediation to gauge the strengths and weaknesses of the Action and Defendants' potential defenses thereto to make sure that the Settlement Amount was fair, reasonable, and adequate.

## WHO IS IN THE SETTLMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 5.    How do I know if I am a part of the Settlement?

Subject to certain exceptions identified below, everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired Peloton securities between September 11, 2020 and May 5, 2021, inclusive, and who suffered damages thereby.

Receipt of the Postcard Notice does not mean that you are a Settlement Class Member. **The Parties do not have access to your transactions in Peloton securities.** Please check your records or contact your broker to see if you are a member of the Settlement Class.

### 6.    Are there exceptions to being included?

Yes. There are some individuals and entities that are excluded from the Class by definition. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of Peloton; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Peloton and the directors and officers of Peloton and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties.

Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the requirements explained in question 12 below.

### 7.    What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help by calling 1-855-518-3039 or visiting www.PelotonSecuritiesSettlement.com. You can also fill out and submit the Claim Form described on page 5, in question 9, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.    What does the Settlement provide?

In exchange for the Settlement and release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create a $13.95 million cash fund for the Settlement Class. After deductions for Court-awarded fees, expenses, and costs, settlement administration costs, and any applicable Taxes, the balance of the Settlement Fund (the "Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

The Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 10-14 of this Notice.

## 9.    How can I receive payment?

To qualify for a payment, you must submit a timely and valid Claim Form with supporting documents. A Claim Form has been made available on the website dedicated to the Settlement: www.PelotonSecuritiesSettlement.com. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (855) 518-3039. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator or submit it through email at Info@PelotonSecuritiesSettlement.com, so it is postmarked (or received if sent via email) no later than **May 21, 2024**.

If you have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files. If you wish to submit your transaction data electronically, you must contact the Claims Administrator at Info@PelotonSecuritiesSettlement.com or visit their website at www.PelotonSecuritiesSettlement.com to obtain the required file layout. You must still timely submit a signed Claim Form electronically, by mail, or email, as specified above.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data. All claimants MUST timely submit a signed Claim Form to be potentially eligible for a payment from this Settlement.

## 10.    When will I receive my payment?

The Court will hold the Settlement Hearing on **June 20, 2024**, to decide whether to approve the Settlement in the Action. If the Court approves the Settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## 11.    What am I giving up to receive a payment or stay in the Settlement Class?

If you are a Settlement Class Member, unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Plaintiffs' Claims" (as defined below) against the "Defendants' Releasees" (as defined below).

"Released Plaintiffs' Claims" means all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or Unknown Claims, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants or any of the Defendants' Releasees that (i) arise out of or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Action or in any of the prior complaints, or (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Peloton securities during the Class Period. For the avoidance of doubt, Released Plaintiffs' Claims include, but are not limited to, any claims under the Securities Act of 1933 or the Securities Exchange Act of 1934, or the securities laws of any state or territory. The following claims are explicitly excluded from release: (1) all claims related to the enforcement of the Settlement; (2) asserted derivatively purportedly on behalf of Peloton in *In re Peloton Interactive, Inc. Derivative Litigation*, Case No. 1:21-cv-02862-CBA-PK (E.D.N.Y), *In re Peloton Interactive, Inc. Stockholder Derivative Litigation*, Case No. 2022-1051-KSJM (Del. Ch.), or *Manzella v. Cortese, et al.*, Case No. 2023-0224-KSJM (Del. Ch.) (together, the "Derivative Actions"); (3) asserted by plaintiff in its June 25, 2022 complaint filed in *Robeco Capital Growth Funds v. Peloton Interactive, Inc.*, Case No. 21-cv-9582 (S.D.N.Y.) ("SDNY Action"), or any amended complaint properly filed in the SDNY Action in which that plaintiff asserts allegations that are substantially similar to those made in the June 25, 2022 complaint; or (4) any claims of any person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Court. Nothing in this Settlement shall waive any arguments or defenses Defendants may assert in, in connection with, or otherwise related to any other litigation or matter, including, but not limited to, the Derivative Actions or the SDNY Action.

"Defendants' Releasees" means Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current, former, or future parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, shareholders, owners, members, contractors, subcontractors, auditors,

AJ8595 v.06

principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, co-insurers or insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

"Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, which Defendants will release as against Plaintiffs' Releasees upon the Effective Date. Released Defendants' Claims shall not include: (1) any claims relating to the enforcement of the Settlement; or (2) any claims against any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

"Plaintiffs' Releasees" means (i) Lead Plaintiff, his attorneys, and all other Settlement Class Members; (ii) affiliates, current and former parents, subsidiaries, successors, predecessors, assigns, executors, administrators, representatives, attorneys, and agents of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

"Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff, other Settlement Class Members, Defendants, or any of Defendants' Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

The "Effective Date" will occur when the Court has entered the Preliminary Approval Order; Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; the Court has approved the Settlement; the Settlement Amount has been deposited into the Escrow Account; and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you. You will be bound by the releases whether or not you submit a Claim Form and/or receive a payment under the Settlement.

AJ8596 v.06

6

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants' Releasees on your own about the Releases, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out" of the Settlement Class. **Please note: If you decide to exclude yourself and bring your own claims, Defendants will have the right to seek their dismissal, and there is a risk that any lawsuit you file or have already filed to pursue claims alleged in the Action may be dismissed. Also, Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of Peloton shares seek exclusion from the Settlement Class.**

| | |
|---|---|
| **12.** | **How do I exclude myself from the U.S. Settlement Class?** |

To exclude yourself from the Settlement Class, you must send an email or signed letter by mail stating that you request to be "excluded from the Settlement Class and do not wish to participate in the settlement in *In re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.)." You cannot exclude yourself by telephone. To be valid, your submission must state: (A) your name, address, telephone number, and signature; (B) the date, number, and dollar amount of all purchases or acquisitions of Peloton securities between September 11, 2020 and May 5, 2021, inclusive; and (C) the date, number, and dollar amount of Peloton shares you sold between May 5, 2021 and August 2, 2021, inclusive. **The submission must also be accompanied by verification from your broker (such as copies of trade confirmations, account statements, or transaction histories), OR a verified, sworn, or attested-to chart including the dates, prices, and quantities at which you purchased and sold Peloton securities during the Class Period, OR other documentation of your transactions in Peloton securities.**

Your submission must be received, not simply be postmarked, no later than **May 29, 2024**. You may email your exclusion request to Info@PelotonSecuritiesSettlement.com or you may mail it to:

*In re Peloton Interactive, Inc. Securities Litigation*
Epiq Systems, Inc.
PO Box 2915
Portland, OR 97208-2915

A request for exclusion shall not be valid and effective unless it provides all the information called for in the above paragraph and is received within the time stated above, or is otherwise accepted by the Court.

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Defendants' Releasees in the future.

| | |
|---|---|
| **13.** | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **May 29, 2024**.

| | |
|---|---|
| **14.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you will not get money from the proposed Settlement.

## THE LAWYERS REPRESENTING THE CLASS

| | |
|---|---|
| **15.** | **Do I have a lawyer in this case? How will the lawyers be paid?** |

The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel to represent Lead Plaintiff and all other Settlement Class Members in the Action.

You will not be separately charged for the fees or expenses of Lead Counsel appointed by the Court. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. *See also* Notice at page 2 ("Statement of Attorneys' Fees and Expenses Sought"). If you want to be represented by your own lawyer, you may hire one at your own expense.

AJ8597 v.06

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION,
OR THE FEE AND EXPENSE APPLICATION**

If you are a Settlement Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If this is what you want to happen, you must object.

## 16.    How do I tell the Court that I do not like the proposed Settlement?

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application, and give reasons why you think the Court should not approve it. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*In re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.)." Your objection must state why you are objecting and must also: (i) include your name, address, telephone number, and signature; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) you wish to bring to the Court's attention; and (iii) documentation identifying the number of Peloton securities you purchased or acquired between September 11, 2020 and May 5, 2021, and documentation identifying the number of Peloton shares you sold between May 5, 2021 and August 2, 2021, inclusive. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **and** be mailed or delivered to each of the following counsel so that it is received, not simply postmarked, no later than **May 30, 2024**:

> **Clerk's Office**
> Clerk of the Court
> United States District Court
> Eastern District of New York
> Theodore Roosevelt Courthouse
> 225 Cadman Plaza East
> Brooklyn, NY 11201

> **U.S. Plaintiff's Counsel**
> James M. Wilson, Jr.
> FARUQI & FARUQI, LLP
> 685 Third Avenue, 26th Floor
> New York, NY 10017

> **Defendants' Counsel**
> Andrew B. Clubok
> LATHAM & WATKINS, LLP
> 555 Eleventh Street, NW, Suite 1000
> Washington, DC 20004

## 17.    What is the difference between objecting and seeking exclusion?

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement and the Action no longer affect you.

**THE COURT'S SETTLEMENT HEARING**

| 18. | When and where will the Court decide whether to approve the proposed settlement? |
|---|---|

The Court will hold the Settlement Hearing at **10:00 a.m.** on **June 20, 2024**, at the United States District Court for Eastern District of New York, Theodore Roosevelt Court House, 225 Cadman Plaza East, Brooklyn, New York, 11201, Courtroom 11C-South. At this hearing the Court will consider whether: (i) the Settlement is fair, reasonable and adequate, and should receive final approval; (ii) the Plan of Allocation is fair and reasonable, and should be approved; (iii) the Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in question 16 above. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.PelotonSecuritiesSettlement.com, to see if the Settlement Hearing stays as calendared or is changed.

| 19. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to the Court to discuss it. You may have your own lawyer (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file a Notice of Appearance in the manner described in the answer to Question 20 below no later than **May 30, 2024**.

| 20. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement stating that it is your "Notice of Intention to Appear" in *In re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.)." Persons who intend to present evidence at the Settlement Hearing must also include in their written objections the identities of any witnesses they wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described in this Question 20 and Question 16.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing at all? |
|---|---|

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendants' Releasees concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* question 9 above). To start, continue, or be part of any other lawsuit against the Defendants and the other Defendants' Releasees concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from this Settlement Class (*see* question 12).

**GETTING MORE INFORMATION**

| 22. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.PelotonSecuritiesSettlement.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nyed.uscourts. gov, or by visiting the Office of the Clerk of the United States District Court for the Eastern District of New York, Theodore Roosevelt Court House, 225 Cadman Plaza East, Brooklyn, NY 11201, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

AJ8599 v.06

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.PelotonSecuritiesSettlement.com; writing to the Claims Administrator at Info@PelotonSecuritiesSettlement.com; or by calling the Claims Administrator toll free at 1-855-518-3039.

**PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Peloton Common Stock and each Peloton Call Option purchased or otherwise acquired during the Settlement Class Period, and each Peloton Put Option sold during the Settlement Class Period.[3] The calculation of Recognized Loss will depend upon several factors, including when the Peloton Security was purchased during the Settlement Class Period, and for what amount, and whether the security was sold, and if sold, when it was sold, and for what amount. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Peloton Common Stock was artificially inflated throughout the Settlement Class Period.[4] The estimated alleged artificial inflation in the price of Peloton Common Stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Peloton Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Peloton Common Stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which allegedly corrected a misleading statement or omission. Lead Plaintiff and Lead Counsel have determined that such price declines occurred on March 18, 2021, April 19, 2021, and May 5, 2021 (the "Corrective Disclosure Dates"). Accordingly, if a share of Peloton Common Stock was sold before March 18, 2021 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Peloton Common Stock was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00. With respect to Peloton Call Options, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, the Peloton Call Option must have been purchased or acquired during the Settlement Class Period and held on at least one of the Corrective Disclosure Dates. With respect to Peloton Put Options, the Peloton Put Option must have been sold (written) during the Settlement Class Period and not closed on at least one of the Corrective Disclosure Dates.

---

[3] Peloton Common Stock, Peloton Call Options, and Peloton Put Options are collectively referred to herein as "Peloton Securities."

[4] During the Settlement Class Period, Peloton Common Stock was listed on the NASDAQ Global Select under the symbol "PTON."

| Table 1<br>Artificial Inflation in Peloton Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| September 11, 2020 | March 17, 2021 | $22.84 |
| March 18, 2021[5] | April 18, 2021 | $19.71 |
| April 19, 2021 | May 4, 2021 | $13.23 |
| May 5, 2021[6] | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Peloton Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Peloton Common Stock during the 90-Day Lookback Period. The Recognized Loss on Peloton Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Peloton Common Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transaction in a Peloton Security executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share of Peloton Common Stock**

For each share of Peloton Common Stock purchased or otherwise acquired during the Settlement Class Period (i.e., September 11, 2020 through May 5, 2021, inclusive), the Recognized Loss per share shall be calculated as follows:

I.   For each share of Peloton Common Stock purchased between September 11, 2020 through May 5, 2021, at 9:57 a.m. ET, inclusive,

    a.   that was sold prior to May 5, 2021, at 9:57 a.m. ET, the Recognized Loss per share is the price inflation on the date of purchase/acquisition as provided in Table 1 above *minus* the price inflation on the date of sale as provided in Table 1 above.

    b.   that was sold during the period May 5, 2021, at 9:57 a.m. ET, through August 2, 2021, inclusive, the Recognized Loss per share is *the lesser* of:

        i.   the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

        ii.  the purchase price minus the "90-Day Lookback Value" on the date of sale, which is provided in Table 2 below.

    c.   that was still held as of the close of trading on August 2, 2021, the Recognized Loss per share is the *lesser* of:

        i.   the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

        ii.  the purchase price minus the average closing price for the Common Stock during the 90-Day Lookback Period, which is $110.40.

II.  For each share of Peloton Common Stock purchased or otherwise acquired after May 5, 2021, at 9:57 a.m. ET, the Recognized Loss per share is $0.00.

---

[5] The alleged disclosure of information, which allegedly corrected a misleading statement or omission on March 18, 2021, occurred at approximately 12:52 p.m. Purchases and sales of Peloton Common Stock on March 18, 2021 at a price above $105.00 shall be considered to have occurred prior to the alleged corrective disclosure that day, at $22.84 per-share price inflation. Purchases and sales of Peloton Common Stock on March 18, 2021 at a price equal to or below $105.00 shall be considered to have occurred after the alleged corrective disclosure that day, at $19.71 per-share price inflation.

[6] The alleged disclosure of information which allegedly corrected a misleading statement or omission on May 5, 2021, occurred at approximately 9:57 a.m. Purchases and sales of Peloton Common Stock on May 5, 2021 at a price above $94.00 shall be considered to have occurred prior to the alleged corrective disclosure that day, at $13.23 per-share price inflation. Purchases and sales of Peloton Common Stock on May 5, 2021 at a price equal to or below $94.00 shall be considered to have occurred after the alleged corrective disclosure that day, at $0.00 per-share price inflation.

AJ85911 v.06

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 5/5/2021 | $82.62 | 6/4/2021 | $97.82 | 7/6/2021 | $106.25 |
| 5/6/2021 | $83.20 | 6/7/2021 | $98.34 | 7/7/2021 | $106.65 |
| 5/7/2021 | $83.40 | 6/8/2021 | $98.81 | 7/8/2021 | $107.03 |
| 5/10/2021 | $84.43 | 6/9/2021 | $99.14 | 7/9/2021 | $107.27 |
| 5/11/2021 | $85.74 | 6/10/2021 | $99.40 | 7/12/2021 | $107.55 |
| 5/12/2021 | $86.34 | 6/11/2021 | $99.91 | 7/13/2021 | $107.80 |
| 5/13/2021 | $87.62 | 6/14/2021 | $100.35 | 7/14/2021 | $107.92 |
| 5/14/2021 | $88.74 | 6/15/2021 | $100.54 | 7/15/2021 | $107.98 |
| 5/17/2021 | $89.14 | 6/16/2021 | $100.70 | 7/16/2021 | $108.03 |
| 5/18/2021 | $89.74 | 6/17/2021 | $100.96 | 7/19/2021 | $108.23 |
| 5/19/2021 | $90.36 | 6/18/2021 | $101.21 | 7/20/2021 | $108.57 |
| 5/20/2021 | $91.20 | 6/21/2021 | $101.42 | 7/21/2021 | $108.90 |
| 5/21/2021 | $91.95 | 6/22/2021 | $101.88 | 7/22/2021 | $109.10 |
| 5/24/2021 | $92.61 | 6/23/2021 | $102.33 | 7/23/2021 | $109.32 |
| 5/25/2021 | $93.06 | 6/24/2021 | $102.87 | 7/26/2021 | $109.56 |
| 5/26/2021 | $94.09 | 6/25/2021 | $103.38 | 7/27/2021 | $109.76 |
| 5/27/2021 | $95.18 | 6/28/2021 | $104.00 | 7/28/2021 | $109.97 |
| 5/28/2021 | $96.02 | 6/29/2021 | $104.55 | 7/29/2021 | $110.10 |
| 6/1/2021 | $96.70 | 6/30/2021 | $105.04 | 7/30/2021 | $110.23 |
| 6/2/2021 | $97.29 | 7/1/2021 | $105.46 | 8/2/2021 | $110.40 |
| 6/3/2021 | $97.57 | 7/2/2021 | $105.84 | N/A | N/A |

**Calculation of Recognized Loss Per Peloton Call Option**

The Recognized Loss shall be $0.00 for each Peloton Call Option that was not held on at least one of the Corrective Disclosure Dates as defined above. For all other Peloton Call Options purchased or otherwise acquired during the Settlement Class Period and held on at least one of the Corrective Disclosure Dates, the Recognized Loss per option shall be calculated as follows:

I.    For each Peloton Call Option that was sold prior to May 5, 2021, the Recognized Loss is the purchase price *minus* the sale price.

II.   For each Peloton Call Option exercised prior to May 5, 2021, the Recognized Loss is the purchase price *minus* the intrinsic value of the Peloton Call Option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Common Stock on the date of exercise *minus* the strike price of the option.

III.  For each Peloton Call Option that expired unexercised prior to May 5, 2021, the Recognized Loss is equal to the purchase price.

IV.   For each Peloton Call Option that was still held as of May 5, 2021, the Recognized Loss is the purchase price *minus* the intrinsic value of the Peloton Call Option as of the close of trading on May 5, 2021, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $82.62[7] *minus* the strike price of the option.

No Recognized Loss shall be calculated based upon purchase or acquisition of any Peloton Call Option that had been previously sold or written.

---

[7] $82.62 is the closing price of the Common Stock on May 5, 2021.

**Calculation of Recognized Loss Per Peloton Put Option**

The Recognized Loss shall be $0.00 for each Peloton Put Option that was not open (*i.e.*, not outstanding) on at least one of the Corrective Disclosure Dates as defined above. For all other Peloton Put Options sold (*i.e.*, written) during the Settlement Class Period and open on at least one of the Corrective Disclosure Dates, the Recognized Loss per option shall be calculated as follows:

I.    For each Peloton put option that was subsequently purchased prior to May 5, 2021, the Recognized Loss is the purchase price *minus* the sale price.

II.    For each Peloton put option that was subsequently exercised (*i.e.*, assigned) prior to May 5, 2021, the Recognized Loss is the intrinsic value of the Peloton put option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of the common stock on the date of exercise.

III.    For each Peloton put option that expired unexercised prior to the May 5, 2021, the Recognized Loss shall be $0.00.

IV.    For each Peloton put option that was still open as of May 5, 2021, the Recognized Loss is the intrinsic value of the Peloton put option as of the close of trading on May 5, 2021 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $82.62.

No Recognized Loss shall be calculated based upon the sale or writing of any Peloton Put Option that had been previously purchased or acquired.

<u>Maximum Recovery for Options</u>: Settlement proceeds available for Peloton Call Options purchased during the Settlement Class Period and Peloton Put Options written during the Settlement Class Period shall be limited to a total amount equal to 3.0% of the Net Settlement Fund.[8]

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of a Peloton Security shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired a Peloton Security during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that a Peloton Security was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of a Peloton Security during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of a Peloton Security.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Peloton Securities held as of the close of trading on September 10, 2020 (the last day before the Settlement Class Period begins) and then against the purchases of like Peloton Securities during the Settlement Class Period beginning with the earliest purchase during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Peloton Common Stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

---

[8] Peloton Call and Put Option trading accounted for less than 3.0% of total dollar trading volume for Peloton Securities during the Settlement Class Period. As such, claims for Peloton Call and Put Option transactions are allotted 3.0% of the Net Fund Settlement Fund pursuant to the Plan of Allocation.

With respect to Peloton Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the strike price of the option. Any Recognized Loss arising from purchases of Peloton Common Stock acquired during the Settlement Class Period through the exercise of an option on Peloton Common Stock[9] shall be computed as provided for other purchases of Peloton Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

The Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Peloton securities between September 11, 2020 and May 5, 2021 for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, YOU MUST EITHER: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names, addresses, and email addresses (to the extent known) to the Claims Administrator. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re Peloton Interactive, Inc. Securities Litigation*
Epiq Systems, Inc.
PO Box 2915
Portland, OR 97208-2915

Dated: March 13, 2024

---

[9] Including (1) purchases of Peloton Common Stock as the result of the exercise of a call option, and (2) purchases of Peloton Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

AJ85914 v.06

*Peloton Interactive Securities Litigation*
Epiq Systems, Inc.
PO Box 2915
Portland, OR 97208-2915

**PROOF OF CLAIM AND RELEASE FORM**

This Proof of Claim and Release form ("Claim Form") applies to Persons who purchased or otherwise acquired Peloton's securities between September 11, 2020 and May 5, 2021, inclusive, and who suffered damages thereby. [1]

## I.    GENERAL INSTRUCTIONS

1.  To recover as a Member of the Settlement Class based on your claims in the action entitled *In re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.) (the "Action"), you must complete and, on page 10 hereof, sign this Claim Form. If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) this Claim Form along with the requested supporting documentation, your claims may be rejected and you may not receive any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

2.  Submission of this Claim Form, however, does not assure that you will share in proceeds of the Settlement of the Action.

3.  YOU MUST SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM AND THE SUPPORTING DOCUMENTS REQUESTED HEREIN NO LATER THAN **MAY 21, 2024**, TO THE CLAIMS ADMINISTRATOR, BY ONE OF THE FOLLOWING METHODS:

    Electronically at www.PelotonSecuritiesSettlement.com

    Via email to Info@PelotonSecuritiesSettlement.com

    By mail to (postmarked by May 21, 2024):

    *In re Peloton Interactive Securities Litigation*
    Epiq Systems, Inc.
    PO Box 2915
    Portland, OR 97208-2915

If you are NOT a member of the Settlement Class (as defined in the Notice), DO NOT submit a Proof of Claim form. Also, NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT OF LESS THAN $10.00 WILL **NOT** BE PAID.

4.  If you are a member of the Settlement Class and you did not timely request exclusion from the Settlement Class, you will be bound by the terms of any judgment entered in the Action, including the releases provided herein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.    CLAIMANT IDENTIFICATION

You are a Settlement Class Member if you purchased or otherwise acquired Peloton publicly traded common stock or call options, or sold (wrote) Peloton publicly traded put options, between September 11, 2020 and May 5, 2021, inclusive, and suffered damages thereby. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of Peloton; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Peloton and the directors and officers of Peloton and their respective subsidiaries and affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

If you purchased or otherwise acquired Peloton securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, and the third party is the record purchaser.

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation and Agreement of Settlement dated April 17, 2023 (the "Stipulation").

Use Part I of this form entitled "Claimant Information" to identify yourself and each owner of record ("nominee") if different from the beneficial owner of the Peloton securities that form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE PELOTON SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim *and* their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a signed Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at info@PelotonSecuritiesSettlement.com or visit their website at www.PelotonSecuritiesSettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Peloton Common Stock," to supply all required details of your transaction(s) in Peloton publicly traded common stock. Use Part III of this form entitled "Schedule of Transactions in Peloton Call Option Contracts" to supply all required details of your transaction(s) in Peloton publicly traded call options. Use Part IV of this form entitled "Schedule of Transactions in Peloton Put Option Contracts" to supply all required details of your transaction(s) in Peloton publicly traded put options. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all the requested information with respect to: (1) all of your transactions in Peloton publicly traded common stock that took place between September 11, 2020 and August 2, 2021, inclusive; (2) all of your transactions in Peloton publicly traded call and put options that took place between September 11, 2020 and May 5, 2021, inclusive; (3) the number of shares of Peloton publicly traded common stock and call options that you held, and put options that you wrote that were still outstanding, at the opening of trading on September 11, 2020; (4) the number of shares of Peloton publicly traded common stock that you held at the close of trading on August 2, 2021; and (5) the number of Peloton publicly traded call options that you held, and put options that you wrote that were still outstanding, at the close of trading on May 5, 2021. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Peloton publicly traded common stock. The date of a "short sale" is deemed to be the date of sale of Peloton publicly traded common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmations slips, stockbroker statements, or other documents adequately evidencing your transactions in Peloton publicly traded common stock and/or options. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**PELOTON INTERACTIVE, INC. SECURITIES LITIGATION**

**PART I. CLAIMANT INFORMATION**

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City    State    ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)    Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual          ☐ IRA/401K          ☐ Estate

☐ Joint               ☐ Pension Plan      ☐ Trust

☐ Corporation         ☐ Other _____ (please specify)

03-CA40064971
AJ8603 v.05                                    3

## PART II. SCHEDULE OF TRANSACTIONS IN PELOTON COMMON STOCK

**Beginning Holdings:**

A. State the total number of shares of Peloton publicly traded common stock owned at the opening of trading on September 11, 2020, long or short *(must be documented)*:

**Purchases:**

B. Separately list each and every share you purchased or acquired of Peloton publicly traded common stock during the period from **September 11, 2020 to August 2, 2021, inclusive,** and provide the following information *(must be documented)*:

| Purchase Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C. Separately list each and every sale of Peloton publicly traded common stock during the period between September 11, 2020 and August 2, 2021, inclusive, and provide the following information *(must be documented)*:

| Sale Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price per Share | Total Proceeds (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D. State the total number of shares of Peloton publicly traded common stock owned at the close of trading on August 2, 2021, long or short *(must be documented)*:

# PART III. SCHEDULE OF TRANSACTIONS IN PELOTON CALL OPTION CONTRACTS

**Beginning Holdings:**

A. Separately list all positions in Peloton Call Option contracts in which you had an open interest as of the opening of trading on September 11, 2020 *(must be documented)*:

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Options Class Symbol | Purchase Price Per Contract | Number of Call Option Contracts in Which You Had an Open Interest (including any short Holdings) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Purchases:**

B. Separately list each and every purchase/acquisition (including free receipts) of Peloton Call Option contracts during the period from **September 11, 2020 to May 5, 2021, inclusive,** and provide the following information *(must be documented)*:

| Purchase or Acquisition Date (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Options Class Symbol | Number of Call Options Contracts Purchased/ Acquired | [X]Expired [E]xercised | Purchase Price Per Contract | Exercised Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Sales:**

C. Separately list each and every sale/disposition (including free deliveries) of Peloton Call Option contracts during the period between September 11, 2020 and May 5, 2021, inclusive, and provide the following information *(must be documented)*:

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Options Class Symbol | Sale Price Per Contract | Number of Call Option Contracts Sold |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Case 1:21-cv-02369-CBA-PK   Document 98-3   Filed 04/24/24   Page 21 of 26 PageID #: 1936

Case 1:21-cv-02369-CBA-PK   Document 98-3   Filed 04/24/24   Page 22 of 26 PageID #: 1937

**Ending Holdings:**

D. Separately list all positions in Peloton Call Option contracts in which you had an open interest as of the close of trading on May 5, 2021, long or short *(must be documented)*:

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Options Class Symbol | Price Per Contract | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|---|
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |

## PART IV. SCHEDULE OF TRANSACTIONS IN PELOTON PUT OPTION CONTRACTS

**Beginning Holdings:**

A. Separately list all positions in Peloton Put Option contracts in which you had an open interest as of the opening of trading on September 11, 2020, long or short *(must be documented)*:

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Options Class Symbol | Purchase Price Per Contract | Number of Put Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|---|
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |
| □□□□ • □□ | □□ □□ □□□□ | □□□□□ | □□□□ • □□ | □□□□□ |

Case 1:21-cv-02369-CBA-PK    Document 98-3    Filed 04/24/24    Page 23 of 26 PageID #: 1938

**Sales:**

B. Separately list each and every sale (writing) (including free deliveries) of Peloton Put Option contracts during the period from **September 11, 2020 to May 5, 2021, inclusive,** and provide the following information *(must be documented)*:

| Date of Writing/Sale (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Options Class Symbol | Number of Put Option Contracts Sold (Written) | [X]Expired [A]ssigned | Sale Price Per Contract | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Purchases:**

C. Separately list each and every purchase/acquisition (including free receipts) of Peloton Put Option contracts during the period between September 11, 2020 and May 5, 2021, inclusive, and provide the following information *(must be documented)*:

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date (Month/Day/Year) | Options Class Symbol | Price Per Contract | Number of Put Option Contracts Purchased/Acquired |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Ending Holdings:**

D. Separately list all positions in Peloton Put Option contracts in which you had an open interest at the close of trading on May 5, 2021 *(must be documented)*:

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Options Class Symbol | Price Per Contract | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL NOT BE PAID.

**YOU MUST READ THE RELEASE AND SIGN BELOW. FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

07-CA40064971
AJ8607 v.05

7

## PART V. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

Social Security Number (for individuals)  □□□ – □□ – □□□□    **or**    Taxpayer Identification Number (for estates, trusts, corporations, etc.)  □□ – □□□□□□□

## PART VI. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the Court, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Peloton publicly traded common stock during the relevant period and know of no other person having done so on my (our) behalf).

## PART VII. RELEASES

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Releasees as provided in the Stipulation of Settlement.

2.  "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

3.  "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, which Defendants will release as against Plaintiffs' Releasees upon the Effective Date. Released Defendants' Claims shall not include: (1) any claims relating to the enforcement of the Settlement; or (2) any claims against any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

4.  "Released Plaintiffs' Claims" means all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or Unknown Claims, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants or any of the Defendants' Releasees that (i) arise out of or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Action or in any of the prior complaints, or (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Peloton securities during the Class Period. For the avoidance of doubt, Released Plaintiffs' Claims include, but are not limited to, any claims under the Securities Act of 1933 or the Securities Exchange Act of 1934, or the securities laws of any state or territory. The following claims are explicitly excluded from release: (1) all claims related to the enforcement of the Settlement; (2) asserted derivatively purportedly on behalf of Peloton in *In re Peloton Interactive, Inc. Derivative Litigation*, Case No. 1:21-cv-02862-CBA-PK (E.D.N.Y), *In re Peloton Interactive, Inc. Stockholder Derivative Litigation*, Case No. 2022-1051-KSJM (Del. Ch.), or *Manzella v. Cortese, et al.*, Case No. 2023-0224-KSJM (Del. Ch.) (together, the "Derivative Actions"); (3) asserted by plaintiff in its June 25, 2022 complaint filed in *Robeco Capital Growth Funds v. Peloton Interactive, Inc.*, Case No. 21-cv-9582 (S.D.N.Y.) ("SDNY Action"), or any amended complaint properly filed in the SDNY Action in which that plaintiff asserts allegations that are substantially similar to those made in the June 25, 2022 complaint; or (4) any claims of any person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Court. Nothing in this Settlement shall waive any arguments or defenses Defendants may assert in, in connection with, or otherwise related to any other litigation or matter, including, but not limited to, the Derivative Actions or the SDNY Action.

5. "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

6. "Defendants' Releasees" means Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current, former, or future parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, shareholders, owners, members, contractors, subcontractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, co-insurers or insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

7. "Plaintiffs' Releasees" means (i) Lead Plaintiff, his attorneys, and all other Settlement Class Members; (ii) affiliates, current and former parents, subsidiaries, successors, predecessors, assigns, executors, administrators, representatives, attorneys, and agents of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

8. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff, other Settlement Class Members, Defendants, or any of Defendants' Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

9. These releases shall be of no force or effect unless and until the Court approves the Stipulation and the settlement becomes effective on the Effective Date.

10. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

11. I (We) hereby warrant and represent that I (we) have included all the information requested (including supporting documentation) about all of my (our) transactions and positions in Peloton publicly traded common stock, call options and put options between September 11, 2020 and August 2, 2021, inclusive. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

12. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

<div style="border:1px solid"></div>

Signature

<div style="border:1px solid"></div>

Signature

<div style="border:1px solid"></div>

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐  Check here if proof of authority to file is enclosed. (See explanation in II. Claimant Identification)

Executed this _____ day of _____
               [Day]                       [Month/year]

**THE CLAIM FORM AND SUPPORTING DOCUMENTATION MUST BE SUBMITTED ON OR BEFORE MAY 21, 2024, TO THE CLAIMS ADMINISTRATOR BY ONE OF THE FOLLOWING METHODS:**

Electronically at www.PelotonSecuritiesSettlement.com

Via email to Info@PelotonSecuritiesSettlement.com

By mail to (postmarked no later than May 21, 2024):

*In re Peloton Interactive Securities Litigation*
Epiq Systems, Inc.
PO Box 2915
Portland, OR 97208-2915

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by **MAY 21, 2024,** and if a postmark is indicated on the envelope and it is mailed and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

- Please be sure to sign this Claim Form on page 10. If this Claim Form is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach supporting documents. Do NOT send originals of stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Claim Form or any supporting documents.

- If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address.