**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PELOTON INTERACTIVE, INC., SECURITIES LITIGATION | Case No. 1:21-cv-02369(CBA)(PK) <br><br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AN AWARD TO LEAD PLAINTIFF**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT.................................................................................................................................... 2

I.      THE NOTICE PROGRAM TO DATE ................................................................................ 2

II.     THE CLASS'S REACTION FURTHER SUPPORTS APPROVAL OF THE
        SETTLEMENT AND THE PLAN OF ALLOCATION ...................................................... 3

III.    THE CLASS'S REACTION SUPPORTS APPROVAL OF THE FEE MOTION............ 5

CONCLUSION................................................................................................................................. 5

Pursuant to Rule 23(e),[1] Lead Plaintiff Richard Neswick ("Plaintiff" or "Neswick"), on behalf of himself and the Class, and Lead Counsel Faruqi & Faruqi, LLP, respectfully submits this reply memorandum of law in support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Final Approval Motion") (ECF No. 93) and Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Lead Plaintiff ("Fee Motion") (ECF No. 95) (collectively, the "Motions").  This reply is supported by the Supplemental Declaration of Melissa Mejia Regarding (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion ("Mejia Supplemental Declaration" or "Mejia Suppl. Decl."), submitted herewith.

## INTRODUCTION

Plaintiff and Lead Counsel are pleased to advise the Court of the positive reaction to the proposed Settlement, Plan of Allocation, and the Fee Motion.  Courts have uniformly recognized that a class's reaction is a significant factor for the Court to consider when evaluating whether the proposed settlement and plan of allocation are fair, adequate, and reasonable, and whether the requested attorneys' fees, expenses, and an award for the plaintiff are fair and reasonable. Following an extensive notice program, which included the mailing of 301,601 copies of the Postcard Notice to potential Class members and nominees, no one has objected to the Settlement, Plan of Allocation, or the Fee Motion, and only 3 valid requests for exclusion have been received.

Plaintiff and Lead Counsel respectfully submit that the class's reaction provides further

---

[1]    Unless otherwise noted, the following conventions are used herein: (a) all emphases are added; (b) all internal citations and quotation marks are omitted; (c) all capitalized terms, abbreviations and acronyms have the meaning ascribed to them in the Stipulation of Settlement dated April 17, 2023 ("Stipulation") (ECF No. 80); (d) all references to "Rule(s)" refers to the Federal Rules of Civil Procedure; and (e) "Wilson Declaration" or "Wilson Decl." refers to the Declaration of James M. Wilson, Jr. in support of this motion, filed concurrently herewith.

support for the Motions, which are unopposed by Defendants.

ARGUMENT

I.      THE NOTICE PROGRAM TO DATE

As detailed in the Final Approval Motion, the notice program approved by the Court was implemented and satisfies the requirements of Rule 23, the PSLRA, and due process. *See* ECF No. 94 (Memorandum of Law in Support of Final Approval Motion ("Final Approval Brief") at 23-24.

Pursuant to the Preliminary Approval Order ("PA Order", ECF No. 91), 301,601 copies of the Postcard Notice were mailed to potential Class Members and nominees beginning on March 13, 2024. *See* Mailing Decl.[2] ¶12; Mejia Suppl. Decl. ¶3. On February 21, 2024, the Notice of Pendency ("Notice") and Claim Form were posted on the website, www.pelotonsecuritiessettlement.com. Mailing Decl. ¶18. The Summary Notice was published in *Investor's Business Daily* on March 4, 2024 and transmitted over *Globe Newswire* on March 6, 2024. *Id.* at ¶¶5-6. The Claims Administrator also set up a toll-free telephone number for the Claims Administrator to answer any questions or concerns. *Id.* at ¶20.

Pursuant to the schedule set forth in the Preliminary Approval Order, Plaintiff and Lead Counsel filed their opening papers in support of the Motions on April 24, 2024. *See* ECF Nos. 93-98. Thereafter, Lead Counsel continued to communicate with the Claims Administrator regarding the notice program's progress. As of June 10, 2024, the Claims Administrator has received 26,036 Claim Forms. Mejia Suppl. Decl. ¶12. The number of claims submitted will likely increase, as there are often late claims submitted. Lead Counsel has the discretion to

---

[2]      "Mailing Decl." refers to the Declaration of Melissa Mejia Regarding (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion. ECF No. 98.

accept late claims and will submit them to the Court for approval in connection with the motion for approval of the distribution of the Net Settlement Fund to Class Members as long as processing the late claims does not materially delay distribution.  *See* PA Order at 25-26 ¶15.

## II.    THE CLASS'S REACTION FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION

It is "well-settled that the reaction of the class to a settlement is considered perhaps the most significant factor to be weighed in considering its adequacy." *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007).  In gauging the class's reaction, courts consider any objections to the settlement and any exclusion requests filed.  *See In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 2019 WL 6875472, at *17 (E.D.N.Y. Dec. 16, 2019).

The deadlines to file any objection to the Motions was May 30, 2024.  PA Order at 26-27 ¶19.  ***No objections to any aspect of the Settlement, Plan of Allocation, or the Fee Motion were received***.  *See* Mejia Suppl. Decl. ¶11.   The absence of objections strongly supports final approval.  *See In re Virtus Inv. Partners, Inc. Sec. Litig.*, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("Here, no class members object, which strongly favors approval.").

There was also a low number of exclusion requests (due May 29, 2024) in this Action.  As noted in the Final Approval Brief, the requests for exclusion submitted by Pratyush Mishra ("Mishra") and Bradford Neumann ("Neumann") appeared at the time to be invalid because Mishra did not purchase or acquire any Peloton securities during the Class Period, and Neumann suffered no losses on his Peloton options transactions.  ECF No. 94 at 17-18.  Accordingly, neither fit within the Class, which is defined as "all persons or entities who purchased or otherwise acquired Peloton securities from September 11, 2020 to May 5, 2021, inclusive, and ***were damaged thereby***."  PA Order at 22 ¶2.  Upon further review, Lead Counsel stands by that

initial assessment.  Specifically, Mishra purchased Peloton shares on June 12, 2020, June 24, 2020, July 9, 2020 and September 8, 2020, all before the Class Period.  *See* ECF No. 98-4 at 17-18 (ECF pagination).  Neumann acquired a Peloton call option on October 23, 2020.  *Id.* at 29, 37.  He sold to open the call, meaning that he created a new short position in that particular option.  *Id.* On November 13, 2020, the call expired worthless and Neumann kept the proceeds from the sale, resulting in a gain of $449.43.  *Id.*  Neumann acquired another Peloton call option on December 15, 2020 by selling to open the call.  *Id.* at 29, 64.  On January 15, 2021, the call option was exercised, giving Bradford the right to sell 100 Peloton shares at $145, which was tied to Peloton stock purchased on September 4, 2020, before the Class Period.  *Id.*  The sale resulted in a gain of $7,342.12, and Neumann received an additional $374.44 from the proceeds of the call option.  *Id.*  Thus, Neumann is not a Class Member because he suffered no damages on his Class Period acquisitions.

After the Motions were filed, Veronica Davis ("Davis"), Kent Yukumoto ("Yukumoto"), Ana Vitrano ("Vitrano"), and Jenny Wu and Mitchell Lazris ("Wu and Lazris") requested exclusion.  *See* Wilson Decl., Exs. A-D.  Like Neumann, Davis had only gains on her Class Period purchases and is therefore not a Class Member because she was not "damaged thereby." Specifically, Davis bought 14 shares during the Class Period for $82-105 per share, and either sold them on July 21, 2021 for $127 per share, or held them through the 90-day period following the Class Period, which also results in a gain because her shares would be valued at $110.40 per share under the PSLRA (*i.e.*, more than she bought them for).  *See* Ex. A; 15 U.S.C. §78u-4(e)(1).  Thus, Lead Counsel recommends that Davis's request for exclusion be rejected. Yukumoto, Vitrano, and Wu and Lazris, however, are appropriately excluded from the Class.

The fact that only 6 requests for exclusion—three of which are invalid—have been

submitted in response to the mailing of 301,601 Postcard Notices, further supports approval. *See Chen-Oster v. Goldman Sachs & Co.*, 2023 WL 7325264, at *4 (S.D.N.Y. Nov. 7, 2023) (finding the Class's response supports approval where "out of the approximately 2,845 Class Members, [16] have opted out . . . and only one has objected to the Settlement").

## III.    THE CLASS'S REACTION SUPPORTS APPROVAL OF THE FEE MOTION

The Postcard Notice and Notice informed Class Members that Lead Counsel would apply for an award of attorneys' fees of 28% of the Settlement Fund, reimbursement of expenses up to $100,000, and an award for Plaintiff not to exceed $5,000. *See* ECF Nos. 98-2, 98-3. They also informed Class Members of their right to object to the Fee Motion and the May 30, 2024 deadline for submitting such objections. *See id.* On April 24, 2024, Lead Counsel filed the Fee Motion seeking 28% in attorneys' fees, $88,996.15 in expenses, plus accrued interest, and a $5,000 award for Plaintiff. ECF No. 96. The deadline for objections has passed and no objections to the Fee Motion have been received.

The lack of objections to the Fee Motion weighs strongly in favor of approval. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *21 (S.D.N.Y. July 21, 2020) (finding that "[t]he absence of any objections to the requested" fees and expenses "supports a finding that the request is fair and reasonable[,]" and collecting cases).

## CONCLUSION

Plaintiff believes that the settlement in this case represents a good result for the class, and the requested attorney's fees are fair and reasonable. The fact that there were no objections whatsoever by Class Members to either motion weighs strongly in favor of approval.

Plaintiff and Lead Counsel respectfully request that the Court grant the Motions.

Dated: June 12, 2024                                 Respectfully submitted,

                                                    By:    */s/ James M. Wilson, Jr.*

James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com
            rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff and Lead Counsel for the putative Class*

6