UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
:
:
:
IN RE PELOTON INTERACTIVE, INC.      :   **DECISION AND ORDER**
SECURITIES LITIGATION                :
:   21-CV-2369 (CBA)(PK)
:
:
:
:
:
---------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Lead Plaintiff Richard Neswick has filed an unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion," Dkt. 93) and Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Lead Plaintiff (the "Fees Motion," Dkt. 95, and together with the Final Approval Motion, the "Motions"). The Court previously granted the parties' Motion for Preliminary Approval of Class Action Settlement. ("Preliminary Approval Order," Dkt. 91.) The parties have consented to my jurisdiction for consideration of the Motions. (Dkts. 103–104.) For the reasons stated below, the Motions are granted.

## BACKGROUND AND PROCEDURAL HISTORY

The Court assumes familiarity with the underlying facts in this action as set forth in the Court's Preliminary Approval Order. (*See* Dkt. 91.) This action alleges violations of federal securities laws against Peloton Interactive, Inc. ("Peloton"), John Foley, Jill Woodworth, Hisao Kushi, and Brad Olson ("Individual Defendants" and collectively, "Defendants") on behalf of a Settlement Class consisting of purchasers of Peloton securities between September 11, 2020 and May 5, 2021. (Amended Complaint ¶ 1, Dkt. 45; Preliminary Approval Order at 2.) The Court previously appointed Richard Neswick as class representative ("Lead Plaintiff") and Faruqi & Faruqi, LLP as class counsel

1

("Lead Counsel"). (November 16, 2021 Order.) The parties negotiated and executed a proposed settlement agreement, dated April 17, 2023, with a total settlement amount of $13,950,000.00. ("Settlement Agreement" ¶ 1-uu, Dkt. 80.)

On February 21, 2024, the Court preliminarily approved the parties' proposed class settlement, finding that it would likely be able to approve the proposed settlement as fair, reasonable, and adequate. (Preliminary Approval Order at 21.) The Preliminary Approval Order certified a class for settlement purposes only ("Settlement Class"), approved the Postcard Notice (Dkt. 98-2) and Notice Packet comprised of a Notice and Claim Form (Dkt. 98-3), and approved the contemplated notice distribution process. (Preliminary Approval Order at 24.) The Court authorized Epiq Systems, Inc. ("Epiq") to act as the claims administrator for the class settlement and issue the Notice Packet to Settlement Class members. (*Id.* at 24–25.)

On April 24, 2024, Lead Plaintiff filed the Final Approval Motion, attaching the following supporting documentation: a memorandum of law in support of the Final Approval Motion ("Final Approval Mem.," Dkt. 94), an attorney declaration from Lead Counsel ("Wilson Decl.," Dkt. 97), and a declaration by a representative of Epiq ("Mejia Decl.," Dkt. 98). The declaration submitted by Epiq confirmed that the proposed notice program had been carried out pursuant to the Preliminary Approval Order. (*See generally* Mejia Decl.) Concurrently with the filing of the Final Approval Motion, Lead Counsel filed the Fees Motion and a memorandum of law in support of the requested fees ("Fees Mem.," Dkt. 96).

The Motions seek entry of a final judgment and order approving the proposed $13,950,000.00 class-wide settlement, awarding attorneys' fees in the amount of $3,906,000.00 and expenses in the amount of $88,996.15, plus accrued interest, and awarding Lead Plaintiff $5,000.00 for his service as representative of the Settlement Class. (Fees Mem. at 1.)

On June 12, 2024, Lead Plaintiff filed a Reply in further support of the Motions ("Reply Mem.," Dkt. 100) and additional supporting documentation. (*See* "Wilson Suppl. Decl.," Dkt. 101; "Mejia Suppl. Decl.," Dkt. 99.)

The Final Approval Motion is unopposed, and Defendants do not object to the requests for attorneys' fees, costs, or service payments. The Court held a final settlement approval hearing on June 20, 2024. No Settlement Class member objected to the settlement at or before the hearing. Following the hearing, Epiq filed another supplemental declaration on June 27, 2024 to update the Court with the number of claim forms submitted. ("Mejia Second Suppl. Decl.," Dkt. 105.) As of June 26, 2024, Epiq had received 150,082 claim forms, requests for exclusion by seven individuals, and no objections. (Mejia Suppl. Decl. ¶ 10; Mejia Second Suppl. Decl. ¶ 3.)

Having considered the Final Approval Motion, the supporting declarations, the arguments presented at the June 20, 2024 hearing, and the complete record in this matter, for good cause shown, the Court: (i) grants final approval of the settlement as memorialized in the Settlement Agreement; (ii) approves a service award to the Lead Plaintiff in the amount of $5,000.00; and (iii) approves an award of attorneys' fees and costs in the amounts of $3,906,000.00 and $88,996.15, respectively, plus accrued interest.

A final judgment and order is entered as follows:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Following the distribution of the Notice Packet to the potential Settlement Class, and now having had an opportunity to consider the Settlement Class's reaction to the proposed settlement, the Court grants final approval of the proposed class action settlement and the Settlement Agreement, "so orders" all of its terms, and incorporates by reference the definitions in the Settlement Agreement, and all exhibits, addendums, stipulations, and schedules thereto.

2. The Settlement Agreement provides that, in exchange for payment of a Settlement Amount of $13,950,000.00, the Settlement Class shall release Defendants from claims and causes of action relating to the allegations in this action, as fully described in Section 1-qq of the Settlement Agreement. (Settlement Agreement ¶¶ 1-qq, 1-uu, 9.) The Settlement Agreement also provides that the Settlement Amount, plus all interest earned (the "Settlement Fund") (*id.* ¶ 1-xx), will be used to pay taxes, notice and settlement administration expenses, attorneys' fees and expenses, and any other costs and fees approved by the Court. (*Id.* ¶ 12.)

3. As previously addressed by the Court when it granted preliminary certification of the Settlement Class, the Court finds that the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Civil Procedure 23(a), and the predominance and superiority requirements of Rule 23(b)(3), have been met, warranting class certification for purposes of effectuating settlement. (*See* Preliminary Approval Order at 12.)

4. The Court grants final certification to the following Settlement Class for settlement purposes pursuant to Rule 23(e): "all persons or entities who purchased or otherwise acquired Peloton securities during the Class Period, and were damaged thereby." (Settlement Agreement ¶ 1-vv.) The "Class Period" is defined as the period between September 11, 2020 to May 5, 2021, inclusive. (*Id.* ¶ 1-i.)

5. The Settlement Class excludes: "(i) Defendants, (ii) current and former officers and directors of Peloton; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Peloton and the directors and officers of Peloton and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; [and] (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties . . . ." (*Id.* ¶ 1-vv.)

6. The Settlement Class also excludes "any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion." (*Id.*) Kent Yukumoto, Ana Vitrano, Jenny Wu, and Mitchell Lazris filed valid and timely requests for exclusion. (*See* Dkts. 101-2, 101-3, 101-4.) Accordingly, these individuals are excluded from the Settlement Class.

7. In preliminarily approving the Settlement Agreement, the Court previously considered the requirements of Fed. R. Civ. P. 23(e)(2), weighed the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F. 2d 448 (2d Cir. 1974), and found that it would likely be able to approve the proposed settlement as fair, reasonable, and adequate. (Preliminary Approval Order at 14.)

8. The Court now finds that Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class pursuant to Rule 23(e)(2)(A), the settlement was reached through arm's length negotiations between experienced counsel pursuant to Rule 23(e)(2)(B), the relief is adequate for the Settlement Class pursuant to Rule 23(e)(2)(C), and the Settlement Class members are treated equitably relative to each other pursuant to Rule 23(e)(2)(D).

9. The Court also finds that the remaining *Grinnell* factors—the stage of the proceedings and the amount of discovery completed, the ability of the Defendants to withstand a greater judgment, the range of reasonableness of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation—weigh in favor of final approval.

10. The only factor the Court could not address in the Preliminary Approval Order was the reaction of the class to the settlement. (Preliminary Approval Order at 20.) With respect to that factor, the response to the settlement has been positive. As of June 27, 2024, the claims administrator, Epiq, had distributed 301,601 Postcard Notices and received 150,082 Claim Forms. (Mejia Second Suppl. Decl. ¶ 3.) Although the Claim Forms are still pending review by Epiq, a participation rate of approximately 49.8% is far above a typical range of class action settlement participation rates.

5

*See* 2 McLaughlin on Class Actions § 6:24 (20th ed.) (observing that claims-made settlements typically have a participation rate in the 10–15 percent range).

11. No Settlement Class member objected to the settlement, and only four individuals submitted valid requests to be excluded from the Settlement Class. (Mejia Second Suppl. Decl. ¶¶ 5–6; *see* Dkts. 101-2, 101-3, 101-4.) The Court notes that Pratyush Mishra, Bradford Neumann, and Veronica Davis also submitted requests for exclusion that were reviewed and determined to be invalid. (*See* Reply Mem. at 4; *see also* Dkts. 98-4, 101-2.) Thus, the reaction of the class to the settlement also weighs in favor of final approval of the Settlement Agreement.

12. Accordingly, because the Rule 23(e)(2) and *Grinnell* factors all weigh in favor of approval, the Court approves the proposed settlement as fair, reasonable, and adequate.

13. The Court finds that sufficient notice of the proposed settlement was given, pursuant to Rule 23(e)(1), to bind all Settlement Class members. The claims administrator distributed the Notice Packet pursuant to the notice program preliminarily approved by the Court, including by mail to nominees and beneficial purchasers, publication of the Summary Notice over *Investor's Business Daily* and *Globe Newswire*, publication of the Notice Packet on the settlement website www.PelotonSecuritiesSettlement.com, and use of a toll-free phone number with pre-recorded information about the settlement. (Mejia Decl. ¶ 4; Preliminary Approval Order at 22.) The Court finds that the Notice and Claim Form were the best notice practicable to allow Settlement Class members a full and fair opportunity to consider the proposed settlement and develop a response, and that the distribution of the Notice and Claim Form was the best reasonable method to reach all Settlement Class members who would be bound by the Settlement Agreement.

14. The Court previously appointed Faruqi & Faruqi, LLP as Lead Counsel (November 16, 2021 Order), and now finds that Faruqi & Faruqi, LLP has satisfied the requirements of Rule 23(a)(4) and fairly and adequately protected the interests of the Settlement Class in this action.

15. Lead Counsel has extensive experience in securities class action litigation and was, therefore, well equipped to have negotiated a fair settlement for the Settlement Class. (*See* Ex. 2 to Wilson Decl.) The Court hereby grants Lead Plaintiff's request for attorneys' fees and costs, and awards Lead Counsel $3,906,000.00 in attorneys' fees, reflecting approximately 28% of the Settlement Amount, plus $88,996.15 for litigation expenses, plus interest earned on that amount at the same rate and for the same period as that earned by the Settlement Fund. (*See* Settlement Agreement ¶¶ 18–20; Fees Mem. at 1.) The Court finds that this award of a percentage of the Settlement Amount is reasonable. The requested award of attorneys' fees represents a multiplier of 2.06 based on the billing summaries submitted by Lead Counsel. (*See* Wilson Decl. ¶ 69; Exs. 3–4 to Wilson Decl.) The fee award is justified by the work that Lead Counsel did conducting the litigation, negotiating the settlement, achieving the ultimate recovery, and by the risk that Lead Counsel undertook in bringing the claims.

16. These amounts of attorneys' fees and litigation expenses shall be paid from the Settlement Fund as specified in the Settlement Agreement.

17. The Court finds the service award of $5,000.00 to Lead Plaintiff Richard Neswick to be reasonable. This amount shall be paid from the Settlement Fund as specified in the Settlement Agreement.

18. The Court dismisses this action with prejudice. The Court retains jurisdiction over the case until all payments have been made by Defendants as provided for in the Settlement Agreement.

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         July 9, 2024

7